# Exhibit 1 – Complaint

# Exhibit 1

Drew J. Ribar
3480 Pershing Ln
Washoe Valley NV 89704
775-223-7899
Const2Audit@gmail.com
Pro Se



# IN THE FIRST JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

## IN AND FOR CARSON CITY

| | |
|---|---|
| DREW J RIBAR,<br><br>　　　Plaintiff,<br><br>vs.<br><br>STATE OF NEVADA EX REL NEVADA DEPARTMENT OF CORRECTIONS, CARSON CITY AND ITS SHERIFFS OFFICE, CARSON CITY DISTRICT ATTORNEYS OFFICE, CARSON CITY MANAGERS OFFICE, FERNANDEIS FRAZIER IN HIS OFFICIAL CAPACITY AS WARDEN OF NORTHERN NEVADA CORRECTIONAL, AARON RYDER IN HIS OFFICIAL CAPACITY AS AN OFFICER OF NEVADA DEPARTMENT OF CORRECTIONS, ROBERT SMITH IN HIS OFFICIAL CAPACITY AS AN OFFICER OF NEVADA DEPARTMENT OF CORRECTIONS, JASON BUENO IN HIS OFFICIAL CAPACITY AS AN OFFICER OF CARSON CITY SHERIFF, SEAN PALAMAR RYDER IN HIS OFFICIAL CAPACITY AS AN OFFICER OF CARSON CITY SHERIFF, TYSON DARIN LEAGUE RYDER IN HIS OFFICIAL CAPACITY AS AN OFFICER OF CARSON CITY DISTRICT ATTORNEY, JAMES DZURENDA (DIRECTOR NEVADA DEPARTMENT OF CORRECTIONS), JASON D WOODBURY (CARSON CITY DISTRICT ATTORNEY), KENNETH T FURLONG IN HIS CAPACITY AS | Case No.: 24OC 00032 1B<br>Dept II<br><br>COMPLAINT<br><br>JURY TRIAL DEMANDED<br><br>(EXEMPT FROM ARBITRATION PER NAR 3(A) DECLARATORY RELIEF REQUESTED)<br><br>OPPRESSION OF CONSTITUIONAL RIGHTS NV CONSTITUTION ART. 1 SEC. 18, ART. 1 SEC. 9, ART 1. SEC 8, ART 1. SEC 6, ART 1. SEC. 1. UNITED STATES CONSTITUTION 1ST AMENDMENT, 4TH AMENDMENT, 5TH AMENDMENT, 8TH AMENDMENT, 14TH AMENDMENT (NRS 197.200/42 USC 1983), RECORDING OF LAW ENFORCEMENT (NRS 171.1233), RECKLESS DRIVING (NRS 484B.653), FALSE IMPRISONMENT (NRS 200.460), BATTERY NRS 200.481, ASSAULT NRS 200.471, COERSCION (NRS 207.190), KIDNAPPING (NRS 200.310), UNLAWFUL TAKING OF VEHICLE (NRS 205.2715), GRAND LARCENY (NRS 205.220), MALICIOUS PROSECUTION (NRS 199.310) |

COMPLAINTJURY TRIAL DEMANDED(EXEMPT FROM ARBITRATION PER NAR 3(A) DECLARATORY RELIEF REQUESTED) OPPRESSION OF CONSTITUIONAL RIGHTS NV CONSTITUTION ART. 1 SEC. 18, ART. 1 SEC. 9, ART 1. SEC 8, ART 1. SEC 6, ART 1. SEC. 1. UNITED STATES CONSTITUTION 1ST AMENDMENT, 4TH AMENDMENT, 5TH AMENDMENT, 8TH AMENDMENT, 14TH AMENDMENT (NRS 197.200/42 USC 1983), RECORDING OF LAW ENFORCEMENT (NRS 171.1233), RECKLESS DRIVING (NRS 484B.653), FALSE IMPRISONMENT (NRS 200.460), BATTERY NRS 200.481, ASSAULT NRS 200.471, COERSCION (NRS 207.190), KIDNAPPING (NRS 200.310), UNLAWFUL TAKING OF VEHICLE (NRS 205.2715), GRAND LARCENY (NRS 205.220), MALICIOUS PROSECUTION (NRS 199.310) - 1

