Katherine F. Parks, Esq.
Nevada Bar No. 6227
Thorndal Armstrong, PC
6590 S. McCarran Blvd., Suite B
Reno, Nevada 89509
Tel: (775) 786-2882
kfp@thorndal.com
Attorney for Defendants
CARSON CITY, JASON BUENO, SEAN PALAMAR, TYSON LEAGUE,
JASON WOODBURY, and KENNETH FURLONG

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DREW J. RIBAR,<br><br>       Plaintiff,<br><br>vs.<br><br>STATE OF NEVADA EX. REL. NEVADA DEPARTMENT OF CORRECTIONS, CARSON CITY AND ITS SHERIFFS OFFICE, CARSON CITY DISTRICT ATTORNEYS OFFICE, CARSON CITY MANAGERS OFFICE, FERNANDEIS FRAZAIER IN HIS OFFICIAL CAPACITY AS WARDEN OF NORTHERN NEVADA CORRECTIONAL, AARON RYDER IN HIS OFFICIAL CAPACITY AS AN OFFICER OF NEVADA DEPARTMENT OF CORRECTIONS, ROBERT SMITH IN HIS OFFICIAL CAPACITY AS AN OFFICER OF NEVADA DEPARTMENT OF CORRECTIONS, JASON BUENO IN HIS OFFICIAL CAPACITY AS AN OFFICER OF CARSON CITY SHERIFF, SEAN PALAMAR RYDER IN HIS OFFICIAL CAPACITY AS AN OFFICER OF CARSON CITY SHERIFF, TYSON DARIN LEAGUE RYDER IN HIS OFFICIAL CAPACITY AS AN OFFICER OF CARSON CITY DISTRICT ATTORNEY, JAMES DZURENDA (DIRECTOR NEVADA DEPARTMENT OF CORRECTIONS), JASON D. WOODBURY (CARSON CITY DISTRICT ATTORNEY), KENNETH T. FURLONG IN HIS CAPACITY AS SHERIFF CARSON CITY, NV, OFFICER/DEPUTY/J. DOE 1-99,<br><br>       Defendants. | Case No.    3:24-cv-00103-ART-CLB<br><br>**ANSWER TO COMPLAINT** |

- 1 -

COME NOW Defendants CARSON CITY, JASON BUENO, SEAN PALAMAR, TYSON LEAGUE, JASON WOODBURY, and KENNETH FURLONG, by and through their attorneys, Thorndal Armstrong, PC, in answer to Plaintiff's Complaint, hereby admit, deny and allege as follows:

**FIRST DEFENSE**

**Paragraph 1.  Jurisdiction**

1. Defendants deny the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2. Defendants deny the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3. Defendants deny the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4. Defendants deny the allegations contained in Paragraph 4 of Plaintiff's Complaint.

**Paragraph 2.  Facts & Cause of Action**

1. In answer to Paragraph 1 of Plaintiff's Complaint, the allegations contained therein do not appear to apply to these answering Defendants.  In the event the allegations in Paragraph 1 were deemed to apply to these answering Defendants, Defendants deny same.

2. In answer to Paragraph 2 of Plaintiff's Complaint, the allegations contained therein do not appear to apply to these answering Defendants.  In the event the allegations in Paragraph 2 were deemed to apply to these answering Defendants, Defendants deny same.

3. In answer to Paragraph 3 of Plaintiff's Complaint, the allegations contained therein do not appear to apply to these answering Defendants.  In the event the allegations in Paragraph 3 were deemed to apply to these answering Defendants, Defendants deny same.

4. In answer to Paragraph 4 of Plaintiff's Complaint, the allegations contained therein do not appear to apply to these answering Defendants.  In the event the allegations in Paragraph 4 were deemed to apply to these answering Defendants, Defendants deny same.

5. In answer to Paragraph 5 of Plaintiff's Complaint, the allegations contained

1  therein do not appear to apply to these answering Defendants.  In the event the allegations in
2  Paragraph 5 were deemed to apply to these answering Defendants, Defendants deny same.
3        6.      Defendants deny the allegations contained in Paragraph 6 of Plaintiff's
4  Complaint.
5        7.      Defendants deny the allegations contained in Paragraph 7 of Plaintiff's
6  Complaint.
7        8.      Defendants deny the allegations contained in Paragraph 8 of Plaintiff's
8  Complaint.
9        9.      Defendants deny the allegations contained in Paragraph 9 of Plaintiff's
10 Complaint.
11       10.     Defendants deny the allegations contained in Paragraph 10 of Plaintiff's
12 Complaint.
13 **Paragraph 3.  Damages**
14       1.      Defendants deny the allegations contained in Paragraph 1 of Plaintiff's
15 Complaint.
16       2.      Defendants deny the allegations contained in Paragraph 2 of Plaintiff's
17 Complaint.
18       3.      Defendants deny the allegations contained in Paragraph 3 of Plaintiff's
19 Complaint.

**SECOND DEFENSE**

21     Plaintiff's Complaint on file herein fails to state a claim against these Defendants upon
22 which relief can be granted.

**THIRD DEFENSE**

24     At all times and places alleged in Plaintiff's Complaint, the negligence, misconduct, and
25 fault of Plaintiff exceeds that of these Defendants, if any, and Plaintiff is thereby barred from any
26 recovery against these Defendants.

