1  Katherine F. Parks, Esq.
   Nevada Bar No. 6227
2  Thorndal Armstrong, PC
   6590 S. McCarran Blvd., Suite B
3  Reno, Nevada 89509
   Tel:  (775) 786-2882
4  kfp@thorndal.com
   Attorney for Defendants
5  CARSON CITY, JASON BUENO, SEAN PALAMAR, TYSON LEAGUE,
   JASON WOODBURY, and KENNETH FURLONG
6

7                    UNITED STATES DISTRICT COURT

8                         DISTRICT OF NEVADA

9  DREW J. RIBAR,

10          Plaintiff,
                                              Case No.        3:24-cv-00103-ART-CLB
11 vs.

12 STATE OF NEVADA EX. REL. NEVADA           **ORDER ADOPTING JOINT CASE**
   DEPARTMENT OF CORRECTIONS,                **MANAGEMENT REPORT AS**
13 CARSON CITY AND ITS SHERIFFS              **DISCOVERY PLAN AND SCHEDULING**
   OFFICE, CARSON CITY DISTRICT              **ORDER**
14 ATTORNEYS OFFICE, CARSON CITY
   MANAGERS OFFICE, FERNANDEIS
15 FRAZAIER IN HIS OFFICIAL CAPACITY
   AS WARDEN OF NORTHERN NEVADA
16 CORRECTIONAL, AARON RYDER IN HIS
   OFFICIAL CAPACITY AS AN OFFICER OF
17 NEVADA DEPARTMENT OF
   CORRECTIONS, ROBERT SMITH IN HIS
18 OFFICIAL CAPACITY AS AN OFFICER OF
   NEVADA DEPARTMENT OF
19 CORRECTIONS, JASON BUENO IN HIS
   OFFICIAL CAPACITY AS AN OFFICER OF
20 CARSON CITY SHERIFF, SEAN
   PALAMAR RYDER IN HIS OFFICIAL
21 CAPACITY OF CARSON
   CITY SHERIFF, TYSON DARIN LEAGUE
22 RYDER IN HIS OFFICIAL CAPACITY AS
   AN OFFICER OF CARSON CITY DISTRICT
23 ATTORNEY, JAMES DZURENDA
   (DIRECTOR NEVADA DEPARTMENT OF
24 CORRECTIONS), JASON D. WOODBURY
   (CARSON CITY DISTRICT ATTORNEY),
25 KENNETH T. FURLONG IN HIS
   CAPACITY AS SHERIFF CARSON CITY,
26 NV, OFFICER/DEPUTY/J. DOE 1-99,

27
            Defendants.
28

                                 - 1 -

Pursuant to FRCP 16, and this Court's Order dated March 12, 2024 [ECF 8], the parties submit their Joint Case Management Report for this Court's review and approval.

**1.**     **A short statement of the nature of the case (three pages or less), including a description of each claim and defense**;

**Plaintiff's Statement**

This lawsuit arises out of the arrest of Plaintiff Drew Ribar on August 30, 2022, by Defendant Jason Bueno for trespassing on a public road in a public parking lot after being told to stop recording and law enforcement purposely interfering with documenting law enforcement activities in violation of NRS 171.1233  2.   A peace officer shall not act to interfere with a person's recording of a law enforcement activity, including, without limitation, by:

   (a)  Intentionally preventing or attempting to prevent the person from recording a law enforcement activity;

   (b)  Threatening the person for recording a law enforcement activity;

   (c)  Commanding that the person cease recording a law enforcement activity when the person was nevertheless authorized by law to record the law enforcement activity;

   (d)  Stopping, seizing or searching the person because he or she recorded a law enforcement activity; or

   (e)  Unlawfully seizing property or instruments used by the person to record a law enforcement activity, unlawfully destroying or seizing any recorded image of a law enforcement activity or copying such a recording of a law enforcement activity without the consent of the person who recorded it or obtaining approval from an appropriate court.

There was no reasonable suspicion or probable cause there was a crime being committed, had been committed or would be committed due to Mr. Ribar recording and plainly stating to law enforcement what his intentions were while carrying a large camera and gimble.

This case arises out of Mr. Ribar's Constitutional Rights being violated and seeking changes in law enforcement procedures and practices to honor and uphold our Constitution.

Mr. Ribar has requested the Defense consent to amending his complaint FRCP Rule 15. (2) to solve any deficiencies and to update the complaint returning this case to the authority of

the First Judicial District Court of the State of Nevada along with additional Constitutional & tort violations along with another defendant to the complaint.

