Drew J. Ribar
3480 Pershing Ln
Washoe Valley NV 89704
775-223-7899
Const2Audit@gmail.com
Pro Se

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA**

**NORTHERN DIVISION**

| | |
|---|---|
| DREW J RIBAR,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF NEVADA EX REL., NEVADA DEPARTMENT OF CORRECTIONS, CARSON CITY AND ASSOCIATED DEFENDANTS<br><br>Defendants, | **Case No.: 3:24-cv-00103-ART-CLB**<br><br>**OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

**COMES NOW,** Plaintiff Drew J. Ribar, pro se, in opposition to the Motion for Summary Judgment filed by the Carson City Defendants, and submits this memorandum, including new supporting evidence, to demonstrate the existence of genuine issues of material fact that preclude summary judgment.

**INTRODUCTION**

This case arises from repeated interference with Plaintiff's First Amendment rights and Carson City officials' efforts to obstruct Plaintiff's lawful recording of government activities, both in person and online. Carson City officials have allegedly engaged in a pattern of viewpoint discrimination by censoring Plaintiff's and others' online content critical of local government and law enforcement, including deleting public comments and blocking Plaintiff and other individuals on social media platforms. Furthermore, Deputy Jason Bueno's treatment of Plaintiff during his detention demonstrated a willful disregard for Plaintiff's safety and comfort,

with evidence suggesting intentional actions to intensify Plaintiff's discomfort (Contrary to Defendants' Exhibit 1 Declaration of Deputy Bueno intentionally rolled up the windows of the patrol vehicle to hotbox Mr. Ribar as evidenced by video documentation). This opposition includes newly provided evidence documenting Carson City's deletion of comments critical of officials, records confirming Carson City's social media "block" list, video evidence showing the escalating physical discomfort Plaintiff experienced during detainment, statutory analysis demonstrating the unlawfulness of orders to cease recording government activities, and a detailed distinction from *Kanvick v. City of Reno*, which supports denial of summary judgment.

**FACTUAL BACKGROUND**

Plaintiff has faced significant obstruction from Carson City Defendants. An email from **William B. Moore** documents the deletion of his comment on an official Carson City social media post, which included critical remarks regarding Deputy Bueno's actions. A public records request received by Plaintiff on **September 30, 2022**, further revealed that Carson City Sheriff's Office maintains a "block" list of nine individuals on its social media platforms, indicating a concerted effort to silence public criticism and limit discourse on government actions.

Furthermore, the road where Plaintiff was recording is publicly accessible and provides entry to both a **public visitor center** and a **commercial vehicle repair business** operated by the prison. This vehicle repair business is open to the public, further establishing that the area is intended for public use, and Plaintiff had the right to record in this location.

In addition, Defendants' own evidence highlights the severe discomfort Plaintiff was subjected to during detainment. **Exhibit 2** (timestamp **33:26**) shows Plaintiff unseatbelted in the back of Deputy Bueno's patrol vehicle, violating safety protocols and the law. Furthermore,

**Exhibit 3** (timestamp **5:39**) captures Plaintiff's initially dry clothing progressively becoming soaked with sweat, indicating increasing physical distress. Significantly, the vehicle's air conditioning vents in the back seat area where Plaintiff was detained were **covered**, while hoses redirected the cold air to circulate under Deputy Bueno's clothing. This setup demonstrates a deliberate action to deprive Plaintiff of any cooling airflow, exacerbating his discomfort and leading to significant physical distress from heat. The combination of covered vents and diverted air conditioning not only shows a lack of due care but also suggests an intent to "hotbox" Plaintiff in a way that violates basic detainee rights and raises serious ethical and legal concerns about Deputy Bueno's conduct.

**LEGAL STANDARDS**

Under *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988), and *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), a non-moving party must show evidence of genuine issues of material fact to oppose summary judgment. Summary judgment is only appropriate when "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law" (*Fed. R. Civ. P. 56*).

**ARGUMENT**

**I. Key Differences Between This Case and *Kanvick v. City of Reno* Support Denial of Summary Judgment**

While *Kanvick v. City of Reno*, 2008 U.S. Dist. LEXIS 24719, involved claims of law enforcement retaliation, excessive force, and viewpoint discrimination, critical distinctions in the facts and evidence in this case make summary judgment inappropriate and warrant a trial. These differences reveal unique, substantive constitutional violations and demonstrate the presence of genuine issues of material fact.

**A. Concrete Evidence of Intentional Retaliation and Viewpoint Discrimination Supports Plaintiff's First Amendment Claims**

In *Kanvick*, the court dismissed certain First Amendment claims due to a lack of specific evidence directly linking police actions to an intent to silence expressive conduct. Here, Plaintiff provides concrete evidence demonstrating Carson City's specific intent to restrict his lawful recording and his public criticism of government conduct. Unlike *Kanvick*, where the plaintiff's expressive conduct was not consistently and publicly targeted, Plaintiff has documented instances of Carson City officials deleting his and others' critical comments from social media, as well as public records confirming that nine individuals, including Plaintiff, were actively "blocked" on official platforms.

