Drew J. Ribar
3480 Pershing Ln
Washoe Valley NV  89704
775-223-7899
Const2Audit@gmail.com
Pro Se

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA

NORTHERN DIVISION

DREW J RIBAR,

    Plaintiff,

vs.

STATE OF NEVADA EX REL., NEVADA DEPARTMENT OF CORRECTIONS, CARSON CITY AND ASSOCIATED DEFENDANTS

    Defendants,

Case No.: 3:24-cv-00103-ART-CLB

**NOTICE OF NON-RESPONSE TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

### I. INTRODUCTION

Plaintiff, Drew J. Ribar (Pro Se), respectfully files this Notice of Non-Response to highlight Defendants' failure to file a reply to Plaintiff's opposition to Defendants' motion for summary judgment and Plaintiff's sur-reply filed on October 30 and 31, 2024, respectively. Defendants' lack of response constitutes a waiver of rebuttal to the substantive factual and legal arguments raised, which warrants denial of their summary judgment motion.

### II. BACKGROUND

The opposition to summary judgment sets forth evidence indicating genuine disputes of material fact, particularly concerning allegations of First and Fourth Amendment violations, viewpoint discrimination, and intentional infliction of discomfort. In addition to the factual record, Plaintiff's opposition and sur-reply argue that Deputy Bueno's conduct, especially

NOTICE OF NON-RESPONSE TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - 1

regarding the inaccurate statements in his declaration about vehicle conditions, establishes a clear need for trial adjudication. Defendants' failure to reply underscores these unresolved factual issues and affirms Plaintiff's entitlement to a trial.

### III. LEGAL STANDARD AND CASELAW

Under Federal Rule of Civil Procedure 56 and pertinent case law, summary judgment is improper where there are genuine disputes as to any material fact. Defendants' silence on Plaintiff's detailed factual assertions suggests an admission of those arguments, as outlined in *Heinemann v. Satterberg*, 731 F.3d 914 (9th Cir. 2013), which mandates that a motion for summary judgment cannot be granted solely based on non-opposition without an analysis of whether the moving party has met its burden to show the absence of material factual disputes.

The U.S. Supreme Court in *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), requires that a movant clearly demonstrate the lack of any material fact at issue. Here, Defendants' failure to counter Plaintiff's documented evidence leaves material issues unchallenged, particularly those regarding Deputy Bueno's actions and the First Amendment implications of Carson City's alleged social media censorship. Additionally, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986), reinforces that courts must deny summary judgment if the record suggests that a reasonable jury could find for the non-moving party based on the unresolved factual issues.

### IV. MATERIAL FACTS IN DISPUTE SUPPORTING DENIAL OF SUMMARY JUDGMENT

Plaintiff's filings on October 30 and October 31, 2024, introduced substantial evidence showing that:

NOTICE OF NON-RESPONSE TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - 2

1. **Deputy Bueno's Declaration is Factually Disputed**: Deputy Bueno's assertion that the window was "open for the majority of the time" contradicts time-stamped evidence showing the window was open only 4 minutes and 53 seconds, compared to 9 minutes and 26 seconds with it closed. This discrepancy directly impacts Plaintiff's Fourth Amendment claim related to conditions of confinement in excessive heat.

2. **Retaliation and Viewpoint Discrimination**: Defendants allegedly engaged in viewpoint discrimination on social media by blocking and deleting critical comments, in violation of Plaintiff's First Amendment rights. Evidence from public records shows a pattern of censorship targeting individuals who voiced dissent, a material fact distinguishing this case from *Kanvick v. City of Reno*.

3. **Intentional Infliction of Discomfort**: The configuration of Deputy Bueno's vehicle, where vents were obstructed and cooling redirected away from the detainee, is further evidenced by video timestamps showing Plaintiff's escalating discomfort. This supports a claim of deliberate mistreatment, warranting trial to resolve these material disputes.

## V. CONCLUSION

Given Defendants' failure to respond, Plaintiff respectfully requests that the Court deny Defendants' motion for summary judgment in its entirety. Defendants' lack of rebuttal allows Plaintiff's claims and factual contentions to stand unchallenged, meeting the standard set forth in *Celotex* and *Anderson* and reinforcing that summary judgment is inappropriate given the material facts in dispute. Furthermore, denial of summary judgment preserves Plaintiff's right to appeal on these substantive constitutional issues, should the need arise.

DATED: November 13, 2024

Respectfully submitted,

Drew J. Ribar, Pro Se

3480 Pershing Ln. Washoe Valley NV 89704

Const2Audit@gmail.com

775-223-7899

Dated this 13th of November, 2024.

/s/ Drew J. Ribar

Drew J. Ribar, Pro Se

NOTICE OF NON-RESPONSE TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - 4

**CERTIFICATE OF SERVICE**

I, Drew J. Ribar, hereby certify that on this 13th day of November 2024, I served a true and correct copy of the foregoing **NOTICE OF NON-RESPONSE TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

by the method indicated below and addressed to the following:

**Via [ECF/Electronic Filing and email]:**

Doughlas R Rands attorney for the State of Nevada via email at

drands@ag.nv.gov

Katherine F Parks attorney for Carson City via email at kfp@thorndal.com

I declare under penalty of perjury under the laws of the State of Nevada and the United States of America that the foregoing is true and correct.

**DATED**: November 13, 2024.

/s/ Drew J. Ribar

---

**Drew J. Ribar**

Plaintiff, Pro Se

3480 Pershing Ln

Washoe Valley NV  89704

Const2Audit@gmail.com

775-223-7899

NOTICE OF NON-RESPONSE TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - 5