1  Katherine F. Parks, Esq.
   Nevada Bar No. 6227
2  Thorndal Armstrong, PC
   6590 S. McCarran Blvd., Suite B
3  Reno, Nevada 89509
   Tel: (775) 786-2882
4  kfp@thorndal.com
   Attorney for Defendants
5  CARSON CITY, JASON BUENO, SEAN PALAMAR, TYSON LEAGUE,
   JASON WOODBURY, and KENNETH FURLONG
6
7                    UNITED STATES DISTRICT COURT
                          DISTRICT OF NEVADA
8

9  DREW J. RIBAR,

10         Plaintiff,
                                            Case No.   3:24-cv-00103-ART-CLB
11  vs.

12  STATE OF NEVADA EX. REL. NEVADA         **DEFENDANTS' OPPOSITION TO**
    DEPARTMENT OF CORRECTIONS,              **PLAINTIFF'S MOTION FOR LEAVE TO**
13  CARSON CITY AND ITS SHERIFFS            **FILE SUR-REPLY TO DEFENDANTS'**
    OFFICE, CARSON CITY DISTRICT            **MOTION FOR SUMMARY JUDGMENT**
14  ATTORNEYS OFFICE, CARSON CITY           **[ECF 33]**
    MANAGERS OFFICE, FERNANDEIS
15  FRAZAIER IN HIS OFFICIAL CAPACITY
    AS WARDEN OF NORTHERN NEVADA
16  CORRECTIONAL, AARON RYDER IN HIS
    OFFICIAL CAPACITY AS AN OFFICER OF
17  NEVADA DEPARTMENT OF
    CORRECTIONS, ROBERT SMITH IN HIS
18  OFFICIAL CAPACITY AS AN OFFICER OF
    NEVADA DEPARTMENT OF
19  CORRECTIONS, JASON BUENO IN HIS
    OFFICIAL CAPACITY AS AN OFFICER OF
20  CARSON CITY SHERIFF, SEAN
    PALAMAR RYDER IN HIS OFFICIAL
21  CAPACITY AS AN OFFICER OF CARSON
    CITY SHERIFF, TYSON DARIN LEAGUE
22  RYDER IN HIS OFFICIAL CAPACITY AS
    AN OFFICER OF CARSON CITY DISTRICT
23  ATTORNEY, JAMES DZURENDA
    (DIRECTOR NEVADA DEPARTMENT OF
24  CORRECTIONS), JASON D. WOODBURY
    (CARSON CITY DISTRICT ATTORNEY),
25  KENNETH T. FURLONG IN HIS
    CAPACITY AS SHERIFF CARSON CITY,
26  NV, OFFICER/DEPUTY/J. DOE 1-99,

27
           Defendants.
28

- 1 -

1    COME NOW Defendants CARSON CITY, JASON BUENO, SEAN PALAMAR, TYSON LEAGUE, JASON WOODBURY, and KENNETH FURLONG, by and through their attorneys, Thorndal Armstrong, PC, and hereby submit their opposition to Plaintiff's Motion for Leave to File a Sur-Reply with respect to the Defendants' Motion for Summary Judgment. There are no grounds whatsoever for the request made by Plaintiff in this regard and his motion should be denied.

This case arises out of the arrest of Plaintiff Drew Ribar by Deputy Jason Bueno on August 30, 2022. Pursuant to the Court's scheduling order, discovery in the case closed on September 9, 2024, and the dispositive motion deadline was set for October 9, 2024 [ECF 13].

