UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DREW J. RIBAR,<br><br>　　　　　Plaintiff,<br>　v.<br><br>STATE OF NEVADA EX. REL. NEVADA DEPARTMENT OF CORRECTIONS, CARSON CITY AND ITS SHERIFFS OFFICE, CARSON CITY DISTRICT ATTORNEYS OFFICE, CARSON CITY MANAGERS OFFICE, FERNANDEIS FRAZAIER IN HIS OFFICIAL CAPACITY AS WARDEN OF NORTHERN NEVADA CORRECTIONAL, AARON RYDER IN HIS OFFICIAL CAPACITY AS AN OFFICER OF NEVADA DEPARTMENT OF CORRECTIONS, ROBERT SMITH IN HIS OFFICIAL CAPACITY AS AN OFFICER OF NEVADA DEPARTMENT OF CORRECTIONS, JASON BUENO IN HIS OFFICIAL CAPACITY AS AN OFFICER OF CARSON CITY SHERIFF, SEAN PALAMAR RYDER IN HIS OFFICIAL CAPACITY AS AN OFFICER OF CARSON CITY SHERIFF, TYSON DARIN LEAGUE RYDER IN HIS OFFICIAL CAPACITY AS AN OFFICER OF CARSON CITY DISTRICT ATTORNEY, JAMES DZURENDA (DIRECTOR NEVADA DEPARTMENT OF CORRECTIONS), JASON D. WOODBURY (CARSON CITY DISTRICT ATTORNEY), KENNETH T. FURLONG IN HIS CAPACITY AS SHERIFF CARSON CITY, NV, OFFICER/DEPUTY/J. DOE 1-99,<br>　　　　　Defendants. | Case No. 3:24-cv-00103-ART-CLB<br><br>ORDER TO SHOW CAUSE WHY REMOVAL WAS PROPER |

On January 29, 2024, Plaintiff Drew J. Ribar filed the instant case in the First Judicial District Court of Nevada, alleging several federal constitutional and state law claims (ECF No 1-1.) Carson City Defendants timely filed a petition for

1

1  removal in the District of Nevada on February 29, 2024. (ECF No. 1.)

2  Under 28 U.S. § 1446(a)(2)(A), "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S. § 1441(a) permits removal based on original subject matter jurisdiction of the federal courts. "The defendant always has the burden of establishing that removal is proper," *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). Federal courts must consider *sua sponte* issues that concern subject-matter jurisdiction. *Kwai Fun Wong v. Beebe*, 732 F.3d 1030, 1035–36 (9th Cir. 2013).

Carson City Defendants' petition for removal cites 28 U.S.C. § 1441(a) as the basis for removal, as there is federal question jurisdiction over plaintiff's constitutional claims under 28 U.S.C. § 1331. (ECF No. 1 at 2.) Thus, the requirement under 28 U.S. § 1446(a)(2)(A) that all properly joined and served defendants join or consent to removal applies.

Here, it appears that Carson City Defendants removed this action without several of the other Defendants listed in the state court complaint (ECF Nos. 1; 1-1.) It does not appear that those Defendants were served with the petition for removal. (*Id.* at 4.) In the statement of removal, Carson City Defendants state that they "are not aware that any of the other Defendants were served prior to the Defendants' filing of the Petition for Removal." (ECF No. 6 at 3.) However, Plaintiff has submitted an affidavit alleging service of Defendants State of Nevada Department of Corrections, Smith, and Dzurenda on February 13, 2024. (ECF Nos. 18; 23; 28.) This calls into question whether removal without these Defendants was proper under § 1446(a)(2)(A).

As the removing defendant bears the burden of establishing that removal is proper, the Court orders Carson City Defendants to show cause why removal in this action without the joinder or consent of all other Defendants in the state court action was proper.

It is therefore ordered that the Carson City Defendants must file a response to this order to show cause by December 2, 2024.

It is further ordered that Plaintiff may file a response by December 12, 2024.

Dated this 22nd day of November, 2024.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE