# EXHIBIT 1

# EXHIBIT 1

Katherine F. Parks, Esq.
Nevada Bar No. 6227
Thorndal Armstrong, PC
6590 S. McCarran Blvd., Suite B
Reno, Nevada 89509
Tel: (775) 786-2882
kfp@thorndal.com
Attorney for Defendants
CARSON CITY

REC'D & FILED

2024 FEB 29  PM 4: 17

WILLIAM SCOTT HOEN
BY    D. ORTIZ
DEPUTY

IN THE FIRST JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

IN AND FOR CARSON CITY

DREW J. RIBAR,

        Plaintiff,

vs.

STATE OF NEVADA EX. REL. NEVADA
DEPARTMENT OF CORRECTIONS,
CARSON CITY AND ITS SHERIFFS
OFFICE, CARSON CITY DISTRICT
ATTORNEYS OFFICE, CARSON CITY
MANAGERS OFFICE, FERNANDEIS
FRAZAIER IN HIS OFFICIAL CAPACITY
AS WARDEN OF NORTHERN NEVADA
CORRECTIONAL, AARON RYDER IN HIS
OFFICIAL CAPACITY AS AN OFFICER OF
NEVADA DEPARTMENT OF
CORRECTIONS, ROBERT SMITH IN HIS
OFFICIAL CAPACITY AS AN OFFICER OF
NEVADA DEPARTMENT OF
CORRECTIONS, JASON BUENO IN HIS
OFFICIAL CAPACITY AS AN OFFICER OF
CARSON CITY SHERIFF, SEAN
PALAMAR RYDER IN HIS OFFICIAL
CAPACITY AS AN OFFICER OF CARSON
CITY SHERIFF, TYSON DARIN LEAGUE
RYDER IN HIS OFFICIAL CAPACITY AS
AN OFFICER OF CARSON CITY DISTRICT
ATTORNEY, JAMES DZURENDA
(DIRECTOR NEVADA DEPARTMENT OF
CORRECTIONS), JASON D. WOODBURY
(CARSON CITY DISTRICT ATTORNEY),
KENNETH T. FURLONG IN HIS
CAPACITY AS SHERIFF CARSON CITY,
NV, OFFICER/DEPUTY/J. DOE 1-99,

        Defendants.

Case No.     24 OC 00022 1B

Dept. No.    II

**NOTICE OF REMOVAL**

- 1 -

1  TO:    Plaintiff, DREW J. RIBAR:

2            PLEASE TAKE NOTICE that Defendants CARSON CITY, by and through their

3  attorneys of record, Thorndal Armstrong, PC, have removed this action to the United States

4  District Court, District of Nevada, pursuant to 28 U.S.C. §§ 1331 and 1441.  A true and correct

5  copy of the Petition for Removal filed in the United States District Court, District of Nevada, is

6  attached hereto as Exhibit "1."

7                                    **AFFIRMATION**

8                        **Pursuant to NRS 239B.030 and 603A.040**

9            The undersigned hereby affirms that this document does not contain the personal

10  information of any person.

11            DATED this 29th day of February, 2024.

12                                                THORNDAL ARMSTRONG, PC

13                                        By: _Katherine Parks_____

14                                                KATHERINE F. PARKS, ESQ.
                                                Nevada Bar No. 6227
15                                                6590 S. McCarran Blvd., Suite B
                                                Reno, Nevada 89509
16                                                Attorney for Defendants
                                                CARSON CITY

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

Pursuant to NRCP 5(b), I certify that I am an employee of Thorndal Armstrong, PC, and that on this date I caused the foregoing NOTICE OF REMOVAL to be served on all parties to this action by:

✓  placing an original or true copy thereof in a sealed, postage prepaid, envelope in the United States mail at Reno, Nevada.

_____  personal delivery/Reno Carson Messenger Service

_____  electronic means (facsimile or electronic mail)

_____  Federal Express/UPS or other overnight delivery

fully addressed as follows:

Drew J. Ribar
3480 Pershing Ln
Washoe Valley, NV 89704
Pro Se Plaintiff

DATED this 29th day of February, 2024.

An employee of Thorndal Armstrong, PC

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INDEX OF EXHIBITS**

| Exhibit No. | Description | No. of Pages |
|---|---|---|
| 1 | Petition for Removal | 16 |

# EXHIBIT 1

# EXHIBIT 1

Katherine F. Parks, Esq.
Nevada Bar No. 6227
Thorndal Armstrong, PC
6590 S. McCarran Blvd., Suite B
Reno, Nevada 89509
Tel: (775) 786-2882
kfp@thorndal.com
Attorney for Defendants
CARSON CITY

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DREW J. RIBAR,

        Plaintiff,

vs.

