Drew J. Ribar
3480 Pershing Ln
Washoe Valley NV  89704
775-223-7899
Const2Audit@gmail.com
Pro Se

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| **DREW J. RIBAR,**<br>　Plaintiff,<br>v.<br>**STATE OF NEVADA EX REL., NEVADA DEPARTMENT OF CORRECTIONS, CARSON CITY AND ASSOCIATED DEFENDANTS**<br>　Defendants. | Case No.: 3:24-cv-00103-ART-CLB<br><br>PLAINTIFF'S RESPONSE TO CARSON CITY DEFENDANTS' REPLY TO ORDER TO SHOW CAUSE AND REQUEST FOR REMAND TO STATE COURT |

## I. INTRODUCTION

Plaintiff, Drew J. Ribar, submits this response to the Carson City Defendants' Reply to the Order to Show Cause dated December 2, 2024. Defendants fail to justify their removal under 28 U.S.C. § 1446(a)(2)(A) and instead rely on mischaracterizations of procedural requirements and an attempt to retroactively cure the procedural defects. These arguments are insufficient to overcome the mandatory rule of unanimity and the procedural protections embedded in removal statutes.

Plaintiff reiterates that this case was improperly removed and respectfully requests that this Court remand the case to the First Judicial District Court of Nevada.

PLAINTIFF'S RESPONSE TO CARSON CITY DEFENDANTS' REPLY TO ORDER TO SHOW CAUSE AND REQUEST FOR REMAND TO STATE COURT - 1

## II. ARGUMENT

**1. Removal Violated the Rule of Unanimity Under § 1446(a)(2)(A)**

The Carson City Defendants removed this case on February 29, 2024, without obtaining consent or joinder from other properly served defendants, including the State of Nevada Department of Corrections, Robert Smith, and James Dzurenda. Defendants' argument that they were unaware of service at the time of removal fails for the following reasons:

- **Service Was Effected Before Removal**: Plaintiff provided affidavits of service demonstrating that these defendants were served on February 13, 2024—16 days before removal. This evidence was submitted to the Court on July 25, 2024 (ECF Nos. 18, 23, 28). The Carson City Defendants' assertion that they were unaware of service cannot absolve them of their statutory duty to comply with the rule of unanimity (*Prize Frize, Inc. v. Matrix, Inc.*, 167 F.3d 1261, 1266 (9th Cir. 1999)).

- **Ignorance Does Not Excuse Noncompliance**: The Ninth Circuit has consistently held that ignorance of service does not excuse a failure to comply with § 1446(a)(2)(A). Defendants had a duty to investigate whether other defendants had been served before filing their removal petition (*Destfino v. Reiswig*, 630 F.3d 952, 956 (9th Cir. 2011)). Their failure to do so renders the removal procedurally defective.

**2. Procedural Defects in Removal Are Irreparable**

The Carson City Defendants argue that removal was proper because they followed other procedural steps, such as notifying Plaintiff of removal under § 1446(d). However, this does not

PLAINTIFF'S RESPONSE TO CARSON CITY DEFENDANTS' REPLY TO ORDER TO SHOW CAUSE AND REQUEST FOR REMAND TO STATE COURT - 2

cure their failure to obtain consent from all properly served defendants, a fatal defect that mandates remand (*Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1263 (5th Cir. 1988)).

- **Retroactive Consent Is Prohibited**: Courts have repeatedly rejected attempts to cure procedural defects in removal retroactively. The rule of unanimity requires contemporaneous consent at the time of removal (*Henderson v. Holmes*, 920 F. Supp. 1184, 1187 (D. Kan. 1996)). The Carson City Defendants' failure to obtain such consent cannot be remedied post hoc.

**3. Federal Jurisdiction Is Inappropriate for State Law Causes of Action**

This case includes substantial state law claims, particularly under **Mack v. Williams**, which allows a state cause of action and damages for constitutional violations. These claims are better suited for resolution in Nevada state courts:

- **Concurrent Jurisdiction for Federal Claims**: State courts have concurrent jurisdiction over constitutional claims under 42 U.S.C. § 1983 unless Congress explicitly divests them of jurisdiction (*Haywood v. Drown*, 556 U.S. 729, 735 (2009)). Nevada state courts are fully competent to adjudicate these claims, and judicial economy favors remand to the original forum.

- **State Claims Predominate**: The inclusion of federal claims does not override the importance of state law issues in this case. The underlying policy considerations and damages sought align closely with Nevada-specific legal principles articulated in *Mack v. Williams*. Allowing state courts to address these claims ensures consistency with state law interpretations.

PLAINTIFF'S RESPONSE TO CARSON CITY DEFENDANTS' REPLY TO ORDER TO SHOW CAUSE AND REQUEST FOR REMAND TO STATE COURT - 3

**4. Judicial Economy and Fairness Support Remand**

The procedural defects in removal have caused unnecessary delays and prejudiced Plaintiff's ability to proceed in the originally intended forum. Returning the case to state court aligns with principles of judicial economy, reduces litigation costs, and respects state sovereignty.

**III. CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that this Court:

1. Find that removal was procedurally improper under 28 U.S.C. § 1446(a)(2)(A) due to the failure to obtain consent from all properly served defendants.
2. Remand this case to the First Judicial District Court of Nevada for further proceedings.
3. Award Plaintiff costs and fees incurred, to include the cost of Mr. Ribar's Lexis account used for legal research, as a result of improper removal under 28 U.S.C. § 1447(c).

DATED: December 2, 2024
Respectfully submitted,

**Drew J. Ribar**
Pro Se Plaintiff

/S/ Drew J. Ribar

_____
Drew J. Ribar (Pro Se)

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

DREW J. RIBAR,
   Plaintiff,
v.
STATE OF NEVADA EX REL., NEVADA DEPARTMENT OF CORRECTIONS, CARSON CITY AND ASSOCIATED DEFENDANTS
   Defendants.

Case No.: 3:24-cv-00103-ART-CLB

**CERTIFICATE OF SERVICE**

I hereby certify that on December 2, 2024, I filed the **Plaintiff's Response to Carson City Defendants' Reply to Order to Show Cause and Request for Remand to State Court** with the Clerk of the Court for the U.S. District Court for the District of Nevada via email at **reno_public_docketing@nvd.uscourts.gov**, in accordance with local rules for pro se filings.

Additionally, I served a copy of the same document via email to the following attorneys of record:

- **Katherine F. Parks, Esq.**
  Thorndal Armstrong, PC
  Email: kfp@thorndal.com
  Attorney for Defendants CARSON CITY, JASON BUENO, SEAN PALAMAR, TYSON LEAGUE, JASON WOODBURY, and KENNETH FURLONG
- **State of Nevada Office of the Attorney General**
  Email: drands@ag.nv.gov
  Attorney for Defendants NEVADA DEPARTMENT OF CORRECTIONS

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED: December 2, 2024

**/S/ Drew J. Ribar**
Drew J. Ribar
3480 Pershing Lane
Washoe Valley, NV 89704
Email: Const2Audit@gmail.com
Pro Se Plaintiff

PLAINTIFF'S RESPONSE TO CARSON CITY DEFENDANTS' REPLY TO ORDER TO SHOW CAUSE AND REQUEST FOR REMAND TO STATE COURT - 5