UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DREW J. RIBAR,<br><br>        Plaintiff,<br>v.<br><br>STATE OF NEVADA EX. REL. NEVADA DEPARTMENT OF CORRECTIONS, CARSON CITY AND ITS SHERIFFS OFFICE, CARSON CITY DISTRICT ATTORNEYS OFFICE, CARSON CITY MANAGERS OFFICE, FERNANDEIS FRAZAIER IN HIS OFFICIAL CAPACITY AS WARDEN OF NORTHERN NEVADA CORRECTIONAL, AARON RYDER IN HIS OFFICIAL CAPACITY AS AN OFFICER OF NEVADA DEPARTMENT OF CORRECTIONS, ROBERT SMITH IN HIS OFFICIAL CAPACITY AS AN OFFICER OF NEVADA DEPARTMENT OF CORRECTIONS, JASON BUENO IN HIS OFFICIAL CAPACITY AS AN OFFICER OF CARSON CITY SHERIFF, SEAN PALAMAR RYDER IN HIS OFFICIAL CAPACITY AS AN OFFICER OF CARSON CITY SHERIFF, TYSON DARIN LEAGUE RYDER IN HIS OFFICIAL CAPACITY AS AN OFFICER OF CARSON CITY DISTRICT ATTORNEY, JAMES DZURENDA (DIRECTOR NEVADA DEPARTMENT OF CORRECTIONS), JASON D. WOODBURY (CARSON CITY DISTRICT ATTORNEY), KENNETH T. FURLONG IN HIS CAPACITY AS SHERIFF CARSON CITY, NV, OFFICER/DEPUTY/J. DOE 1-99,<br>        Defendants. | Case No. 3:24-cv-00103-ART-CLB<br><br>ORDER REGARDING REMOVAL AND LEAVE TO AMEND |

On January 29, 2024, Plaintiff Drew J. Ribar filed the instant case in the First Judicial District Court of Nevada, alleging several federal constitutional and state law claims against two groups of Defendants: "Carson City Defendants" and "State of Nevada Defendants." (ECF No 1-1.) Carson City Defendants timely filed

1

a petition for removal in the District of Nevada on February 29, 2024. (ECF No. 1.) However, they did so without consent of the State of Nevada Defendants.

### I. Removal

On November 22, 2024, the Court issued an Order to Show Cause as to why removal in this action without the joinder or consent of all other Defendants in the state court action was proper. (ECF No. 38.) Carson City Defendants responded that "the Carson City Defendants were not aware of service of process having been made on the State of Nevada or any of its officers, at the time they filed their Petition for Removal. (ECF No. 39 at 2.) However, the state court docket[1] reveals that Plaintiff filed affidavits of service as to several of the State of Nevada Defendants in that action on February 21, 2024.[2] Plaintiff responded that removal was improper under 28 U.S.C. § 1446(a)(2)(A) for failure to obtain consent or joinder from other served defendants, and requests that this case be remanded to state court. (ECF No. 40.)

Under 28 U.S. § 1446(a)(2)(A), "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." Carson City Defendants' petition for removal cites 28 U.S.C. § 1441(a) as the basis for removal, as there is federal question jurisdiction over Plaintiff's constitutional claims under 28 U.S.C. § 1331. (ECF No. 1 at 2.) Thus, the requirement under 28 U.S. § 1446(a)(2)(A) that all properly joined and served defendants join or consent to removal applies.

---

[1] The Court takes judicial notice of the docket in the state court action from which this case was removed. *United States v. Gray*, No. 2:95-CR-00324-JAD, 2021 WL 4616028, at *1 n.6 (D. Nev. Oct. 6, 2021) (citing *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980); *In re Icenhower*, 755 F.3d 1130, 1142 (9th Cir. 2014)).

[2] Affidavits of service on Robert Smith, James Dzurenda, and the State of Nevada ex rel Nevada Department of Corrections were filed on February 21, 2024. Declaration of Service, *Ribar v. State of Nevada et al.*, 24OC00022 1B (1st Jud. Dist. Ct., Clark Cnty., Nev.), Docket No. 6. It also appears that Plaintiff filed an affidavit of service as to the State of Nevada Office of the Attorney General, attesting to service on February 27, 2024. *Id.*, Docket No. 3. However, it appears this was not filed with the state court until March 21. *Id.*

