UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Drew J. Ribar,
Plaintiff,
v.
**State of Nevada ex rel. Nevada Department of Corrections; Carson City; Sheriff Kenneth Furlong**, in his official and individual capacities; **Deputy Jason Bueno**, in his official and individual capacities; **Deputy Sean Palamar**, in his individual capacity; **Sgt. Robert Smith**, in his individual capacity; **Sgt. Fernandeis Frazier**, in his individual capacity; **Sgt. TJ Boggan**, in his official and individual capacities; **District Attorney Jason Woodbury**, in his official capacity; and **DOES 1-10**,
Defendants.

Case No. 3:24-cv-00103-ART-CLB

# FIRST AMENDED COMPLAINT

[JURY TRIAL DEMANDED]

# INTRODUCTION

Plaintiff **Drew J. Ribar**, a Nevada resident and owner of **A&A Towing, Inc.**, brings this action under **42 U.S.C. § 1983**, **42 U.S.C. § 1985(3)**, and supplemental state law (**28 U.S.C. § 1367**) against Defendants for a pattern of unconstitutional **retaliation, censorship, conspiracy, and excessive force** from **August 30, 2022 to March 20, 2025**, targeting his First Amendment press activities as *Audit Reno 911*.

PLEADING TITLE - 1

Defendants arrested Plaintiff, subjected him to **hotboxing**, towed his vehicle, maliciously prosecuted him, censored **11,653 social media comments** (including **55** tied to Plaintiff in 2024), blocked his online account, and detained him for recording in a public lobby, violating the **First, Fourth, Fifth, and Fourteenth Amendments**, and **Nevada Constitution Art. 1, §§ 1, 6, 8, 9, and 18**.

Plaintiff seeks **declaratory, injunctive, compensatory, punitive**, and other relief under **Exhibits A–P** and further relief as the Court deems just.

# JURISDICTION AND VENUE

- **Jurisdiction:** This Court has jurisdiction under **28 U.S.C. § 1331** (federal questions) and **§ 1367** (state law claims).
- **Venue:** Proper under **28 U.S.C. § 1391(b)(2)**, as all events occurred in **Carson City, Nevada**, within this judicial district.

# PARTIES

- **Plaintiff Drew J. Ribar** resides at 3480 Pershing Ln, Washoe Valley, NV 89704, and operates A&A Towing, Inc.
- **State of Nevada ex rel. NDOC** is a state agency that oversees Northern Nevada Correctional Center (NNCC).

PLEADING TITLE - 2

- **Carson City** is a municipal corporation liable under **Monell v. Dept. of Soc. Servs., 436 U.S. 658 (1978)**.
- **Sheriff Kenneth Furlong**, sued in his **official and individual capacities**, oversees CCSO.
- **Deputy Jason Bueno**, sued in his **official and individual capacities**, arrested and hotboxed Plaintiff.
- **Deputy Sean Palamar**, sued in his **individual capacity**, ordered the retaliatory tow.
- **Sgt. Robert Smith**, sued in his **individual capacity**, enforced unlawful orders.
- **Sgt. Fernandeis Frazier**, sued in his **individual capacity**, supervised the unlawful arrest.
- **Sgt. TJ Boggan**, sued in his **official and individual capacities**, detained Plaintiff using Marsy's Law signage.
- **District Attorney Jason Woodbury**, sued in his **official capacity**, ignored direct censorship notice.
- **DOES 1–10**: Unknown CCSO or Carson City agents to be identified through discovery.

# FACTUAL ALLEGATIONS

### August 30, 2022 Incident

- Plaintiff filmed from a **public road** near **NNCC** with **no visible "No Trespassing" signs** (Exhibit A, 01:00:47; 01:07:15.541).

PLEADING TITLE - 3

- NDOC staff falsely claimed the area was private and summoned CCSO (Exhibit A, 01:03:27).
- **Sgt. Smith** stated Plaintiff's **shirt color** made him a "threat" (Exhibit A, 01:14:44.541).
- Plaintiff's truck was boxed in (Exhibit A, 01:07:36).
- **Deputy Bueno** arrested Plaintiff (Exhibit C, 01:20:22) and **hotboxed him in a 95°F patrol car** with closed windows (Exhibit C, 01:25:00 onward).
- **Deputy Palamar** ordered the **unlawful tow** of Plaintiff's vehicle (Exhibit E), violating due process and costing $315.50 (Exhibit B).
- CCSO threatened **Plaintiff's business contract rotation** with NDOT (Exhibit E, 0:01:20).
- Mismatch between declared and cited charges (Exhibits F and H, EX019).
- Case was ultimately dismissed without trial (Exhibit K).

## Social Media Censorship

- **Carson City** deleted **11,653 social media comments** over ten years, including **55 in January 2024** tied to Plaintiff's arrest video (Exhibit N; Exhibit L, 1/18–1/24/2024).
- Plaintiff's page, *Audit Reno 911*, was **blocked from city-run pages** (Exhibit L, EX030).
- On **January 19, 2024**, Plaintiff emailed **Sheriff Furlong and DA Woodbury** warning that CCSO's conduct violated **First Amendment** precedents including *Garnier* (Exhibit M).
- Despite notice, CCSO **continued deleting comments and blocking users** (Exhibit N, 1/22–1/23/2024).

PLEADING TITLE - 4

- Plaintiff's request under the **Nevada Public Records Act (NPRA)** confirmed the volume of deletions (Exhibit O, EX033–EX036).

