# EXHIBIT E

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Drew J. Ribar,
Plaintiff,

v.

State of Nevada ex rel. Nevada Department of Corrections, Carson City, et al.,
Defendants.

Case No. 3:24-cv-00103-ART-CLB

## EXHIBIT E – Deputy Sean Palamar Towing Discussion Footage

Filed in Support of Amended Complaint and Summary Judgment Motion (Fed. R. Civ. P. 56)

Plaintiff Drew J. Ribar, pro se, submits Exhibit E, video footage of Deputy Sean Palamar ordering the non-consensual tow of Plaintiff's truck and discussing it with a tow truck driver on August 30, 2022, obtained via discovery in Case No. 22 CR 01231 1C (dismissed). Filed on USB per LR IC 2-2 with a Notice of Manual Filing, this exhibit supports Plaintiff's claims and Rule 56 motion.

## Key Evidence and Legal Violations

PLEADING TITLE - 1

| Timestamp | Incident | Legal Relevance | Cross-Reference |
|---|---|---|---|
| 0:01:04–0:01:10 | Tow truck driver: "When the NTA finds out about this, he will probably get his license revoked." | Violates Fourth Amendment seizure (*Soldal v. Cook County*, 506 U.S. 56, 1992); Fourteenth Amendment due process (*Mathews v. Eldridge*, 424 U.S. 319, 1976; *Parratt v. Taylor*, 451 U.S. 527, 1981); NRS 205.2715 (unlawful taking or operation); tortious interference. | Exhibit D |
| 0:01:20–0:01:25 | Deputy Palamar: "I don't know if our, my bosses are going to have much appetite keeping a guy." | Demonstrates First Amendment retaliation (*Fordyce v. Seattle*, 55 F.3d 436, 9th Cir. 1995; *Board of County Comm'rs v. Umbehr*, 518 U.S. 668, 1996; *Nieves v. Bartlett*, 139 S. Ct. 1715, 2019); Fourteenth Amendment economic liberty (*Meyer v. Nebraska*, 262 U.S. 390, 1923); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 1978); NRS 197.200 (oppression); defamation/trade libel. | Exhibit C |

**Legal Claims Supported**

- **First Amendment (42 U.S.C. § 1983):** Retaliation for recording by targeting Plaintiff's towing rotation status (*Fordyce*, *Umbehr*, *Glik v. Cunniffe*, 655 F.3d 78 (1st Cir. 2011); *Irizarry v. Yehia*, 38 F.4th 1282 (10th Cir. 2022); *Nieves*; NRS 171.1233).

PLEADING TITLE - 2

- **Fourth Amendment (42 U.S.C. § 1983):** Unlawful seizure of truck without warrant or exigency (*Soldal*).
- **Fourteenth Amendment (42 U.S.C. § 1983):** Procedural due process violation via tow and threats without notice (*Mathews*, *Parratt*); substantive due process via economic harm (*Meyer*, *County of Sacramento v. Lewis*, 523 U.S. 833, 1998).
- **Municipal Liability (42 U.S.C. § 1983):** Sheriff's policy/custom of retaliation implied by "my bosses" (0:01:20; *Monell*).
- **State Law Claims:** Unlawful taking or operation (NRS 205.2715), oppression under color of law (NRS 197.200), intentional interference with prospective economic advantage, defamation/trade libel (28 U.S.C. § 1367).

## Summary Judgment Purpose (Fed. R. Civ. P. 56)

These undisputed facts—non-consensual tow (Exhibit D, 0:06:32.625), license revocation threat (0:01:04), rotation termination threat (0:01:20)—violate clearly established law (*Fordyce, Soldal, Mathews*). Linked to Plaintiff's recording (Exhibit C, 0:05:43–0:05:51), they demonstrate retaliatory intent and agency policy (*Monell*), establishing no genuine dispute of material fact and entitling Plaintiff to judgment as a matter of law.

## Qualified Immunity Defeat

PLEADING TITLE - 3

Deputy Palamar's conduct contravenes clearly established rights under *Pearson v. Callahan*, 555 U.S. 223 (2009):

- **Violation:** Recording retaliation (*Fordyce, Glik, Irizarry, Nieves, Umbehr*), seizure (*Soldal*), due process (*Mathews, Parratt*).
- **Clearly Established:** Rights were well-defined in 2022 (*Fordyce* 1995, *Soldal* 1992, *Umbehr* 1996).

The tow (0:01:04) and threats (0:01:20) show objective unreasonableness (*Kingsley v. Hendrickson*, 576 U.S. 389, 2015), not negligence. "Safety" or "need" defenses fail against *Soldal*'s warrant requirement, *Mathews*'s notice mandate, and *Nieves*'s retaliation bar (*Harlow v. Fitzgerald*, 457 U.S. 800, 1982).

## Authentication

Per Fed. R. Evid. 901, I, Drew J. Ribar, declare under penalty of perjury this footage accurately depicts Deputy Sean Palamar's tow arrangement and discussion on August 30, 2022.

**Dated: March 27, 2025**

/s/ Drew J. Ribar

**Drew J. Ribar**

3480 Pershing Ln, Washoe Valley, NV 89704

Tel: (775) 223-7899

Email: Const2Audit@gmail.com

PLEADING TITLE - 4