1  SHERIFF CARSON CITY NV,
2  OFFICER/DEPUTY/J. DOE 1-99
3              Defendant

4  COMES NOW, the Plaintiff, Drew J. Ribar, Pro Se. Entering a complaint against Fernandeis

5  Frazier (Warden at Northern Nevada Correctional Center with Nevada Department of

6  Corrections / NDOC on 2022/08/30), Aaron Ryder (Lt. Nevada NDOC), Robert Smith (Sgt.

7  NDOC), Jason Bueno (Deputy Carson City Sheriff's Office / CCSO), Sean Palamar (Deputy

8  CCSO), Tyson Darin League (Supervising Deputy District Attorney Carson City District

9  Attorney's Office), James Dzurenda (Director NDOC), Jason D Woodbury (Carson City District

10 Attorney), Kenneth T Furlong (Sheriff CCSO), Nevada Department of Corrections, Carson City

11 NV and its Sheriff's Office, District Attorney's Office and it's City Manager's Office.

**Demand for Jury Trial**

**Paragraph 1. Jurisdiction**

1. Mr. Ribar is a resident of Washoe Valley, Nevada, and operates a business located in Carson City, Nevada. The Nevada Department of Corrections (NDOC) main office is also located in Carson City, Northern Nevada Correctional Center (location of arrest) operated by NDOC located in Carson City, Carson City Sheriff's office located in Carson City, Carson City District Attorney's office is in Carson City. Because the incident and the individuals involved are all proximate to Carson City, Nevada, the First Judicial Court of Nevada has territorial jurisdiction over this case.

COMPLAINTJURY TRIAL DEMANDED(EXEMPT FROM ARBITRATION PER NAR 3(A) DECLARATORY RELIEF REQUESTED) OPPRESSION OF CONSTITUIONAL RIGHTS NV CONSTITUTION ART. 1 SEC. 18, ART. 1 SEC. 9, ART 1. SEC 8, ART 1. SEC 6, ART 1. SEC. 1. UNITED STATES CONSTITUTION 1ST AMENDMENT, 4TH AMENDMENT, 5TH AMENDMENT, 8TH AMENDMENT, 14TH AMENDMENT (NRS 197.200/42 USC 1983), RECORDING OF LAW ENFORCEMENT (NRS 171.1233), RECKLESS DRIVING (NRS 484B.653), FALSE IMPRISONMENT (NRS 200.460), BATTERY NRS 200.481, ASSAULT NRS 200.471, COERSCION (NRS 207.190), KIDNAPPING (NRS 200.310), UNLAWFUL TAKING OF VEHICLE (NRS 205.2715), GRAND LARCENY (NRS 205.220), MALICIOUS PROSECUTION (NRS 199.310) - 2

2. The Nevada Department of Corrections (NDOC), Carson City Sheriff's Office, Carson City District Attorney's Office and Carson City Nevada are all proper parties to this lawsuit. All these governmental entities have vicarious liability and are responsible for training their employees on the laws they are required to obey, providing employees with clear guidance on their duties and responsibilities. The Defendants should have ensured their employees clearly understood and were trained not only in Nevada law NRS 171.1233 and others but also Fordyce V Seattle and others that has been caselaw throughout the 9th Circuit over 4 decades and affirmed in many other US Courts of Appeals and many State Courts reaffirming Our Constitutional Rights regarding a Free Press, Right to Due Process and Rights to be free of any unwarranted, unlawful and unconstitutional searches or seizures.