**FOURTH DEFENSE**

28     The occurrence referred to in Plaintiff's Complaint, and all damages, if any, arising

therefrom, were caused by the acts or omissions of a third person or persons over whom these Defendants had no control.

### FIFTH DEFENSE

It has been necessary for Defendants to employ the services of an attorney to defend this action, and a reasonable sum should be allowed Defendants as and for attorney's fees, together with their costs expended in this action.

### SIXTH DEFENSE

Upon information and belief, Plaintiff has failed to mitigate his damages.

### SEVENTH DEFENSE

Defendants' alleged actions or omissions were taken with due care in the execution of the statutes and regulations, and, therefore, Defendants are statutorily immune from this action.

### EIGHTH DEFENSE

Defendants' alleged actions or omissions occurred in the exercise or performance of discretionary functions and duties, and, therefore, Defendants are statutorily immune from this action.

### NINTH DEFENSE

An award of punitive damages against Defendants would be violative of the Fifth Amendment of the United States Constitution in that there is no assurance against multiple, unrestrained punishment in the form of punitive damages. Such an award of punitive damages would be violative of the double jeopardy provisions of the Nevada Constitution, Art. I, §8.

### TENTH DEFENSE

An award of punitive damages against Defendants would be violative of the due process clause of the United States Constitution, the Fourteenth Amendment, §1, and violative of the due process clause of the Nevada Constitution, Art. I, §8.

### ELEVENTH DEFENSE

An award of punitive damages against Defendants would constitute an undue burden upon interstate commerce and violate the interstate commerce clause of the United States Constitution, Art. I, §8.

**TWELFTH DEFENSE**

An award of punitive damages against Defendants would constitute an excessive fine violative of the Nevada Constitution, Art. I, §7.

**THIRTEENTH DEFENSE**

An award of punitive damages against Defendants should be barred since Plaintiff cannot establish that Defendants had an "evil mind" and "conducted themselves in an aggravated and outrageous manner."

**FOURTEENTH DEFENSE**

The burden of proof on punitive damages should be by clear and convincing evidence.

**FIFTEENTH DEFENSE**

The negligence of Plaintiff caused or contributed to any injuries or damages the Plaintiff may have sustained and the negligence of Plaintiff in comparison with the negligence of Defendants, if any, requires that the damages of Plaintiff be denied or be diminished to the amount of negligence attributable to Plaintiff.

**SIXTEENTH DEFENSE**

The damages recoverable against these Defendants, if any, are limited by the provisions of NRS 41.035.

**SEVENTEENTH DEFENSE**

The Defendants are entitled to absolute prosecutorial immunity from suit for all claims premised upon 42 USC Section 1983.

**EIGHTEENTH DEFENSE**

The Defendants are entitled to qualified immunity from suit for all claims premised upon 42 USC 1983.

**NINETEENTH DEFENSE**

No custom or policy existed in Carson City which was the moving force behind a violation of Plaintiff's constitutional rights.

**TWENTIETH DEFENSE**

No punitive damages are recoverable against Carson City pursuant to 42 U.S.C. Section

1988.

**TWENTY-FIRST DEFENSE**

The Carson City Manager's Office, the Carson City District Attorney's Office and the Carson City Sheriff's Office, as departments of Carson City, are not suable entities.

**TWENTY-SECOND DEFENSE**

Kenneth Furlong and Jason Woodbury are entitled to dismissal based on the lack of any allegations of their personal involvement in any violation of the Plaintiff's constitutional rights.

**TWENTY-THIRD DEFENSE**

Pursuant to FRCP 11, as amended, all possible affirmative defenses may not have been alleged herein insofar as sufficient facts were not available after reasonable inquiry upon the filing of Defendants' answer, and therefore Defendants reserve the right to amend this answer to allege additional affirmative defenses if subsequent investigation warrants.

WHEREFORE, Defendants pray:

1.  That Plaintiff's Complaint be dismissed with prejudice and that they take nothing thereby;

2.  That Defendants be awarded a reasonable attorney's fee and costs of suit; and

3.  For such other and further relief as this Court deems just and proper.

DATED this 12th day of March, 2024.

THORNDAL ARMSTRONG, PC

By:  */s/ Katherine Parks*
KATHERINE F. PARKS, ESQ.
Nevada Bar No. 6227
6590 S. McCarran Blvd., Suite B
Reno, Nevada 89509
Attorney for Defendants
CARSON CITY, JASON BUENO, SEAN PALAMAR, TYSON LEAGUE, JASON WOODBURY, and KENNETH FURLONG

**CERTIFICATE OF SERVICE**

Pursuant to FRCP 5(b), I certify that I am an employee of Thorndal Armstrong, PC, and that on this date I caused the foregoing ANSWER TO COMPLAINT to be served on all parties to this action by:

__X__   placing an original or true copy thereof in a sealed, postage prepaid, envelope in the United States mail at Reno, Nevada.

_____   United States District Court CM/ECF Electronic Filing Process

_____   hand delivery

_____   electronic means (fax, electronic mail, etc.)

_____   Federal Express/UPS or other overnight delivery

fully addressed as follows:

>Drew J. Ribar
>3480 Pershing Ln
>Washoe Valley, NV  89704
>Pro Se Plaintiff

DATED this 12th day of March, 2024.

>/s/ Laura Bautista
>An employee of Thorndal Armstrong, PC