**Defendants' Statement**

This lawsuit arises out of the arrest of Plaintiff Drew Ribar on August 30, 2022, by Defendant Jason Bueno for trespassing.  Plaintiff brings numerous federal and state law claims for relief in his Complaint filed in the First Judicial District Court on January 29, 2024, and removed by the Carson City Defendants on February 29, 2024.  With respect to his federal claims for relief, Plaintiff cites to the First, Fourth, Fifth, Eighth, and Fourteenth Amendments of the United States Constitution.  With respect to his state law claims, Plaintiff cites to companion sections of the Nevada Constitution, as well as to numerous state tort claims and claims premised upon Nevada statutes.  The Carson City Defendants have denied Plaintiffs' factual allegations and have set forth affirmative defenses including:  (1) failure to state a claim upon which relief may be granted; (2) comparative negligence; (3) acts of third parties; (4) request for attorneys' fees and costs; (5) failure to mitigate damages; (6) statutory immunity pursuant to NRS 41.035; (7) affirmative defenses related to the prohibition of the imposition of punitive damages against Carson City and its individual officers; (8) application of the statutory cap on damages on Plaintiff's state tort claims pursuant to NRS 41.035; (9) absolute prosecutorial immunity; (10) qualified immunity; (11) lack of the existence of an unconstitutional custom or policy for purposes of Carson City's liability under 42 U.S.C. §1983; (12) that certain named Defendants, including the Carson City Manager's Office, the Carson City District Attorney's Office, and the Carson City Sheriff's Office are not suable entities; (13) that Carson City Sheriff Ken Furlong and Carson City District Attorney Jason Woodbury are entitled to dismissal of the case for failure of Plaintiff to allege personal involvement in the alleged violation of Plaintiff's constitutional and other rights; and (14) right to amend to add additional affirmative defenses pursuant to FRCP 11.

///

///

///

- 3 -

**2.    The jurisdictional bases for the case, citing specific jurisdictional statutes. If jurisdiction is based on diversity, the citizenship of each party shall be identified and the amount in controversy must be stated;**

**Plaintiff's View**

Mr. Ribar filed this complaint in The First Judicial District Court of the State of Nevada and has requested to amend the complaint to return to the State Court jurisdiction.

**Defendants' View**

This Court has original jurisdiction over Plaintiff's federal claims for relief pursuant to 28 U.S.C. §1331 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

**3.    Whether any party expects to add additional parties to the case or otherwise amend the pleadings;**

**Plaintiff's View**

After filing this complaint, Carson City Sheriff's office Sgt. TJ Boggan detained Mr. Ribar and took his identification for recording inside the lobby and public records access areas of the Sheriff's office, again violating his Constitutional Rights.  Mr. Ribar has submitted an amended complaint to and for the Defendant's consent.

**Defendants' View**

None.

**4.    Whether there are any pending motions, including a brief description of those motions;**

None at this time.

**5.    Whether this case is related to any other case pending before this court or any other court, including a bankruptcy court, and if so, provide a brief description of the status of those case(s);**

**Plaintiff's View**

Plaintiff filed a SLAPP Back Complaint NRS 41.670 against Defendant Jason Bueno in First Judicial District Court on March 29, 2024, based upon the violation of his right to

freedom of speech and/or freedom of the press under Article 1, Section 9 of the Nevada Constitution.  This state court action arises out of Mr. Bueno's filing of an application for protection order attempting to stop Mr. Ribar from recording, documenting and publishing law enforcement activities after Deputy Bueno and members of his family's receipt of threatening telephone calls and other forms of communication after information was placed by Plaintiff on YouTube related to Deputy Bueno illegally arresting Mr. Ribar on August 30, 2022.

**Defendants' View**

Plaintiff filed a Complaint against Defendant Jason Bueno in First Judicial District Court on March 29, 2024, based upon the alleged violation of his right to freedom of speech and/or freedom of the press under Article 1, Section 9 of the Nevada Constitution.  This state court action arises out of Mr. Bueno's filing of an application for protection order after his and members of his family's receipt of threatening telephone calls and other forms of communication after information was placed by Plaintiff on YouTube related to his arrest on August 30, 2022. Defendant filed a motion to dismiss the Complaint on April 11, 2024.

**6.     A complete and detailed statement related to discovery, which addresses the following issues:**

**a)     The date the Rule 26(f) initial disclosures were provided, or will be provided, by each party;**

The parties discussed the Joint Case Management Report and conferred regarding same in writing via electronic mail.  In accordance with FRCP 26(a)(1)(C), the parties agreed to exchange initial disclosures pursuant to FRCP 26(a)(1) on May 10, 2024.