These actions, as evidenced by social media records and statements from affected individuals like William B. Moore, establish a clear pattern of viewpoint discrimination against Plaintiff and others who criticized Carson City officials. This targeted approach, backed by digital records, creates a demonstrable connection between Plaintiff's exercise of free speech and the Defendants' retaliatory actions, supporting a First Amendment retaliation claim with concrete, specific evidence.

**B. Evidence of Deliberate Infliction of Discomfort Demonstrates Constitutional Violations Exceeding *Kanvick***

In *Kanvick*, the court granted summary judgment on cruel treatment claims due to insufficient evidence linking the discomfort experienced to a constitutional violation. By contrast, Plaintiff's case includes video evidence (Exhibit 3) documenting a systematic effort by Defendants to subject Plaintiff to extreme physical discomfort. The setup of Deputy Bueno's vehicle, with air conditioning vents deliberately covered and hoses redirecting cold air under

Deputy Bueno's clothing, demonstrates an intentional effort to create an intensely uncomfortable environment for Plaintiff, who was confined without relief or ventilation in a hot car.

Unlike in *Kanvick*, where discomfort was incidental, here the video evidence shows intentional, targeted actions to deprive Plaintiff of comfort. Plaintiff's increasing physical distress is evident as sweat progressively soaks through his clothing (timestamp 5:39), illustrating that Defendants' actions went beyond discomfort to deliberate infliction of distress, violating Plaintiff's Fourth and Fourteenth Amendment rights. This evidence surpasses the level of proof in *Kanvick*, establishing that Defendants' conduct amounted to an objectively unreasonable and punitive act.

**C. Plaintiff's Right to Record in a Publicly Accessible Area Highlights a Clear Violation of *NRS 171.1233***

In *Kanvick*, the court found that law enforcement had probable cause to restrict the plaintiff's actions based on a perceived security threat, ultimately supporting the dismissal of false imprisonment and unlawful restriction claims. Here, however, Plaintiff was recording on a **public road providing access to a public visitor center and a commercial vehicle repair business operated by the prison**, both open to the public, making the location fully lawful for recording purposes. Under *NRS 171.1233*, Plaintiff had an explicit right to record law enforcement activities in this public area as long as he did not interfere with their duties.

Defendants' actions, documented in Exhibit 4, directly contradict *NRS 171.1233*, which prohibits officers from commanding a person to cease recording law enforcement activities in public. The orders to cease recording, therefore, had no lawful basis and were intended solely to restrict Plaintiff's constitutional right to document government conduct, underscoring an unlawful infringement not present in *Kanvick*.

**D. Evidence of an Unconstitutional Pattern and Practice Distinguishes Plaintiff's Monell Claim from *Kanvick***

The *Kanvick* court required clear evidence that any law enforcement misconduct was part of an official policy or widespread practice to support Monell liability, ultimately finding insufficient proof. In this case, however, Plaintiff provides specific evidence of a broader pattern of censorship and unconstitutional practices by Carson City officials. Public records obtained by Plaintiff reveal a deliberate attempt to suppress public discourse through the systematic deletion of critical comments and the maintenance of a "block" list targeting individuals who publicly criticize Carson City's officials and law enforcement.

Moreover, Plaintiff's blocked status on Carson City's social media accounts, along with other documented instances of blocked individuals, supports a claim of viewpoint discrimination that extends beyond Plaintiff alone. This systematic approach demonstrates a pattern of suppressing public criticism, establishing a credible basis for Monell liability that the *Kanvick* plaintiff did not provide.

**II. Defendants' Qualified Immunity Defense is Inapplicable Given Evidence of Retaliatory Motive and Violation of Nevada Law**

**A. Defendants' Orders to Cease Recording Were Unlawful Under Nevada Law**

Under *NRS 171.1233*, Plaintiff was legally entitled to record law enforcement activities in public spaces. The statute explicitly prohibits officers from interfering with or commanding a person to stop recording lawful activities. Defendants' Exhibit 4 confirms that each order for Plaintiff to leave was recording related attempting to interfere with his efforts to document law enforcement activities on a public road that provides access to a public visitor

center and a commercial vehicle repair business operated by the prison, both of which are open to the public. These facts establish that Plaintiff was within his rights to record under Nevada law, making each order to cease recording an unlawful command. By issuing such orders, Defendants infringed upon Plaintiff's First Amendment rights and violated Nevada's statutory protections.