On October 9, 2024, Defendants filed their Motion for Summary Judgment with the Court [ECF 29]. In same, Defendants seek summary judgment of all of the Plaintiff's claims and have asked the Court to dismiss Plaintiff's Complaint and grant judgment in their favor as a matter of law in accordance with FRCP 56. On October 30, 2024, Plaintiff filed an opposition to the motion [ECF 32]. The following day, on October 31, 2024, the Plaintiff filed a document [ECF 33] in which he requested leave of Court to file a "sur-reply" to the Defendants' Motion for Summary Judgment. On November 13, 2024, the Defendants filed their reply in support of their Motion for Summary Judgment [ECF 35]. In other words, Plaintiff requested leave of Court to file a surreply *before* the Defendants' reply brief was even filed. Plaintiff's actions in doing so appear intended to simply allow him to have the last bite at the apple with respect to the Defendants' dispositive motion and there are no legitimate grounds for Plaintiff's request.

Pursuant to LR 7-2(b), surreplies are not permitted without leave of Court and motions for leave to file a surreply are discouraged. *If* a party raises a new argument or presents new evidence in a reply brief, the Court may consider these matters only if the adverse party is given an opportunity to respond. *See, El Pollo Loco v. Hashim,* 316 F.3d 1032, 1040-1041 (9th Cir. 2003). In such circumstances, the Courts have entertained litigants' motions for leave to file a surreply. As recognized by this Court, "[b]ecause surreplies are discouraged, '[o]nly the most exceptional or extraordinary circumstances warrant permitting a surreply to be filed.'" *Tesla, Inc. v. Tripp,* 487 F.Supp.3d 593, 969 (D. Nev. 2020)(internal citation omitted). This Court has

further stated that the "[f]iling of surreplies is highly disfavored, as it typically constitutes a party's improper attempt to have the last word on an issue." *Stevens v. Prentice,* No. 2:17-CV-970 JCM (PAL), 2018 WL 3758577 (D. Nev. 2018).

Plaintiff's perceived justification for asking the Court for leave to file a surreply is to allow him to address alleged "inaccuracies" in the declaration of Jason Bueno submitted as an exhibit to Defendants' Motion for Summary Judgment and/or to address the "duration" of time Plaintiff was detained in the back of Deputy Bueno's vehicle on the day of his arrest. Plaintiff offers nothing in the way of explanation as to how or why he was unable to address these issues in his opposition to the Defendants' motion and, in fact, Plaintiff did comment upon these issues in his opposition.

There are no grounds whatsoever to allow Plaintiff leave to file a surreply in this case. To the extent Plaintiff wished to offer evidence or argument in opposition to the issues raised in Defendants' Motion for Summary Judgment, he had every opportunity to do so. That the Plaintiff filed a motion for leave to file a surreply *before* the Defendants even filed their reply brief makes it abundantly clear that Plaintiff is simply seeking the last words on the issues raised in Defendants' dispositive motion. His motion is procedurally improper, wholly lacking in merit, and should be denied.

DATED this 13th day of November, 2024.

THORNDAL ARMSTRONG, PC

By:   */s/ Katherine Parks*
    KATHERINE F. PARKS, ESQ.
    Nevada Bar No. 6227
    6590 S. McCarran Blvd., Suite B
    Reno, Nevada 89509
    Attorney for Defendants
    CARSON CITY, JASON BUENO, SEAN PALAMAR, TYSON LEAGUE, JASON WOODBURY, and KENNETH FURLONG

**CERTIFICATE OF SERVICE**

Pursuant to FRCP 5(b), I certify that I am an employee of Thorndal Armstrong, PC, and that on this date I caused the foregoing **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [ECF 33]** to be served on all parties to this action by:

__X__ placing an original or true copy thereof in a sealed, postage prepaid, envelope in the United States mail at Reno, Nevada.

_____ United States District Court CM/ECF Electronic Filing Process

_____ hand delivery

_____ electronic means (fax, electronic mail, etc.)

_____ Federal Express/UPS or other overnight delivery

fully addressed as follows:

Drew J. Ribar
3480 Pershing Ln
Washoe Valley, NV  89704
Pro Se Plaintiff

DATED this 13th day of November, 2024.

                                                /s/ Laura Bautista
                                        An employee of Thorndal Armstrong, PC