STATE OF NEVADA EX. REL. NEVADA
DEPARTMENT OF CORRECTIONS,
CARSON CITY AND ITS SHERIFFS
OFFICE, CARSON CITY DISTRICT
ATTORNEYS OFFICE, CARSON CITY
MANAGERS OFFICE, FERNANDEIS
FRAZAIER IN HIS OFFICIAL CAPACITY
AS WARDEN OF NORTHERN NEVADA
CORRECTIONAL, AARON RYDER IN HIS
OFFICIAL CAPACITY AS AN OFFICER OF
NEVADA DEPARTMENT OF
CORRECTIONS, ROBERT SMITH IN HIS
OFFICIAL CAPACITY AS AN OFFICER OF
NEVADA DEPARTMENT OF
CORRECTIONS, JASON BUENO IN HIS
OFFICIAL CAPACITY AS AN OFFICER OF
CARSON CITY SHERIFF, SEAN
PALAMAR RYDER IN HIS OFFICIAL
CAPACITY AS AN OFFICER OF CARSON
CITY SHERIFF, TYSON DARIN LEAGUE
RYDER IN HIS OFFICIAL CAPACITY AS
AN OFFICER OF CARSON CITY DISTRICT
ATTORNEY, JAMES DZURENDA
(DIRECTOR NEVADA DEPARTMENT OF
CORRECTIONS), JASON D. WOODBURY
(CARSON CITY DISTRICT ATTORNEY),
KENNETH T. FURLONG IN HIS
CAPACITY AS SHERIFF CARSON CITY,
NV, OFFICER/DEPUTY/J. DOE 1-99,

        Defendants.

Case No.

**PETITION FOR REMOVAL TO**
**FEDERAL COURT**

- 1 -

1      COMES NOW Defendants CARSON CITY, by and through their attorneys Thorndal

2  Armstrong, PC, and provide notice of removal of this action to the United States District Court

3  for the District of Nevada pursuant to 28 U.S.C. §1441.

4  **I.    INTRODUCTION**

5      Plaintiff DREW RIBAR has sued the Defendants in Nevada state court presenting a

6  cause of action for alleged violation of his constitutional rights under the First, Fourth, Fifth,

7  Eighth and Fourteenth Amendments of the United States Constitution.  Defendants thus remove

8  this case based on the existence of federal questions pursuant to 28 U.S.C. §1331.

9  **II.    PROCESS, PLEADINGS, AND ORDERS RECEIVED BY DEFENDANTS**

10      The Plaintiff filed his Complaint in First Judicial District Court on January 29, 2024, and

11  the Carson City Defendants identified in the Complaint received a copy of the Complaint on or

12  about February 12, 2024.  A true and correct copy of the Complaint is attached hereto as Exhibit

13  "1."

14  **III.    THE COURT HAS JURISDICTION UNDER 28 U.S.C. §1331**

15      This Court has original jurisdiction over this case pursuant to 28 U.S.C. §1331, as

16  Plaintiff's Complaint contains claims based in federal law.  See, Exhibit "1."

17  **IV.    THIS REMOVAL IS TIMELY.**

18      The Carson City Defendants received the Complaint on February 12, 2024.  This Petition

19  is being filed on February 29, 2024, a date less than thirty (30) calendar days after the Complaint

20  was received by the Defendants, and, accordingly, the removal is timely.  See, 28 U.S.C.

21  §1446(C)(3).

22  **V.    DEFENDANTS HAVE MET ALL OTHER REQUIREMENTS FOR REMOVAL.**

23      1.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331.

24  Removal is proper pursuant to 28 U.S.C. §1441.

25      2.    Defendants attach to this Petition as Exhibit 1, a true and correct copy of the

26  Complaint.

27      3.    Defendants will promptly file a copy of this Petition for Removal in the First

28  Judicial District Court of the State of Nevada in and for Carson City pursuant to 28 U.S.C.

1 §1446(d).

2      4.      Defendants have served this Petition for Removal upon Plaintiff Drew Ribar.

3      DATED this 29th day of February, 2024.

4                                          THORNDAL ARMSTRONG, PC

5

6      By: ___/s/ Katherine Parks___
                                            KATHERINE F. PARKS, ESQ.
7                                          Nevada Bar No. 6227
                                            6590 S. McCarran Blvd., Suite B
8                                          Reno, Nevada 89509
                                            Attorney for Defendants
9                                          CARSON CITY

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## CERTIFICATE OF SERVICE

2        Pursuant to FRCP 5(b), I certify that I am an employee of Thorndal Armstrong, PC, and

3 that on this date I caused the foregoing PETITION FOR REMOVAL TO FEDERAL COURT to

4 be served on all parties to this action by:

5    X    placing an original or true copy thereof in a sealed, postage prepaid, envelope in the

6 United States mail at Reno, Nevada.

7 _____ United States District Court CM/ECF Electronic Filing Process

8 _____ hand delivery

9 _____ electronic means (fax, electronic mail, etc.)