Additionally, some courts, including those in this District, have held that a removing party must affirmatively explain the absence of any co-defendants in the notice of removal. *Riggs v. Plaid Pantries, Inc.*, 233 F. Supp. 2d 1260, 1267 (D. Or. 2001); *McCann v. Quality Loan Serv. Corp.*, No. 3:19-CV-00573-RCJ-WGC, 2020 WL 3883648, at *3 (D. Nev. July 8, 2020); *Price v. JPMorgan Chase Bank N.A.*, No. 2:16-CV-0373-GMN-CWH, 2016 WL 3912842, at *2 n.1 (D. Nev. July 19, 2016). Carson City Defendants failed to do so. While Carson City Defendants may believe that the service upon the State of Nevada Defendants in February of 2024 was not proper, they failed to state this. They did not explicitly acknowledge that removal was without the State of Nevada Defendants in their Petition for Removal (ECF No. 1) and stated only that they "are not aware that any of the other Defendants were served prior to the Defendants' filing of the Petition for Removal" in their Statement of Removal. (ECF No. 6 at 2). Regardless of whether service on the State of Nevada Defendants in February 2024 was proper, Carson City Defendants had notice of it and failed to explain the absence of these co-defendants. *See Riggs*, 233 F. Supp. 2d at 1268; *McCann v. Quality Loan Serv. Corp.*, No. 3:19-CV-00573-RCJ-WGC, 2020 WL 3883648, at *3 (D. Nev. July 8, 2020); *Price v. JPMorgan Chase Bank N.A.*, No. 2:16-CV-0373-GMN-CWH, 2016 WL 3912842, at *2 n.1 (D. Nev. July 19, 2016).

While the failure to explain the absence of co-defendants may be a procedural defect requiring remand to state Court, here, Plaintiff's request to remand this case falls beyond the deadline to move for remand on this basis. Under 28 U.S. § 1447(c), "a motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." The failure to join all parties in removal is a procedural defect and does not concern subject matter jurisdiction. *See Doe v. GTE Corp.*, 347 F.3d 655, 657 (7th Cir. 2003). Mr. Ribar's response to the Court's Order to Show Cause, if liberally construed as a motion

to remand, falls outside of the 30-day period in which a motion to remand for a procedural defect is proper under § 1447(c). Additionally, a Court cannot *sua sponte* remand a case for a procedural defect. *Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1102-93 (9th Cir. 2003). Therefore, to the extent that Mr. Ribar's filing at ECF No. 40 constitutes a motion to remand, it is denied.

## II.    Leave to Amend

Because this case was removed by only the Carson City Defendants, the State of Nevada Defendants are not present in this federal action. If Plaintiff wants the State of Nevada Defendants to be included in this action, he may file a motion for leave to file an amended complaint which includes all Defendants. Under Fed. R. Civ. P. 15(a)(2), a party may amend its pleading only with the opposing party's written consent or the court's leave. Courts in the Ninth Circuit consider the following factors in determining whether to grant a Plaintiff leave to amend a complaint: bad faith by the party seeking to amend, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint. *LT Int'l Ltd. v. Shuffle Master, Inc.*, 8 F. Supp. 3d 1238, 1250 (D. Nev. 2014) (citing *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004)); *see also Chudacoff v. Univ. Med. Ctr. of S. Nevada*, 649 F.3d 1143, 1152 (9th Cir. 2011) ("Leave to amend a party's pleading pursuant to Rule 15(a) of the Federal Rules of Civil Procedure 'should [be] freely give[n] … when justice so requires,' Fed. R. Civ. P. 15(a), and generally shall be denied only upon showing of bad faith, undue delay, futility, or undue prejudice to the opposing party.").

Additionally, Under District of Nevada Local Rule 15-1:

> (a) Unless the court orders otherwise, the moving party must attach the proposed amended pleading to a motion seeking leave of the court to file an amended pleading. The proposed amended pleading must be complete in and of itself without reference to the superseded pleading and must include copies of all

4

exhibits referred to in the proposed amended pleading.

(b) If the court grants leave to file an amended pleading, and unless the court orders otherwise, the moving party must then file and serve the amended pleading.

Plaintiff should be advised that an amended complaint supersedes all other previously filed complaints in a lawsuit. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1989). That means that if Plaintiff chooses to file an amended complaint, it should contain all claims, defendants, and factual allegations that Plaintiff wishes to pursue in this action.[3]

### III.  Conclusion

It is therefore ordered that Plaintiff's response to the Court's Order to Show Cause (ECF No. 40), to the extent that it requests that this case be remanded to state court, is DENIED.

It is further ordered that Plaintiff may file a motion for leave to amend his complaint pursuant to Fed. R. Civ. P. 15 and Local Rule 15-1, by March 29, 2025. Plaintiff should attach his proposed amended complaint to his motion.

Dated this 27th day of February 2025.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

---

[3] If Plaintiff simply wishes to bring the same claims against all defendants listed in his original state court complaint, he could file that complaint, which includes all of the Carson City and State of Nevada Defendants, as the proposed amended complaint in this case.