**March 20, 2025 Incident**

- Plaintiff entered the **CCSO public lobby** to serve legal papers and filmed the encounter (Exhibit P, 01:04:31).
- **Sgt. Boggan** detained Plaintiff (Exhibit P, 01:00:03.583), citing a **sign referencing Marsy's Law** to prohibit recording (Exhibit P, 01:06:02.166).
- No victim was present, and Plaintiff cited **Nevada Constitution Art. 1, § 9** (Exhibit P, 01:09:08.333) protecting press freedom.
- Plaintiff challenged the recording ban as a **prior restraint** (Exhibit P, 01:09:49.208), referencing *Packingham v. North Carolina*, 582 U.S. 98 (2017), and *Mack v. Williams*, 522 P.3d 897 (Nev. 2022).
- **Federal case law** protects public recording (e.g., *Glik v. Cunniffe, Fordyce v. Seattle*), and **Marsy's Law does not supersede press rights** in public spaces.

# CAUSES OF ACTION

**Count I – First Amendment Retaliation (42 U.S.C. § 1983) – All Defendants**

Defendants violated Plaintiff's **clearly established right** to record public officials (*Glik v. Cunniffe*, 655 F.3d 78; *Fordyce v. Seattle*, 55 F.3d 436), and to speak freely on government

PLEADING TITLE - 5

social media (*O'Connor-Ratcliff v. Garnier*, 144 S. Ct. 717 (2024); *Knight First Amendment Inst. v. Trump*, 928 F.3d 226).

**Count II – Fourth Amendment Seizures (42 U.S.C. § 1983) – Bueno, Palamar, Smith, Frazier, Boggan**

Plaintiff was arrested without probable cause, detained, and had his vehicle towed, violating *Devenpeck v. Alford*, 543 U.S. 146 (2004).

**Count III – Fourteenth Amendment Excessive Force (42 U.S.C. § 1983) – Bueno**

Plaintiff was **hotboxed** in a patrol car during summer heat (Exhibit C, 01:25:00 onward), an objectively unreasonable condition under *Kingsley v. Hendrickson*, 576 U.S. 389 (2015), and *Bell v. Wolfish*, 441 U.S. 520 (1979).

**Count IV – Fourteenth Amendment Due Process (42 U.S.C. § 1983) – All Defendants**

Defendants denied **procedural due process** in the arrest, tow, and prosecution (Exhibits F, G, H) and engaged in **substantive due process violations** through threats, censorship, and retaliation (*Mathews v. Eldridge*, 424 U.S. 319; *County of Sacramento v. Lewis*, 523 U.S. 833).

**Count V – Monell Liability (42 U.S.C. § 1983) – Carson City, Furlong, Woodbury**

A **decade-long custom** of censorship (Exhibit N), **failure to act after notice** (Exhibit M), and city-wide blocking (Exhibit L, EX030) establish municipal liability under *Monell*, 436 U.S. 658.

### Count VI – Conspiracy to Violate Civil Rights (42 U.S.C. §§ 1983 & 1985(3)) – Bueno, Palamar, Smith, Frazier

Defendants acted in concert to retaliate against Plaintiff for protected activity, coordinating arrest and towing (Exhibit A, 01:07:36; Exhibit E), satisfying *Snell v. Tunnell*, 920 F.2d 673 (10th Cir. 1990).

### Count VII – State Law Claims (28 U.S.C. § 1367)

- **False Imprisonment (NRS 200.460):** Bueno, Smith, Frazier, Boggan detained Plaintiff without legal justification (Exhibits C, P).
- **Oppression Under Color of Law (NRS 197.200):** All Defendants knowingly abused legal authority (Exhibits A, N, P).
- **Intentional Interference with Prospective Economic Advantage:** CCSO's retaliation harmed Plaintiff's towing business (Exhibits E, G ¶ 4, N).

# RELIEF REQUESTED

Plaintiff requests:

PLEADING TITLE - 7

- **Declaratory Relief:** Declare Defendants' actions unconstitutional, including the **Marsy's Law sign**, and censorship/blocking of public forums.
- **Injunctive Relief:** Enjoin Defendants from detaining individuals for recording in public spaces and censoring social media speech.
- **Compensatory Damages:** All economic and emotional losses, including towing fees, lost revenue, business disruption, and reputational harm.
- **Punitive Damages:** For Defendants' willful, malicious, and reckless misconduct.
- **Nominal Damages:** For established constitutional violations where monetary harm may not be quantifiable.
- **Costs and Fees:** All litigation and filing costs, and attorney's fees under **42 U.S.C. § 1988**, if retained.
- **Further Relief:** Any additional legal or equitable relief the Court deems proper.

# JURY DEMAND

Plaintiff demands a trial by jury on all triable claims.

# CERTIFICATION UNDER RULE 11

PLEADING TITLE - 8

I, Drew J. Ribar, certify under **Fed. R. Civ. P. 11** that this complaint is presented in good faith, not for improper purpose, and the factual allegations have evidentiary support in **Exhibits A–P**, filed herewith or available upon request.

**Dated: March 28, 2025**

/s/ **Drew J. Ribar**

**Drew J. Ribar, Pro Se**

3480 Pershing Ln, Washoe Valley, NV 89704

Tel: (775) 223-7899

Email: Const2Audit@gmail.com

PLEADING TITLE - 9