3. All individuals named are proper parties to this lawsuit as all took actions or failed to take actions against Mr. Ribar in denying and oppressing his Constitutional Rights and violated laws in the process of this oppression whether by direct action of by lack of action over subordinates when notified of the violations of Rights.

4. This Court has jurisdiction and authority based on Mack V Williams NV Supreme Court decision defining that government employees can be held personally responsible and have no qualified immunity for Constitutional violations.

COMPLAINTJURY TRIAL DEMANDED(EXEMPT FROM ARBITRATION PER NAR 3(A) DECLARATORY RELIEF REQUESTED) OPPRESSION OF CONSTITUIONAL RIGHTS NV CONSTITUTION ART. 1 SEC. 18, ART. 1 SEC. 9, ART 1. SEC 8, ART 1. SEC 6, ART 1. SEC. 1. UNITED STATES CONSTITUTION 1ST AMENDMENT, 4TH AMENDMENT, 5TH AMENDMENT, 8TH AMENDMENT, 14TH AMENDMENT (NRS 197.200/42 USC 1983), RECORDING OF LAW ENFORCEMENT (NRS 171.1233), RECKLESS DRIVING (NRS 484B.653), FALSE IMPRISONMENT (NRS 200.460), BATTERY NRS 200.481, ASSAULT NRS 200.471, COERSCION (NRS 207.190), KIDNAPPING (NRS 200.310), UNLAWFUL TAKING OF VEHICLE (NRS 205.2715), GRAND LARCENY (NRS 205.220), MALICIOUS PROSECUTION (NRS 199.310) - 3

**Paragraph 2. Facts & Cause of Action**

1. On August 30, 2022, plaintiff Drew J Ribar went to Northern Nevada Correctional Center located at 1721 E Snyder Ave. Carson City Nevada and began recording in front of the prison facilities sign on the public road at the corner of Snyder Avenue and the public road leading to the prison's visitor parking lot. After finishing his recording Mr. Ribar got back into his truck and began driving down the public road heading to the prison's visitor center when suddenly from oncoming traffic, a plain, unmarked white van with no emergency lights or any identifying marks crossed over the double line trying to run Mr. Ribar off the road, detaining him. US Const. 4th, 5th, 14th Amend. NV Const. Art 1. Sec. 1., 8., 18., NRS 484B.653 Reckless Driving, NRS 200.460 False Imprisonment.

2. Defendant Lt. Aaron Ryer #10300 who is a "peace officer" NRS 289.220 was driving the van "in willful or wanton disregard of the safety of persons or property on a highway or premises to which the public has access" by crossing the double lines while heading in the opposite direction of travel and blocking Mr. Ribar from traveling down the public right of way and detaining him. Once Mr. Ribar stopped Lt. Ryer identified himself and told Mr. Ribar to "go off property to record" then restated "I need you to film off the property". NV Const Art. 1. Sec. 9., US Const. 1st Amend NRS 171.1233

3. Mr. Ribar was blocked in with his truck, a long wheelbase, extended cab, long bed dually GMC K3500 by Lt. Ryer in his van in front of Mr. Ribar and

COMPLAINT JURY TRIAL DEMANDED (EXEMPT FROM ARBITRATION PER NAR 3(A) DECLARATORY RELIEF REQUESTED) OPPRESSION OF CONSTITUIONAL RIGHTS NV CONSTITUTION ART. 1 SEC. 18, ART. 1 SEC. 9, ART 1. SEC 8, ART 1. SEC 6, ART 1. SEC. 1. UNITED STATES CONSTITUTION 1ST AMENDMENT, 4TH AMENDMENT, 5TH AMENDMENT, 8TH AMENDMENT, 14TH AMENDMENT (NRS 197.200/42 USC 1983), RECORDING OF LAW ENFORCEMENT (NRS 171.1233), RECKLESS DRIVING (NRS 484B.653), FALSE IMPRISONMENT (NRS 200.460), BATTERY NRS 200.481, ASSAULT NRS 200.471, COERSCION (NRS 207.190), KIDNAPPING (NRS 200.310), UNLAWFUL TAKING OF VEHICLE (NRS 205.2715), GRAND LARCENY (NRS 205.220), MALICIOUS PROSECUTION (NRS 199.310) - 4

Officer Doe in a white Jeep behind Mr. Ribar not allowing Mr. Ribar movement of his vehicle in a safe manner, thereby detaining Mr. Ribar depriving him of his liberty. US Constitution 4th & 14th Amendment Nevada Constitution Art. 1, Section 1 & 8.