**b)     A brief statement regarding, what discovery requests have been served by any party, who the requests were served upon, and the due dates for responses to those requests;**

No discovery requests have been served to date.

///

///

///

**c)      Whether the parties anticipate the need for a protective order relating to the discovery of information relating to a trade secret or other confidential research, development, or commercial information;**

<u>Plaintiff's View</u>

Nevada Constitution Article 1. Sec. 9. "No law shall be passed to restrain or abridge the liberty of speech or of the press."

US Constitution 14th Amendment no state shall "deny to any person within its jurisdiction the equal protection of the laws."

How do we have "equal justice" when we have different classes of citizens that are protected by law that are employees of government while those not employed by government are lacking protection under the law???

Mr. Ribar objects to any special protections or rights guaranteed in the Constitution given to one class of citizens above another.

<u>Defendants' View</u>

Pursuant to NRS 289.025, the home address and any photograph of a peace officer in the possession of a law enforcement agency are not public information and are confidential. Defendants will seek the entry of a protective order prior to disclosure of any body worn camera video which contains the likeness of any la3w enforcement officers pursuant to NRS 289.025.

**d)      Any issues or proposals relating to the timing, sequencing, phasing or scheduling of discovery;**

<u>Plaintiff's View</u>

None at this time.

<u>**Defendants' View:**</u>

None at this time.

///

///

///

///

- 6 -

        **e)**      **Whether the parties anticipate the need to take discovery outside of the District of Nevada or the United States and, if so, a description of the proposed discovery; and,**

**Plaintiff's View**

None at this time.

**Defendants' View**

None at this time.

        **f)**      **A summary of the number of depositions each party anticipates taking, information related to the anticipated location of those depositions, and whether any party anticipates video and/or sound recording of depositions.**

**Plaintiff's View**

Mr. Ribar anticipates the deposal of 8 individuals each named in the amended complaint submitted to the Defendant's attorney.  Generally, the depositions would be done in Carson City or a proximate location except for defendant Fernandeis Frazier who has moved out of the State of Nevada.  Mr. Ribar anticipates video and audio recording the depositions and other interactions with government employees and contractors in the course of their jobs and duties.

**Defendants' View**

It is unclear at this time whether the Carson City Defendants will need to take more than the deposition of the Plaintiff in this matter.  However, Defendants reserve their right to conduct depositions in accordance with FRCP 30 depending upon information adduced during discovery.  Defendants anticipate holding the deposition of the Plaintiff in Reno, Nevada.  Defendants do not anticipate videotaping or sound recording the deposition of the Plaintiff.

**7.**     **A brief statement regarding the types of ESI expected in the case, where the ESI is located, a statement of any agreements reached by the parties related to ESI on the issues listed above, and any outstanding disagreements between the parties related to ESI.**

**Plaintiff's View**

Plaintiff anticipates the production of electronically stored information in the form of video and audio related to the events at issue.

**Defendants' View**

Defendants anticipate the production of electronically store information in the form of body worn camera video related to the events at issue after a protective order is entered as discussed in Section 6(c).

**8.      In the event the Court has not already approved a discovery plan and scheduling order, the parties shall include proposed firm dates for each of the following pursuant to Local Rule 26-1:**

**a)      A deadline for the completion of discovery;**

Plaintiff filed his Complaint on January 29, 2024.   The Carson City Defendants filed their Answer on March 12, 2024.  The parties request that all applicable deadlines contained in Local Rule 26-1(b) be measured from the date of filing of the Carson City Defendants' Answer to Complaint.  Accordingly, discovery will close 180 days from March 12, 2024, or **September 9, 2024.**

**b)      A deadline for amending the pleadings and adding parties;**

The parties propose that the deadline for filing motions to amend the pleadings or to add parties shall be 90 days prior to the close of discovery, or **June 11, 2024.**

**c)      Dates for complete disclosure of expert testimony;**

The parties propose that the deadline for expert disclosure shall be 60 days before the close of discovery, or **July 11, 2024**, and rebuttal expert disclosure shall be 30 days after the initial disclosure of experts, or **August 12, 2024.**

**d)      A deadline for the filing of dispositive; and,**

The parties propose that the deadline for filing dispositive motions be 30 days after the discovery cutoff date, or **October 9, 2024.**

**e)      A date by which the parties will file the joint pretrial order.**

The parties propose that the deadline for filing the joint pretrial order be 30 days after the dispositive motion deadline, or **November 8, 2024**. If dispositive motions are filed, the deadline for filing the joint pretrial order will be suspended until 30 days after decision on the dispositive motions or further court order.  The parties propose that the disclosures required by FRCP

26(a)(3) and any objections to them must be included in the joint pretrial order.