**B. Evidence of Retaliatory Motive and Intentional Infliction of Discomfort Overcomes Qualified Immunity**

*Thompson v. Clark*, 142 S. Ct. 1332 (2022), supports Plaintiff's position that an absence of conviction satisfies the favorable termination requirement for a malicious prosecution claim under §1983. The repeated targeting of Plaintiff's online and in-person recording activities, especially by removing social media content critical of Defendants, demonstrates a retaliatory motive. This evidence, including Mr. Moore's email, the list of nine individuals blocked by Carson City, and video footage from Defendants' Exhibits 2 and 3, further corroborates the City's pattern of suppressing criticism and neglecting detainee rights and welfare. The footage in Exhibit 2 at timestamp **33:26**—showing Plaintiff unseatbelted—and in Exhibit 3 at timestamp **5:39**—showing Plaintiff's clothing progressively becoming sweat-soaked due to lack of ventilation—illustrates the undue distress inflicted upon Plaintiff. The fact that the vehicle's air conditioning vents were **covered** and **hoses directed cold air under Deputy Bueno's clothing** further demonstrates an intentional infliction of discomfort and raises genuine concerns about Defendants' qualified immunity claim. These exhibits provide direct, visual evidence of the escalating discomfort and physical distress Plaintiff endured due to Deputy Bueno's actions.

**III. Defendants' Social Media Censorship Constitutes Unconstitutional Viewpoint Discrimination**

Carson City's deletion of comments on social media, particularly those critical of local law enforcement, is unconstitutional viewpoint discrimination. *Lindke v. Freed*, 37 F.4th 1199 (6th Cir. 2022), addressed the criteria for determining when a social media account constitutes a public forum. Here, Carson City's social media accounts display official branding, invite public interaction on governmental matters, and provide updates on city policies—characteristics of a public forum. *Davison v. Randall*, 912 F.3d 666 (4th Cir. 2019), affirms that deleting comments based on viewpoint in a public forum violates the First Amendment. The additional evidence from Mr. Moore, documenting the deletion of his critical comment on two occasions, combined with the nine-person "block" list from Carson City's social media accounts, establishes a pattern of censorship that is constitutionally impermissible.

B. Evidence of a Pattern and Practice of Censorship and Physical Neglect

The email from Mr. Moore, the public records showing Carson City's "block" list, and Defendants' Exhibits 2 and 3 support Plaintiff's claim of systematic censorship and a disregard for individuals' rights and welfare. These actions suggest a concerted effort by Carson City to eliminate viewpoints critical of government actions, creating a chilling effect on constitutionally protected speech. If additional witnesses or records confirm similar censorship experiences, it would further substantiate Plaintiff's claim of a pattern and practice of viewpoint discrimination and mistreatment of detainees in Carson City.

**IV. The State of Nevada's Failure to Respond Warrants Denial of Summary Judgment for All Defendants**

The State of Nevada's non-response to Plaintiff's complaint constitutes a waiver of defenses, thereby precluding summary judgment for Carson City alone. Granting summary judgment to only Carson City and the represented defendants without Nevada's response risks

inconsistent rulings. *Frow v. De La Vega*, 82 U.S. 552 (1872), advises against fragmented judgments in cases involving jointly liable parties. Therefore, Plaintiff's claims against all defendants, including the State of Nevada, require a cohesive resolution encompassing the broader allegations of constitutional violations, rather than a piecemeal ruling that would prejudice Plaintiff's ability to obtain complete relief.

**CONCLUSION**

For the reasons set forth above, Plaintiff respectfully requests that the Court deny Defendants' Motion for Summary Judgment. Plaintiff has provided substantial evidence that material issues of fact exist, particularly regarding the alleged pattern of retaliation, social media censorship, viewpoint discrimination, and neglect of detainee welfare practiced by Carson City officials. The State of Nevada's failure to respond further supports denying partial summary judgment to ensure that Plaintiff's claims are fully and fairly adjudicated.

Respectfully submitted,

Drew J. Ribar

Pro Se

Dated this 30th of October, 2024.

/S/ Drew J. Ribar

Drew J. Ribar Pro Se
3480 Pershing Ln.
Washoe Valley NV 89704
775-223-7899
Const2Audit@gmail.com

**CERTIFICATE OF SERVICE**

I, Drew J. Ribar, hereby certify that on this 30th day of October 2024, I served a true and correct copy of the foregoing **Opposition to Defendants' Motion for Summary Judgment** by the method indicated below and addressed to the following:

**Via [ECF/Electronic Filing and email]:**

Doughlas R Rands attorney for the State of Nevada via email at drands@ag.nv.gov

Katherine F Parks attorney for Carson City via email at kfp@thorndal.com

I declare under penalty of perjury under the laws of the State of Nevada and the United States of America that the foregoing is true and correct.

**DATED**: October 30, 2024.

/s/ Drew J. Ribar

---

**Drew J. Ribar**

Plaintiff, Pro Se

3480 Pershing Ln

Washoe Valley NV 89704

Const2Audit@gmail.com

775-223-7899