10 _____ Federal Express/UPS or other overnight delivery

11 fully addressed as follows:

12

Drew J. Ribar
3480 Pershing Ln
Washoe Valley, NV  89704
Pro Se Plaintiff

13

14

15      DATED this 29th day of February, 2024.

16

17

18                               /s/ Laura Bautista
                             An employee of Thorndal Armstrong, PC

19

20

21

22

23

24

25

26

27

28

1

## INDEX OF EXHIBITS

2

| Exhibit No. | Description |
|---|---|
| 1 | Complaint |

# Exhibit 1 – Complaint

# Exhibit 1



1  Drew J. Ribar
2  3480 Pershing Ln
   Washoe Valley NV  89704
3  775-223-7899
   Consl2Audi@gmail.com
4  Pro Se

5

6          IN THE FIRST JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

7                           IN AND FOR CARSON CITY

8  DREW J RIBAR,                          Case No.:

9          Plaintiff,

10  vs.                                   COMPLAINT

11  STATE OF NEVADA EX REL NEVADA         JURY TRIAL DEMANDED
    DEPARTMENT OF CORRECTIONS, CARSON
12  CITY AND ITS SHERIFFS OFFICE, CARSON  (EXEMPT FROM ARBITRATION PER NAR
    CITY DISTRICT ATTORNEYS OFFICE,       3(A) DECLARATORY RELIEF REQUESTED)
13  CARSON CITY MANAGERS OFFICE,
    FERNANDEIS FRAZIER IN HIS OFFICIAL    OPPRESSION OF CONSTITUIONAL RIGHTS
14  CAPACITY AS WARDEN OF NORTHERN        NV CONSTITUTION ART. 1 SEC. 18, ART. 1
    NEVADA CORRECTIONAL, AARON RYDER      SEC. 9, ART 1. SEC 8, ART 1. SEC 6, ART 1.
15  IN HIS OFFICIAL CAPACITY AS AN OFFICER SEC. 1. UNITED STATES CONSTITUTION
    OF NEVADA DEPARTMENT OF               1ST AMENDMENT, 4TH AMENDMENT, 5TH
16  CORRECTIONS, ROBERT SMITH IN HIS      AMENDMENT, 8TH AMENDMENT, 14TH
    OFFICIAL CAPACITY AS AN OFFICER OF    AMENDMENT (NRS 197.200/42 USC 1983),
17  NEVADA DEPARTMENT OF CORRECTIONS,     RECORDING OF LAW ENFORCEMENT
    JASON BUENO IN HIS OFFICIAL CAPACITY  (NRS 171.1233), RECKLESS DRIVING (NRS
18  AS AN OFFICER OF CARSON CITY          484B.653), FALSE IMPRISONMENT (NRS
    SHERIFF, SEAN PALAMAR RYDER IN HIS    200.460), BATTERY NRS 200.481, ASSAULT
19  OFFICIAL CAPACITY AS AN OFFICER OF    NRS 200.471, COERSCION (NRS 207.190),
    CARSON CITY SHERIFF, TYSON DARIN      KIDNAPPING (NRS 200.310), UNLAWFUL
20  LEAGUE RYDER IN HIS OFFICIAL CAPACITY TAKING OF VEHICLE (NRS 205.2715),
    AS AN OFFICER OF CARSON CITY          GRAND LARCENY (NRS 205.220),
21  DISTRICT ATTORNEY , JAMES DZURENDA    MALICIOUS PROSECUTION (NRS 199.310)
22  (DIRECTOR NEVADA DEPARTMENT OF
    CORRECTIONS), JASON D WOODBURY
23  (CARSON CITY DISTRICT ATTORNEY),
    KENNETH T FURLONG IN HIS CAPACITY AS
24

25  COMPLAINTJURY TRIAL DEMANDED(EXEMPT FROM ARBITRATION PER NAR 3(A) DECLARATORY
    RELIEF REQUESTED) OPPRESSION OF CONSTITUIONAL RIGHTS NV CONSTITUTION ART. 1 SEC. 18,
26  ART. 1 SEC. 9, ART 1. SEC 8, ART 1. SEC 6, ART 1. SEC. 1. UNITED STATES CONSTITUTION 1ST
    AMENDMENT, 4TH AMENDMENT, 5TH AMENDMENT, 8TH AMENDMENT, 14TH AMENDMENT (NRS
27  197.200/42 USC 1983), RECORDING OF LAW ENFORCEMENT (NRS 171.1233), RECKLESS DRIVING (NRS
    484B.653), FALSE IMPRISONMENT (NRS 200.460), BATTERY NRS 200.481, ASSAULT NRS 200.471,
28  COERSCION (NRS 207.190), KIDNAPPING (NRS 200.310), UNLAWFUL TAKING OF VEHICLE (NRS
    205.2715), GRAND LARCENY (NRS 205.220), MALICIOUS PROSECUTION (NRS 199.310) - 1