4. Mr. Ribar then exited his truck and the officers refused to engage in further conversation, with his camera recording to disseminate to the public he walked back to the entrance of the public road to the prison visitor center and crossed Snyder Ave to get a full view of any potential signs that restricted access to the property and there were none. Mr. Ribar then proceeded to walk back to his truck, the temperature was approximately 95 degrees, a very hot day in the sun. When Mr. Ribar returned to his truck he then, on foot, approached Lt. Ryer who was sitting in his van blocking the truck of Mr. Ribar, Lt. Ryer was not communicative so Mr. Ribar informed him he was exercising his Constitutional Rights to film in publicly accessible areas and case law of Fordyce V Seattle 9th Cir. (additional case law Crago v Leonard 9th Cir., Barich v City of Cotati 9th Cir., Glik v Cunniffe 1st Cir., Perkins v Hart 5th Cir., Dewitt v Haney 11th Cir., Irizarry v Yehia 10th Cir., Martin v Goss 1st Cir., etc...).

5. Mr. Ribar then proceeded to walk down the left-hand side of the road heading to the visitor center when Sgt. Robert Smith (also on foot) approached Mr. Ribar blocking Mr. Ribar's path (detaining him yet again) of travel and liberty stating, "We have called the Sheriff Dept.", "Can not have you walking around

COMPLAINTJURY TRIAL DEMANDED(EXEMPT FROM ARBITRATION PER NAR 3(A) DECLARATORY RELIEF REQUESTED) OPPRESSION OF CONSTITUIONAL RIGHTS NV CONSTITUTION ART. 1 SEC. 18, ART. 1 SEC. 9, ART 1. SEC 8, ART 1. SEC 6, ART 1. SEC. 1. UNITED STATES CONSTITUTION 1ST AMENDMENT, 4TH AMENDMENT, 5TH AMENDMENT, 8TH AMENDMENT, 14TH AMENDMENT (NRS 197.200/42 USC 1983), RECORDING OF LAW ENFORCEMENT (NRS 171.1233), RECKLESS DRIVING (NRS 484B.653), FALSE IMPRISONMENT (NRS 200.460), BATTERY NRS 200.481, ASSAULT NRS 200.471, COERSCION (NRS 207.190), KIDNAPPING (NRS 200.310), UNLAWFUL TAKING OF VEHICLE (NRS 205.2715), GRAND LARCENY (NRS 205.220), MALICIOUS PROSECUTION (NRS 199.310) - 5

here filming for safety reasons". NRS 171.1233, NRS 207.190, NV Const Art. 1. Sec. 1 & 9., US Const. 1st 4th & 14th Amend.

6. Mr. Ribar had a conversation with Sgt. Smith when Sgt. Smith states, "this is a public road" and then steps aside to allow Mr. Ribar to make his way down the road into the visitor parking lot when a black man in a blue shirt comes outside stating "you are in an unauthorized position". The man in the blue shirt refused to identify himself (after the arrest he has been identified as Warden Fernandeis Frazier) after being asked multiple times what his name was and refusing a conversation with Mr. Ribar. Within seconds Carson City Sheriff deputies Jason Bueno and Sean Palamar arrived and the man in the blue shirt (Warden Frazier) said that Mr. Ribar was "trespassing" NRS 207.200, and Mr. Ribar was unlawfully arrested (Case No. 22 CR 01231 1C status: **DISMISSED**) without any notice to leave under threat of arrest or Due Process to be trespassed. US Constitution 4th and 5th Amendment, Nevada Constitution Art. 1 Sec. 1& 8., Thomspon V Clark US Supreme Court.