THE DEADLINES SUBMITTED HEREIN ARE IN COMPLIANCE WITH LR 26-1(b).

**f)     What Changes Should be Made in the timing, form, or requirement for disclosures under Rule 26(a)?**

**Plaintiff's View:**   None at this time.

**Defendants' View**: None at this time.

**g)     The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on a particular issue:**

**Plaintiff's View:**  Plaintiff intends to seek discovery regarding policies, procedures, communications, liability, damages, history of employment, complaints and other applicable information related to the illegal arrest of Mr. Ribar along with the blocking of social media, the deleting and censoring social media comments on Carson City public social media accounts, along with Carson City using "Marsy's Law to restrict speech and press freedoms

**Defendants' View:**  Defendants intend to seek discovery on liability and damages and do not believe that discovery need be conducted in phases nor limited at this time.

**h)     Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced:**

**Plaintiff's View:** NRS 289.025(1) is a violation of Art. 1. Sec. 9. Of the Nevada Constitution and denies the press information while also denying "equal justice" giving one class of citizens greater Rights than another class of citizens.

**Defendants' View:**  Pursuant to NRS 289.025(1), body worn camera video should be produced subject to a protective order based upon the confidentiality of photographs of peace officers set forth in the Nevada Peace Officers' Bill of Rights.

///

///

///

///

     **i)**      **Any issues about claims of privilege or of protection as trial-preparation material, including if the parties agree on a procedure to assert these claims after production, whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502:**

    <u>Plaintiff's View</u>:  None at this time.

    <u>Defendants' View:</u>

    None at this time.

    **9.**     **Whether a jury trial has been requested, whether the request for a jury trial is contested (if the request is contested, set forth reasons), and an estimated length for trial.**

    Plaintiff and the Carson City Defendants have requested a jury trial.

    **10.**    **A statement as to the possibility of settlement and when the parties desire a court sponsored settlement conference, i.e., before further discovery, after discovery, after dispositive motions, etc.**

    <u>Plaintiff's View:</u> The actions described in the complaint have been published on YouTube. Plaintiff is amenable to settlement with the caveat that policies and procedures to ensure Constitutional Rights are upheld need to be put in place in Carson City Government.

    <u>Defendants' View</u>

    It is unclear at this time the extent to which Alternative Dispute Resolution would be fruitful in this case.  Defendants believe that some measure of discovery must be completed before settlement discussions can be entertained.

    **11.**    **Whether the parties intend to proceed before the magistrate judge.**

    The parties certify that they considered consent to trial by a magistrate judge under 28 U.S.C. §636(c) and FRCP 73 and the use of the short trial program and that the parties do not intend to proceed before the magistrate judge.

    **12.**    **Whether either party requests bifurcation or phasing of trial or has any other suggestion for shortening or expediting discovery, pre−trial motions or trial.**

    <u>Plaintiff's View</u> None at this time.

**Defendants' View**

None at this time.

**13.     Whether either party requests that a case management conference be set in the case.**

**Plaintiff's View**

Not currently.  However, after the appearance of the other defendants named in this lawsuit, a Case Management Conference may be helpful to the parties.

**Defendants' View**

Not at this time.  However, after the appearance of the other defendants named in this lawsuit, a Case Management Conference may be helpful to the parties.

DATED this 26th day of April, 2024.          DATED this 26th day of April, 2024.

                                             THORNDAL ARMSTRONG, PC

By:  ___/s/ Drew Ribar_____     By:  ___/s/ Katherine Parks_____
        DREW RIBAR                               KATHERINE F. PARKS, ESQ.
        3480 Pershing Ln                         Nevada Bar No. 6227
        Washoe Valley, NV  89704                 6590 S. McCarran Blvd., Suite B
        Pro Se Plaintiff                         Reno, Nevada 89509
                                                 Attorney for Defendants
                                                 CARSON CITY, JASON BUENO,
                                                 SEAN PALAMAR, TYSON LEAGUE,
                                                 JASON WOODBURY, and
                                                 KENNETH FURLONG

## ORDER

IT IS SO ORDERED.

DATED: This __26th__ day of __April_____2024.

_____
UNITED STATES MAGISTRATE JUDGE