1   SHERIFF CARSON CITY NV,
    OFFICER/DEPUTY/J. DOE 1-99
2
              Defendant
3

4   COMES NOW, the Plaintiff, Drew J. Ribar, Pro Se. Entering a complaint against Fernandeis

5   Frazier (Warden at Northern Nevada Correctional Center with Nevada Department of

6   Corrections / NDOC on 2022/08/30), Aaron Ryder (Lt. Nevada NDOC), Robert Smith (Sgt.

7   NDOC), Jason Bueno (Deputy Carson City Sheriff's Office / CCSO), Sean Palamar (Deputy

8   CCSO), Tyson Darin League (Supervising Deputy District Attorney Carson City District

9   Attorney's Office), James Dzurenda (Director NDOC), Jason D Woodbury (Carson City District

10  Attorney), Kenneth T Furlong (Sheriff CCSO), Nevada Department of Corrections, Carson City

11  NV and its Sheriff's Office, District Attorney's Office and it's City Manager's Office.

12

13

14  **Demand for Jury Trial**

15

16  **Paragraph 1. Jurisdiction**

17       1.  Mr. Ribar is a resident of Washoe Valley, Nevada, and operates a business

18           located in Carson City, Nevada. The Nevada Department of Corrections

19           (NDOC) main office is also located in Carson City, Northern Nevada

20           Correctional Center (location of arrest) operated by NDOC located in Carson

21           City, Carson City Sheriff's office located in Carson City, Carson City District

22           Attorney's office is in Carson City. Because the incident and the individuals

23           involved are all proximate to Carson City, Nevada, the First Judicial Court of

24           Nevada has territorial jurisdiction over this case.

25  COMPLAINTJURY TRIAL DEMANDED(EXEMPT FROM ARBITRATION PER NAR 3(A) DECLARATORY
    RELIEF REQUESTED) OPPRESSION OF CONSTITUIONAL RIGHTS NV CONSTITUTION ART. 1 SEC. 18,
26  ART. 1 SEC. 9, ART 1. SEC 8, ART 1. SEC 6, ART 1. SEC. 1. UNITED STATES CONSTITUTION 1ST
    AMENDMENT, 4TH AMENDMENT, 5TH AMENDMENT, 8TH AMENDMENT, 14TH AMENDMENT (NRS
27  197.200/42 USC 1983), RECORDING OF LAW ENFORCEMENT (NRS 171.1233), RECKLESS DRIVING (NRS
    484B.653), FALSE IMPRISONMENT (NRS 200.460), BATTERY NRS 200.481, ASSAULT NRS 200.471,
28  COERSCION (NRS 207.190), KIDNAPPING (NRS 200.310), UNLAWFUL TAKING OF VEHICLE (NRS
    205.2715), GRAND LARCENY (NRS 205.220), MALICIOUS PROSECUTION (NRS 199.310) - 2

2.  The Nevada Department of Corrections (NDOC), Carson City Sheriff's Office, Carson City District Attorney's Office and Carson City Nevada are all proper parties to this lawsuit. All these governmental entities have vicarious liability and are responsible for training their employees on the laws they are required to obey, providing employees with clear guidance on their duties and responsibilities.  The Defendants should have ensured their employees clearly understood and were trained not only in Nevada law NRS 171.1233 and others but also Fordyce V Seattle and others that has been caselaw throughout the 9th Circuit over 4 decades and affirmed in many other US Courts of Appeals and many State Courts reaffirming Our Constitutional Rights regarding a Free Press, Right to Due Process and Rights to be free of any unwarranted, unlawful and unconstitutional searches or seizures.

3.  All individuals named are proper parties to this lawsuit as all took actions or failed to take actions against Mr. Ribar in denying and oppressing his Constitutional Rights and violated laws in the process of this oppression whether by direct action of by lack of action over subordinates when notified of the violations of Rights.

4.  This Court has jurisdiction and authority based on Mack V Williams NV Supreme Court decision defining that government employees can be held personally responsible and have no qualified immunity for Constitutional violations.