7. Mr. Ribar was handcuffed, his property taken, his body and clothes searched, he was then placed in the back of Deputy Jason Bueno Sheriff patrol vehicle. Deputy Bueno proceeded to roll up all windows, close the center divider with all air conditioning vents in the prisoner compartment closed, depriving Mr. Ribar of any air movement inside the prisoner compartment where Mr. Ribar was locked inside the vehicle on a 95-degree day in full sun on a sweltering hot day. Deputy Beuno spent some time talking to the other government

COMPLAINTJURY TRIAL DEMANDED(EXEMPT FROM ARBITRATION PER NAR 3(A) DECLARATORY RELIEF REQUESTED) OPPRESSION OF CONSTITUIONAL RIGHTS NV CONSTITUTION ART. 1 SEC. 18, ART. 1 SEC. 9, ART 1. SEC. 8, ART 1. SEC 6, ART 1. SEC. 1. UNITED STATES CONSTITUTION 1ST AMENDMENT, 4TH AMENDMENT, 5TH AMENDMENT, 8TH AMENDMENT, 14TH AMENDMENT (NRS 197.200/42 USC 1983), RECORDING OF LAW ENFORCEMENT (NRS 171.1233), RECKLESS DRIVING (NRS 484B.653), FALSE IMPRISONMENT (NRS 200.460), BATTERY NRS 200.481, ASSAULT NRS 200.471, COERSCION (NRS 207.190), KIDNAPPING (NRS 200.310), UNLAWFUL TAKING OF VEHICLE (NRS 205.2715), GRAND LARCENY (NRS 205.220), MALICIOUS PROSECUTION (NRS 199.310) - 6


officers involved before coming back to the patrol vehicle, where he sat in the driver's seat and had a device that he appeared to put under his duty vest to cool himself off. Deputy Bueno then drove Mr. Ribar to the jail while Mr. Ribar dripped in sweat, with the sweat falling into his eyes he was unable to wipe them, he suffered stinging pain and unable to focus his vision suffering in the heat being "hot boxed", which is in fact "cruel and unusual punishment" and this same treatment of an animal is a crime in the State of Nevada (NRS 202.487, NRS 574.055), while at the same time deputy Bueno had a device to cool himself under his duty vest with air conditioning blowing on himself. US Const 1st, 4th, 5th, 8th and 14th Amendments, NV Const Art 1. Sec. 1., 6., 8., 9., 18., 42 USC 1983 action for deprivation of rights, NRS 197.200 Oppression under color of office, NRS 171.1233 Recording of law enforcement activity, NRS 200.460 False imprisonment, NRS 200.481 Battery, NRS 200.471 Assault, NRS 207.190 Coercion, NRS 200.310 Kidnapping.

8. At the same time Mr. Ribar was being "hotboxed" his truck was being impounded for parking on the side of a public roadway well off the pavement, was causing NO hindrance to other vehicles moving safely down the roadway and there were not any signs regulating parking near Mr. Ribar's truck. Deputy Sean Palamar was having Mr. Ribar's property taken by Cal-Neva Transport & Tow Inc. executing a "Nonconsensual tow" (NRS 706.4022), seizing Mr. Ribar's property, denying him of its use until a fee was paid to