COMPLAINTJURY TRIAL DEMANDED(EXEMPT FROM ARBITRATION PER NAR 3(A) DECLARATORY RELIEF REQUESTED) OPPRESSION OF CONSTITUIONAL RIGHTS NV CONSTITUTION ART. 1 SEC. 18, ART. 1 SEC. 9, ART 1. SEC 8, ART 1. SEC 6, ART 1. SEC. 1. UNITED STATES CONSTITUTION 1ST AMENDMENT, 4TH AMENDMENT, 5TH AMENDMENT, 8TH AMENDMENT, 14TH AMENDMENT (NRS 197.200/42 USC 1983), RECORDING OF LAW ENFORCEMENT (NRS 171.1233), RECKLESS DRIVING (NRS 484B.653), FALSE IMPRISONMENT (NRS 200.460), BATTERY NRS 200.481, ASSAULT NRS 200.471, COERSCION (NRS 207.190), KIDNAPPING (NRS 200.310), UNLAWFUL TAKING OF VEHICLE (NRS 205.2715), GRAND LARCENY (NRS 205.220), MALICIOUS PROSECUTION (NRS 199.310) - 3

Case 3:24-cv-00103-ART-CLB    Document 39-1    Filed 12/02/24    Page 16 of 22
Case 3:24-cv-00103    Document 1-1    Filed 02/29/24    Page 5 of 11

**Paragraph 2. Facts & Cause of Action**

1. On August 30, 2022, plaintiff Drew J Ribar went to Northern Nevada Correctional Center located at 1721 E Snyder Ave. Carson City Nevada and began recording in front of the prison facilities sign on the public road at the corner of Snyder Avenue and the public road leading to the prison's visitor parking lot. After finishing his recording Mr. Ribar got back into his truck and began driving down the public road heading to the prison's visitor center when suddenly from oncoming traffic, a plain, unmarked white van with no emergency lights or any identifying marks crossed over the double line trying to run Mr. Ribar off the road, detaining him. US Const. 4th, 5th, 14th Amend. NV Const. Art 1. Sec. 1., 8., 18., NRS 484B.653 Reckless Driving, NRS 200.460 False Imprisonment.

2. Defendant Lt. Aaron Ryer #10300 who is a "peace officer" NRS 289.220 was driving the van "in willful or wanton disregard of the safety of persons or property on a highway or premises to which the public has access" by crossing the double lines while heading in the opposite direction of travel and blocking Mr. Ribar from traveling down the public right of way and detaining him. Once Mr. Ribar stopped Lt. Ryer identified himself and told Mr. Ribar to "go off property to record" then restated "I need you to film off the property". NV Const Art. 1. Sec. 9., US Const. 1st Amend NRS 171.1233

3. Mr. Ribar was blocked in with his truck, a long wheelbase, extended cab, long bed dually GMC K3500 by Lt. Ryer in his van in front of Mr. Ribar and

COMPLAINTJURY TRIAL DEMANDED(EXEMPT FROM ARBITRATION PER NAR 3(A) DECLARATORY RELIEF REQUESTED) OPPRESSION OF CONSTITUIONAL RIGHTS NV CONSTITUTION ART. 1 SEC. 18, ART. 1 SEC. 9, ART 1. SEC 8, ART 1. SEC 6, ART 1. SEC. 1. UNITED STATES CONSTITUTION 1ST AMENDMENT, 4TH AMENDMENT, 5TH AMENDMENT, 8TH AMENDMENT, 14TH AMENDMENT (NRS 197.200/42 USC 1983), RECORDING OF LAW ENFORCEMENT (NRS 171.1233), RECKLESS DRIVING (NRS 484B.653), FALSE IMPRISONMENT (NRS 200.460), BATTERY NRS 200.481, ASSAULT NRS 200.471, COERSCION (NRS 207.190), KIDNAPPING (NRS 200.310), UNLAWFUL TAKING OF VEHICLE (NRS 205.2715), GRAND LARCENY (NRS 205.220), MALICIOUS PROSECUTION (NRS 199.310) - 4

1    Officer Doe in a white Jeep behind Mr. Ribar not allowing Mr. Ribar

2    movement of his vehicle in a safe manner, thereby detaining Mr. Ribar

3    depriving him of his liberty. US Constitution 4th & 14th Amendment Nevada

4    Constitution Art. 1, Section 1 & 8.

5        4.  Mr. Ribar then exited his truck and the officers refused to engage in further

6           conversation, with his camera recording to disseminate to the public he

7           walked back to the entrance of the public road to the prison visitor center and

8           crossed Snyder Ave to get a full view of any potential signs that restricted

9           access to the property and there were none.  Mr. Ribar then proceeded to

10          walk back to his truck, the temperature was approximately 95 degrees, a very

11          hot day in the sun.  When Mr. Ribar returned to his truck he then, on foot,

12          approached Lt. Ryer who was sitting in his van blocking the truck of Mr.

13          Ribar, Lt. Ryer was not communicative so Mr. Ribar informed him he was

14          exercising his Constitutional Rights to film in publicly accessible areas and

15          case law of Fordyce V Seattle 9th Cir. (additional case law Crago v Leonard 9th

16          Cir., Barich v City of Cotati 9th Cir., Glik v Cunniffe 1st Cir., Perkins v Hart 5th

17          Cir.,  Dewitt v Haney 11th Cir., Irizarry v Yehia 10th Cir., Martin v Goss 1st Cir.,

18          etc...).