COMPLAINTJURY TRIAL DEMANDED(EXEMPT FROM ARBITRATION PER NAR 3(A) DECLARATORY RELIEF REQUESTED) OPPRESSION OF CONSTITUIONAL RIGHTS NV CONSTITUTION ART. 1 SEC. 18, ART. 1 SEC. 9, ART 1. SEC 8, ART 1. SEC 6, ART 1. SEC. 1. UNITED STATES CONSTITUTION 1ST AMENDMENT, 4TH AMENDMENT, 5TH AMENDMENT, 8TH AMENDMENT, 14TH AMENDMENT (NRS 197.200/42 USC 1983), RECORDING OF LAW ENFORCEMENT (NRS 171.1233), RECKLESS DRIVING (NRS 484B.653), FALSE IMPRISONMENT (NRS 200.460), BATTERY NRS 200.481, ASSAULT NRS 200.471, COERSCION (NRS 207.190), KIDNAPPING (NRS 200.310), UNLAWFUL TAKING OF VEHICLE (NRS 205.2715), GRAND LARCENY (NRS 205.220), MALICIOUS PROSECUTION (NRS 199.310) - 7

redeem it. US Const. 4th, 5th, 8th, 14th Amend, NV Const Art 1. Sec. 1, 6, 8, 18, NRS 205.2715 Unlawful Taking of Vehicle, NRS 205.220 Grand Larceny.

9. After his arrest and release from jail, Mr. Ribar wrote letters and personally visited the Sheriff's office and the Office of the Carson City District Attorney describing why the arrest and incidents were unlawful and unconstitutional. The Sherrif and Carson City Attorney decided not to investigate or prosecute their own actions and instead went ahead with prosecuting the case against Mr. Ribar by proceeding to amend the complaints removing the filming and recording aspects from the original complaints, deleting the reasoning "probable cause" for removing Mr. Ribar and being arrested having anything to do with filming after Mr. Ribar made them aware of NRS 171.1233. After time and money spent by Mr. Ribar to defend this case the prosecution offered a plea deal to pay a fine, plead "no contest" and then on December 20, 2023, the prosecutor Jason Woodbury and Tyson Darin League would dismiss the case. The prosecutor never had any probable cause to pursue a case against Mr. Ribar. This put Mr. Ribar in a position to choose to spend close to $30,000.00 and go through a trial or to accept the plea that in the end would have the same result as the case being dismissed. The prosecutions' goal in forcing the settlement requiring Mr. Ribar to pay an unjust fine and deny his 1st Amendment Right to gather and disseminate information to the public was to "teach a lesson" for NO Constitutional or

COMPLAINTJURY TRIAL DEMANDED(EXEMPT FROM ARBITRATION PER NAR 3(A) DECLARATORY RELIEF REQUESTED) OPPRESSION OF CONSTITUIONAL RIGHTS NV CONSTITUTION ART. 1 SEC. 18, ART. 1 SEC. 9, ART 1. SEC 8, ART 1. SEC 6, ART 1. SEC. 1. UNITED STATES CONSTITUTION 1ST AMENDMENT, 4TH AMENDMENT, 5TH AMENDMENT, 8TH AMENDMENT, 14TH AMENDMENT (NRS 197.200/42 USC 1983), RECORDING OF LAW ENFORCEMENT (NRS 171.1233), RECKLESS DRIVING (NRS 484B.653), FALSE IMPRISONMENT (NRS 200.460), BATTERY NRS 200.481, ASSAULT NRS 200.471, COERSCION (NRS 207.190), KIDNAPPING (NRS 200.310), UNLAWFUL TAKING OF VEHICLE (NRS 205.2715), GRAND LARCENY (NRS 205.220), MALICIOUS PROSECUTION (NRS 199.310) - 8

lawful reason.  US Const. 1st 4th, 5th, 14th Amendment, NV Const Art1. Sec. 1., 6., 8., 9., NRS 199.310 Malicious Prosecution.

10. Mr. Ribar also tried to communicate, publish and disseminate the video of his Unconstitutional and unlawful arrest via the Carson City Sheriff's Office Facebook page operating as a governmental social media page.  When Mr. Ribar posted videos and comments of his arrest and other news to disseminate to the public via the Carson City Sheriff's Office Facebook government social media page, he was blocked from the page quashing his Free Speech Rights without Due Process.  This action violated Mr. Ribar's US Const. 1st & 14th Amendment and Nevada Constitution Art. 1 Sec. 9 Rights. Garnier v. O'Connor-Ratcliff 9th Cir.