19       5.  Mr. Ribar then proceeded to walk down the left-hand side of the road heading

20          to the visitor center when Sgt. Robert Smith (also on foot) approached Mr.

21          Ribar blocking Mr. Ribar's path (detaining him yet again) of travel and liberty

22          stating, "We have called the Sheriff Dept.", "Can not have you walking around

COMPLAINTJURY TRIAL DEMANDED(EXEMPT FROM ARBITRATION PER NAR 3(A) DECLARATORY
RELIEF REQUESTED) OPPRESSION OF CONSTITUIONAL RIGHTS NV CONSTITUTION ART. 1 SEC. 18,
ART. 1 SEC. 9, ART 1. SEC 8, ART 1. SEC 6, ART 1. SEC. 1. UNITED STATES CONSTITUTION 1ST
AMENDMENT, 4TH AMENDMENT, 5TH AMENDMENT, 8TH AMENDMENT, 14TH AMENDMENT (NRS
197.200/42 USC 1983), RECORDING OF LAW ENFORCEMENT (NRS 171.1233), RECKLESS DRIVING (NRS
484B.653), FALSE IMPRISONMENT (NRS 200.460), BATTERY NRS 200.481, ASSAULT NRS 200.471,
COERSCION (NRS 207.190), KIDNAPPING (NRS 200.310), UNLAWFUL TAKING OF VEHICLE (NRS
205.2715), GRAND LARCENY (NRS 205.220), MALICIOUS PROSECUTION (NRS 199.310) - 5

here filming for safety reasons". NRS 171.1233, NRS 207.190, NV Const Art. 1.

Sec. 1 & 9., US Const. 1st 4th & 14th Amend.

6.   Mr. Ribar had a conversation with Sgt. Smith when Sgt. Smith states, "this is

a public road" and then steps aside to allow Mr. Ribar to make his way down

the road into the visitor parking lot when a black man in a blue shirt comes

outside stating "you are in an unauthorized position". The man in the blue

shirt refused to identify himself (after the arrest he has been identified as

Warden Fernandeis Frazier) after being asked multiple times what his name

was and refusing a conversation with Mr. Ribar. Within seconds Carson City

Sheriff deputies Jason Bueno and Sean Palamar arrived and the man in the

blue shirt (Warden Frazier) said that Mr. Ribar was "trespassing" NRS

207.200, and Mr. Ribar was unlawfully arrested (Case No. 22 CR 01231 1C

status: **DISMISSED**) without any notice to leave under threat of arrest or

Due Process to be trespassed. US Constitution 4th and 5th Amendment,

Nevada Constitution Art. 1 Sec. 1& 8., Thomspon V Clark US Supreme Court.

7.   Mr. Ribar was handcuffed, his property taken, his body and clothes searched,

he was then placed in the back of Deputy Jason Bueno Sheriff patrol vehicle.

Deputy Bueno proceeded to roll up all windows, close the center divider with

all air conditioning vents in the prisoner compartment closed, depriving Mr.

Ribar of any air movement inside the prisoner compartment where Mr. Ribar

was locked inside the vehicle on a 95-degree day in full sun on a sweltering

hot day. Deputy Beuno spent some time talking to the other government

COMPLAINTJURY TRIAL DEMANDED(EXEMPT FROM ARBITRATION PER NAR 3(A) DECLARATORY
RELIEF REQUESTED) OPPRESSION OF CONSTITUIONAL RIGHTS NV CONSTITUTION ART. 1 SEC. 18,
ART. 1 SEC. 9, ART 1. SEC 8, ART 1. SEC 6, ART 1. SEC. 1. UNITED STATES CONSTITUTION 1ST
AMENDMENT, 4TH AMENDMENT, 5TH AMENDMENT, 8TH AMENDMENT, 14TH AMENDMENT (NRS
197.200/42 USC 1983), RECORDING OF LAW ENFORCEMENT (NRS 171.1233), RECKLESS DRIVING (NRS
484B.653), FALSE IMPRISONMENT (NRS 200.460), BATTERY NRS 200.481, ASSAULT NRS 200.471,
COERSCION (NRS 207.190), KIDNAPPING (NRS 200.310), UNLAWFUL TAKING OF VEHICLE (NRS
205.2715), GRAND LARCENY (NRS 205.220), MALICIOUS PROSECUTION (NRS 199.310) - 6

officers involved before coming back to the patrol vehicle, where he sat in the driver's seat and had a device that he appeared to put under his duty vest to cool himself off. Deputy Bueno then drove Mr. Ribar to the jail while Mr. Ribar dripped in sweat, with the sweat falling into his eyes he was unable to wipe them, he suffered stinging pain and unable to focus his vision suffering in the heat being "hot boxed", which is in fact "cruel and unusual punishment" and this same treatment of an animal is a crime in the State of Nevada (NRS 202.487, NRS 574.055), while at the same time deputy Bueno had a device to cool himself under his duty vest with air conditioning blowing on himself. US Const 1st, 4th, 5th, 8th and 14th Amendments, NV Const Art 1. Sec. 1., 6., 8., 9., 18., 42 USC 1983 action for deprivation of rights, NRS 197.200 Oppression under color of office, NRS 171.1233 Recording of law enforcement activity, NRS 200.460 False imprisonment, NRS 200.481 Battery, NRS 200.471 Assault, NRS 207.190 Coercion, NRS 200.310 Kidnapping.