**Paragraph 3. Damages**

1. Compensatory Damages: All the costs to include, time, money, loss of access to public spaces and opportunities, out of pocket expenses, lost wages, property damage, pain, suffering, emotional distress, loss of enjoyment of life, loss of companionship in the amount of $10,000.00 per day (477 days total) that Mr. Ribar's Liberty was denied, $1,000,000.00 for arresting, torture, booking, body scanning, and confining Mr. Ribar or as the Court determines.

2. Punitive damages as the defendants acted with knowledge and forethought from the initial encounter where Lt. Ryder would not communicate regarding RIGHTS or laws as well as the conclusion of the arrest with the Court dismissing the case only after the prosecutor Tyson League took his pound of

COMPLAINTJURY TRIAL DEMANDED(EXEMPT FROM ARBITRATION PER NAR 3(A) DECLARATORY RELIEF REQUESTED) OPPRESSION OF CONSTITUIONAL RIGHTS NV CONSTITUTION ART. 1 SEC. 18, ART. 1 SEC. 9, ART 1. SEC 8, ART 1. SEC 6, ART 1. SEC. 1. UNITED STATES CONSTITUTION 1ST AMENDMENT, 4TH AMENDMENT, 5TH AMENDMENT, 8TH AMENDMENT, 14TH AMENDMENT (NRS 197.200/42 USC 1983), RECORDING OF LAW ENFORCEMENT (NRS 171.1233), RECKLESS DRIVING (NRS 484B.653), FALSE IMPRISONMENT (NRS 200.460), BATTERY NRS 200.481, ASSAULT NRS 200.471, COERSCION (NRS 207.190), KIDNAPPING (NRS 200.310), UNLAWFUL TAKING OF VEHICLE (NRS 205.2715), GRAND LARCENY (NRS 205.220), MALICIOUS PROSECUTION (NRS 199.310) - 9

flesh in the form of a monetary penalty and extending the restrictions of accessing public property and services of the State of Nevada until December 20, 2023 a total of 477 days that Mr. Ribar's Constitutional Rights were violated. Damages requested in the amount the Court finds.

3. Injunctive Relief sought from the Court in issuing an order to all named governmental entities listed in this lawsuit to require annual mandatory Constitutional and legal training for all employees to ensure tax funded governmental employees know and understand our Rights and laws to better serve the people. Order the Carson City District Attorney not to amend charging documents to distort facts and to not prosecute a member of the press with no other legal basis.

Dated this 29th day of January 2024.

Drew Ribar
Pro Se

COMPLAINTJURY TRIAL DEMANDED(EXEMPT FROM ARBITRATION PER NAR 3(A) DECLARATORY RELIEF REQUESTED) OPPRESSION OF CONSTITUIONAL RIGHTS NV CONSTITUTION ART. 1 SEC. 18, ART. 1 SEC. 9, ART 1. SEC 8, ART 1. SEC 6, ART 1. SEC. 1. UNITED STATES CONSTITUTION 1ST AMENDMENT, 4TH AMENDMENT, 5TH AMENDMENT, 8TH AMENDMENT, 14TH AMENDMENT (NRS 197.200/42 USC 1983), RECORDING OF LAW ENFORCEMENT (NRS 171.1233), RECKLESS DRIVING (NRS 484B.653), FALSE IMPRISONMENT (NRS 200.460), BATTERY NRS 200.481, ASSAULT NRS 200.471, COERSCION (NRS 207.190), KIDNAPPING (NRS 200.310), UNLAWFUL TAKING OF VEHICLE (NRS 205.2715), GRAND LARCENY (NRS 205.220), MALICIOUS PROSECUTION (NRS 199.310) - 10