8.  At the same time Mr. Ribar was being "hotboxed" his truck was being impounded for parking on the side of a public roadway well off the pavement, was causing NO hindrance to other vehicles moving safely down the roadway and there were not any signs regulating parking near Mr. Ribar's truck. Deputy Sean Palamar was having Mr. Ribar's property taken by Cal-Neva Transport & Tow Inc. executing a "Nonconsensual tow" (NRS 706.4022), seizing Mr. Ribar's property, denying him of its use until a fee was paid to

COMPLAINTJURY TRIAL DEMANDED(EXEMPT FROM ARBITRATION PER NAR 3(A) DECLARATORY RELIEF REQUESTED) OPPRESSION OF CONSTITUIONAL RIGHTS NV CONSTITUTION ART. 1 SEC. 18, ART. 1 SEC. 9, ART 1. SEC 8, ART 1. SEC 6, ART 1. SEC. 1. UNITED STATES CONSTITUTION 1ST AMENDMENT, 4TH AMENDMENT, 5TH AMENDMENT, 8TH AMENDMENT, 14TH AMENDMENT (NRS 197.200/42 USC 1983), RECORDING OF LAW ENFORCEMENT (NRS 171.1233), RECKLESS DRIVING (NRS 484B.653), FALSE IMPRISONMENT (NRS 200.460), BATTERY NRS 200.481, ASSAULT NRS 200.471, COERSCION (NRS 207.190), KIDNAPPING (NRS 200.310), UNLAWFUL TAKING OF VEHICLE (NRS 205.2715), GRAND LARCENY (NRS 205.220), MALICIOUS PROSECUTION (NRS 199.310) - 7

1    redeem it. US Const. 4th, 5th, 8th, 14th Amend, NV Const Art 1. Sec. 1, 6, 8, 18,

2    NRS 205.2715 Unlawful Taking of Vehicle, NRS 205.220 Grand Larceny.

3    9.  After his arrest and release from jail, Mr. Ribar wrote letters and personally

4    visited the Sheriff's office and the Office of the Carson City District Attorney

5    describing why the arrest and incidents were unlawful and unconstitutional.

6    The Sherrif and Carson City Attorney decided not to investigate or prosecute

7    their own actions and instead went ahead with prosecuting the case against

8    Mr. Ribar by proceeding to amend the complaints removing the filming and

9    recording aspects from the original complaints,  deleting the reasoning

10    "probable cause" for removing Mr. Ribar and being arrested having anything

11    to do with filming after Mr. Ribar made them aware of NRS 171.1233. After

12    time and money spent by Mr. Ribar to defend this case the prosecution

13    offered a plea deal to pay a fine, plead "no contest" and then on December 20,

14    2023, the prosecutor Jason Woodbury and Tyson Darin League would

15    dismiss the case. The prosecutor never had any probable cause to pursue a

16    case against Mr. Ribar.  This put Mr. Ribar in a position to choose to spend

17    close to $30,000.00 and go through a trial or to accept the plea that in the

18    end would have the same result as the case being dismissed.  The

19    prosecutions' goal in forcing the settlement requiring Mr. Ribar to pay an

20    unjust fine and deny his 1st Amendment Right to gather and disseminate

21    information to the public was to "teach a lesson" for NO Constitutional or

22

23

24

25    COMPLAINT JURY TRIAL DEMANDED (EXEMPT FROM ARBITRATION PER NAR 3(A) DECLARATORY
RELIEF REQUESTED) OPPRESSION OF CONSTITUIONAL RIGHTS NV CONSTITUTION ART. 1 SEC. 18,
26    ART. 1 SEC. 9, ART 1. SEC 8, ART 1. SEC 6, ART 1. SEC. 1. UNITED STATES CONSTITUTION 1ST
AMENDMENT, 4TH AMENDMENT, 5TH AMENDMENT, 8TH AMENDMENT, 14TH AMENDMENT (NRS
27    197.200/42 USC 1983), RECORDING OF LAW ENFORCEMENT (NRS 171.1233), RECKLESS DRIVING (NRS
484B.653), FALSE IMPRISONMENT (NRS 200.460), BATTERY NRS 200.481, ASSAULT NRS 200.471,
28    COERSCION (NRS 207.190), KIDNAPPING (NRS 200.310), UNLAWFUL TAKING OF VEHICLE (NRS
205.2715), GRAND LARCENY (NRS 205.220), MALICIOUS PROSECUTION (NRS 199.310) - 8

lawful reason.  US Const. 1st 4th, 5th, 14th Amendment, NV Const Art1. Sec. 1.,

6., 8., 9., NRS 199.310 Malicious Prosecution.

10. Mr. Ribar also tried to communicate, publish and disseminate the video of his

Unconstitutional and unlawful arrest via the Carson City Sheriff's Office

Facebook page operating as a governmental social media page.  When Mr.

Ribar posted videos and comments of his arrest and other news to

disseminate to the public via the Carson City Sheriff's Office Facebook

government social media page, he was blocked from the page quashing his

Free Speech Rights without Due Process.  This action violated Mr. Ribar's US

Const. 1st & 14th Amendment and Nevada Constitution Art. 1 Sec. 9 Rights.

Garnier v. O'Connor-Ratcliff 9th Cir.

## Paragraph 3. Damages

1. Compensatory Damages: All the costs to include, time, money, loss of access
   to public spaces and opportunities, out of pocket expenses, lost wages,
   property damage, pain, suffering, emotional distress, loss of enjoyment of life,
   loss of companionship in the amount of $10,000.00 per day (477 days total)
   that Mr. Ribar's Liberty was denied,  $1,000,000.00 for arresting, torture,
   booking, body scanning, and confining Mr. Ribar or as the Court determines.

2. Punitive damages as the defendants acted with knowledge and forethought
   from the initial encounter where Lt. Ryder would not communicate regarding
   RIGHTS or laws as well as the conclusion of the arrest with the Court
   dismissing the case only after the prosecutor Tyson League took his pound of

COMPLAINTJURY TRIAL DEMANDED(EXEMPT FROM ARBITRATION PER NAR 3(A) DECLARATORY RELIEF REQUESTED) OPPRESSION OF CONSTITUIONAL RIGHTS NV CONSTITUTION ART. 1 SEC. 18, ART. 1 SEC. 9, ART 1. SEC 8, ART 1. SEC 6, ART 1. SEC. 1. UNITED STATES CONSTITUTION 1ST AMENDMENT, 4TH AMENDMENT, 5TH AMENDMENT, 8TH AMENDMENT, 14TH AMENDMENT (NRS 197.200/42 USC 1983), RECORDING OF LAW ENFORCEMENT (NRS 171.1233), RECKLESS DRIVING (NRS 484B.653), FALSE IMPRISONMENT (NRS 200.460), BATTERY NRS 200.481, ASSAULT NRS 200.471, COERSCION (NRS 207.190), KIDNAPPING (NRS 200.310), UNLAWFUL TAKING OF VEHICLE (NRS 205.2715), GRAND LARCENY (NRS 205.220), MALICIOUS PROSECUTION (NRS 199.310) - 9

1   flesh in the form of a monetary penalty and extending the restrictions of

2   accessing public property and services of the State of Nevada until December

3   20, 2023 a total of 477 days that Mr. Ribar's Constitutional Rights were

4   violated.  Damages requested in the amount the Court finds.

5   3.   Injunctive Relief sought from the Court in issuing an order to all named

6   governmental entities listed in this lawsuit to require annual mandatory

7   Constitutional and legal training for all employees to ensure tax funded

8   governmental employees know and understand our Rights and laws to better

9   serve the people.  Order the Carson City District Attorney not to amend

10  charging documents to distort facts and to not prosecute a member of the

11  press with no other legal basis.

12  Dated this 29th day of January 2024.

13

14

15                                    Drew Ribar
                                      Pro Se
16

17

18

19

20

21

22

23

24

25  COMPLAINTJURY TRIAL DEMANDED(EXEMPT FROM ARBITRATION PER NAR 3(A) DECLARATORY
    RELIEF REQUESTED) OPPRESSION OF CONSTITUIONAL RIGHTS NV CONSTITUTION ART. 1 SEC. 18,
26  ART. 1 SEC. 9, ART 1. SEC 8, ART 1. SEC 6, ART 1. SEC. 1. UNITED STATES CONSTITUTION 1ST
    AMENDMENT, 4TH AMENDMENT, 5TH AMENDMENT, 8TH AMENDMENT, 14TH AMENDMENT (NRS
27  197.200/42 USC 1983), RECORDING OF LAW ENFORCEMENT (NRS 171.1233), RECKLESS DRIVING (NRS
    484B.653), FALSE IMPRISONMENT (NRS 200.460), BATTERY NRS 200.481, ASSAULT NRS 200.471,
28  COERSCION (NRS 207.190), KIDNAPPING (NRS 200.310), UNLAWFUL TAKING OF VEHICLE (NRS
    205.2715), GRAND LARCENY (NRS 205.220), MALICIOUS PROSECUTION (NRS 199.310) - 10