# EXHIBIT H

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Drew J. Ribar,
Plaintiff,
v.
State of Nevada ex rel. Nevada Department of Corrections, Carson City, et al.,
Defendants.

Case No. 3:24-cv-00103-ART-CLB

## EXHIBIT H – Nevada Pretrial Risk Assessment and Judicial Response Form

*(Bates Nos. EX018–EX021)*

**Filed in Support of Amended Complaint and Summary Judgment Motion (Fed. R. Civ. P. 56)**

Plaintiff Drew J. Ribar, pro se, submits Exhibit H, comprising the Nevada Pretrial Risk Assessment (NPRA, Bates Nos. EX019–EX020) and Carson City Justice and Municipal Court Judicial Response form (Bates Nos. EX021), obtained via discovery in Case No. 22 CR 01231 1C (dismissed). Filed manually per LR IC 2-2 with a Notice of Manual Filing, this exhibit provides standalone post-arrest evidence, cross-referencing Exhibits C–F to support Plaintiff's Rule 56 motion and constitutional claims.

**Key Evidence and Legal Violations**

PLEADING TITLE - 1

| Section | Incident | Legal Relevance | Cross-Reference |
|---|---|---|---|
| **NPRA** *(Bates EX018–EX020)* | Lists two charges (NRS 207.200, NRS 197.190) instead of three in the Probable Cause Declaration; incomplete risk scoring. | Demonstrates charging inconsistency supporting *malicious prosecution* under the Fourth Amendment (*Thompson v. Clark*, 142 S. Ct. 1332, 2022); flawed pretrial process violates procedural due process under the Fourteenth Amendment (*Mathews v. Eldridge*, 424 U.S. 319, 1976); arrest pretext linked to protected filming activity (*Fordyce v. Seattle*, 55 F.3d 436, 9th Cir. 1995). | Exhibit F (Probable Cause, three charges); Exhibit C, 01:05:13.333 (no signage); Exhibit D, 0:20:56 (no obstruction basis). |
| **Judicial Response** *(Bates EX021–EX022)* | Blank form—no bail set, no release conditions checked. | Reflects lack of judicial oversight and failure to implement least-restrictive means per NRS 178.4851; procedural due process violation (*Parratt v. Taylor*, 451 U.S. 527, 1981); supports inference of retaliation (*Nieves v. Bartlett*, 139 S. Ct. 1715, 2019; *Board of County Comm'rs v. Umbehr*, 518 U.S. 668, 1996). | Exhibit E, 0:01:04–0:01:20 (threats to Plaintiff's business); Exhibit F, pages 2–3. |

PLEADING TITLE - 2

**Legal Claims Supported**

- **First Amendment** (*42 U.S.C. § 1983*): Plaintiff's arrest and post-arrest processing were initiated in retaliation for lawful recording (Fordyce, *Glik v. Cunniffe*, 655 F.3d 78; *Irizarry v. Yehia*, 38 F.4th 1282; *Nieves*, *Umbehr*; NRS 171.1233).

- **Fourth Amendment** (*42 U.S.C. § 1983*): Malicious prosecution via inconsistent charging (*Thompson*), and extended seizure without legal justification (*Soldal v. Cook County*, 506 U.S. 56, 1992; *Rodriguez v. United States*, 575 U.S. 348, 2015).

- **Fifth Amendment**: Late Miranda warning acknowledged but not addressed in judicial processing (*Miranda v. Arizona*, 384 U.S. 436, 1966), supported by Exhibit D, 0:20:56.

- **Fourteenth Amendment**: Deficient pretrial process violates procedural due process (*Mathews*, *Parratt*); economic harm to Plaintiff's livelihood due to retaliatory arrest supports substantive due process claims (*Meyer v. Nebraska*, 262 U.S. 390, 1923; *County of Sacramento v. Lewis*, 523 U.S. 833, 1998).

- **Municipal Liability (Monell)**: CCSO's practice of retaliatory enforcement is evidenced by:
  - Exhibit E, 0:01:20 ("my bosses");
  - Exhibit C, 01:01:33.500 ("we want it gone" re: Plaintiff's truck);
  - and the blanket, unchecked judicial form (Exhibit H, EX021–EX022).
  
  These acts, individually and cumulatively, show custom or tolerance of retaliation (*Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 1978).

- **State Law Claims** (*28 U.S.C. § 1367*):
  - False imprisonment (NRS 200.460);

PLEADING TITLE - 3

- Oppression under color of law (NRS 197.200);
- Intentional interference with prospective economic advantage (via A&A Towing, Inc.).

---

## Summary Judgment Purpose (Fed. R. Civ. P. 56)

These post-arrest processing flaws—including inconsistent charging, incomplete risk assessment, and judicial inaction—contradict constitutional standards and reinforce the retaliatory motives documented in Exhibits C–F. Combined with video and documentary evidence, Exhibit H establishes **undisputed facts** that preclude a genuine dispute as to material facts, entitling Plaintiff to judgment as a matter of law.

---

## Qualified Immunity Defeat

Defendants' actions violated clearly established rights per *Pearson v. Callahan*, 555 U.S. 223 (2009):

- **First Amendment retaliation** (Fordyce, Nieves, Umbehr);
- **Fourth Amendment** malicious prosecution (*Thompson*, *Soldal*);
- **Fifth and Fourteenth Amendment** violations (*Miranda*, *Mathews*, *Parratt*);
- **Municipal liability** via *Monell* (patterns of inaction and retaliatory towing/arrest).

Defendants' conduct was **objectively unreasonable**, not negligent, and no "security" or "caretaking" rationale justifies their actions (*Kingsley v. Hendrickson*, 576 U.S. 389, 2015; *Harlow v. Fitzgerald*, 457 U.S. 800, 1982).

## Authentication

Per Fed. R. Evid. 901, I, Drew J. Ribar, declare under penalty of perjury that the Nevada Pretrial Risk Assessment (Bates EX018–EX020) and Judicial Response form (Bates EX021–EX022) were obtained via discovery in Case No. 22 CR 01231 1C and accurately reflect Defendants' post-arrest actions on August 30, 2022.

Dated: March 27, 2025

**/s/ Drew J. Ribar**

Drew J. Ribar

3480 Pershing Ln

Washoe Valley, NV 89704

Tel: (775) 223-7899

Email: Const2Audit@gmail.com

PLEADING TITLE - 5

# CARSON CITY SHERIFF'S DEPARTMENT
## ARREST REPORT

CASE # 2022-5359

PHOTO RELEASE: ☑ Yes ☐ No
AGENCY: ☑ CCSO ☐ NHP ☐ P&P ☐ DAS ☐ OTHER

ARRESTEE NO. A-1 Ribar, Drew Joseph
RESIDENCE ADDRESS: 3480 Pershing Ln. Washoe Valley, NV 89704

RACE: ☑ White
SEX: ☑ Male
ETHNICITY: Non-Hispanic
DOB: 05/09/1968
AGE: 53
HT: 6'02"
WT: 240
HAIR: BRO
EYES: GRN
DRIVER'S LIC. STATE: ☑ NV
DRIVER'S LIC. CLASS: ☑ C

ARRESTEE'S VEHICLE: ☑ Not Applicable, ☑ Impounded, ☑ TOW YARD
LOCATION OF VEHICLE: Cal-Neva
HOLD ON VEH?: ☑ No

VEHICLE MAKE: GMC
VEHICLE YEAR: 2014
LICENSE PLATE STATE: ☑ NV
LICENSE PLATE NUMBER: WCE593
REGISTERED OWNER OF VEHICLE: A1
COLOR OF VEHICLE: BLK

DOMESTIC?: ☑ NO
DATE: 8/30/22  TIME: 1352  LOCATION: 1721 SNYDER AVE Carson City, NV

VICTIM NOTIFY?: ☑ NO

ARREST DATE: 8/30/22  TIME: 1415
☑ ARREST LOCATION SAME AS ABOVE

| OFFENSE | NIBRS LITERAL | F G M | NRS/CCMC NOC CODE | BAIL / ADMIN. ASSMNT. | COURT WARRANT NUMBER & DATE |
|---|---|---|---|---|---|
| I Tresspassing | TRSPS | M | 207.200 B | $150 | |
| | | | 53166 A | $92 | |
| II Obstructing Public Officer | DIS | M | 197.190 B | $500 | |
| | | | 52312 A | $137 | |
| III DISTURB PEACE PUBLIC GROUNDS | DIS | M | 203.119 B | $500 | |
| | | | 53/33 A | $137 | |

Dep. Bueno  5443
Receiving Officer: CARTER  6433  8/30/22  1507 hrs

EX016

Case Number: 2022-5359

## DECLARATION OF PROBABLE CAUSE

| DEFENDANT=S NAME<br>ARRESTEE NO. A-1 Ribar, Drew Joseph | DEFENDANT=S NAME<br>ARRESTEE NO. A-3 |
|---|---|
| DEFENDANT=S NAME<br>ARRESTEE NO. A-2 | DEFENDANT=S NAME<br>ARRESTEE NO. A-4 |

The undersigned declarant, a Peace Officer of the City-County of Carson City, hear by declares under penalty of perjury, that the above-named defendant (or defendants) has been arrested on probable cause and is subject to detention for the offense(s) stated on the attached criminal complaint. Either personally or upon information and belief this officer learned the following facts and circumstances which support the arrest and detention:

On 8/30/2022 at 1353 hours, I responded to 1721 Snyder Ave, Northern Nevada Correctional Center (NNCC) in reference to a suspicious subject on prison property. Prison Officials advised Dispatch, a male subject was parked on prison property, refusing to leave. We routinely respond to prisons in Carson City for suspicious activity, especially vehicles, due to concerns of potential involvement in escape.

Upon arrival, I made contact with Sgt. Smith from Nevada Department of Corrections, he described responding to meet with a male subject, later identified as Drew Ribar, who parked on the prison entrance road and began filming restricted areas. Sgt. Smith advised Drew the area was restricted State property and he was not authorized to remain on the property or continue his activities. Sgt. Smith instructed Drew on how to obtain authorization to film on the prison grounds, but the subject refused and began walking toward the main prison gates, while filming the area, including fence lines and security measures as well as private vehicles of staff in the parking lot.

Due to the security risk posed to the property, staff and inmates, as Drew was uncooperative and ignoring lawful orders to leave and without knowing his further intentions, Sgt. Smith initiated a lock down of the entire facility and surrounding areas. This includes moving hundreds of inmates and staff to secure locations and verifying everyone is accounted for and the facility is secure.

As the Drew approached the main gates and fence line, Lt. Aaron Ryer contacted him and told him multiple times to leave the property. Drew refused all orders to leave and continued filming the sensitive security areas.

Warden Frazier Fernandeis, was alerted to the situation and contacted Drew in front of the administrative building. Warden Fernandeis asked Drew to identify himself, but Drew refused. Warden Fernandeis then repeated orders to leave the property immediately and to cease filming security measures on the property. Drew refused and continued disrupting all operations in the facility and on the property.

WHEREFORE, Declarant requests that a finding be made by a magistrate that probable cause exists to hold the said person for preliminary hearing (if offense charged is a felony or gross misdemeanor) or for trial (if charge is a misdemeanor).

DECLARANT: Dep. Bueno          ID NO: 5443

| PRIVATE PERSON MAKING ARREST (CITIZEN ARREST): | PRIVATE PERSON=S ADDRESS: | | |
|---|---|---|---|
| ARRESTING OFFICER: *Dep. J. Bueno #5443* | DAYS OFF:<br>*SAT/SUN/MON*<br>DAY SHIFT | REVIEWING SUPERVISOR AND ID NO. | |

REVIEWED FOR PROBABLE CAUSE (PC)
PC FOUND ☐   PC NOT FOUND ☐   DATE_____ TIME_____ _____, MAGISTRATE

ORDER TO RELEASE DEFENDANT
FROM CUSTODY                DATE_____ TIME_____ _____, MAGISTRATE

S-20A Rev. 12/95

EX 017

Case Number: 2022-5359

## DECLARATION OF PROBABLE CAUSE

| DEFENDANT=S NAME ARRESTEE NO. A-1  Ribar, Drew Joseph | DEFENDANT=S NAME ARRESTEE NO. A-3 |
|---|---|
| DEFENDANT=S NAME ARRESTEE NO. A-2 | DEFENDANT=S NAME ARRESTEE NO. A-4 |

The undersigned declarant, a Peace Officer of the City-County of Carson City, hear by declares under penalty of perjury, that the above-named defendant (or defendants) has been arrested on probable cause and is subject to detention for the offense(s) stated on the attached criminal complaint. Either personally or upon information and belief this officer learned the following facts and circumstances which support the arrest and detention:

I spoke with Warden Fernandeis, who confirmed Drew was asked to identify himself, but he refused. Confirmed Drew was asked to leave multiple times, but he refused, causing severe disruption of all operations on the property. Confirmed he was filming security measures and fence lines around the facility, posing a safety and security risk. Confirmed Drew was advised the proper way to access the property officially to conduct his business, but he refused.

Warden Fernandeis requested Drew be taken into custody. I placed Drew in handcuffs, ensured proper fit and secured him in my patrol vehicle. Drew wanted to debate and argue his position and rights. He was Mirandized, though he declined to answer questions, opting to continue with his own. I declined to debate the situation with him further and transported him to the jail where he was booked for Trespassing, Obstructing and Public Officer and Disturbing the Peace of Public Grounds.

NFI

WHEREFORE, Declarant requests that a finding be made by a magistrate that probable cause exists to hold the said person for preliminary hearing (if offense charged is a felony or gross misdemeanor) or for trial (if charge is a misdemeanor).

DECLARANT: Dep. Bueno     ID NO: 5443

| PRIVATE PERSON MAKING ARREST (CITIZEN ARREST): | PRIVATE PERSON=S ADDRESS: | | |
|---|---|---|---|
| ARRESTING OFFICER: *Dep. J. Bueno #5443* | DAYS OFF *SAT/SUN/MON* DAY SHIFT | REVIEWING SUPERVISOR AND ID NO. | |

REVIEWED FOR PROBABLE CAUSE (PC)
PC FOUND ☐     PC NOT FOUND ☐    DATE_____ TIME_____, MAGISTRATE

ORDER TO RELEASE DEFENDANT FROM CUSTODY          DATE_____ TIME_____ _____, MAGISTRATE

S-20A Rev. 12/95

EX018

# NEVADA PRETRIAL RISK ASSESSMENT (NPRA)

Case/Booking#: 22-5359
Assessment Date: 8 / 30 / 2022   County: _____

Defendant's Name: Ribar, Drew
DOB: 5 / 9 / 1968   Place of Birth: Unknown
Military Status: n/a
Contact Phone#: Not Provided
Address: 3480 Pershing Ln
Street — Washoe Valley, Nevada, 89704
City, State, Zip

**Demographic Information (optional):** Gender: ✔ Male   ☐ Female
Race: ✔ Hispanic\White  ☐ African American  ☐ American Indian/Alaska Native  ☐ Asian  ☐ Native Hawaiian/Pacific Islander
Primary Language: ✔ English  ☐ Spanish  ☐ Chinese  ☐ French  ☐ Other: _____

**Arrest Information:**
Arresting Agency CCSO
Arrest Date: 8 / 30 / 2022   PCN# _____

| NOC | Level | Description | Count |
|---|---|---|---|
| 53166 | M | Tresspassing | 1 |
| 52312 | M | Obstructing | 1 |

Most Serious Charge: Obstructing
Initial Total Bail Set: $ 879    # of Current Charges: 2

**SCORING**

1. **Does the Defendant Have a Pending Pretrial Case at Booking?**   0
   a. Yes - 2 pts.   If yes, list case # and jurisdiction: _____
   b. No - 0 pts.
2. **Age at First Arrest (include juvenile arrests)**   0
   First Arrest Date: 8 / 30 / 2022
   a. 20 yrs. and under - 2 pts.
   b. 21-35 yrs. – 1 pt.
   c. 36 yrs. and over - 0 pts.
3. **Prior Misdemeanor Convictions (past 10 years)**   0
   a. None – 0 pts.
   b. One to five – 1 pt.
   c. Six or more – 2 pts.
4. **Prior Felony/Gross Misd. Convictions (past 10 years)**   0
   a. None – 0 pts.
   b. One or more – 1 pt.
5. **Prior Violent Crime Convictions (past 10 years)**   0
   a. None – 0 pts.
   b. One – 1 pt.
   c. Two or more - 2 pts.
6. **Prior FTAs (past 24 months)**   0
   a. None – 0 pts.
   b. One FTA Warrant – 1 pt.
   c. Two or more FTA Warrants – 2 pts.
7. **Employment Status at Arrest**   0
   a. Verifiable Full/Part-time Employment – 0 pts.
      (e.g. Self-employed, Disabled and receiving benefits, Student, Retired, Military, Stay at Home Parent, etc.)
   b. Unemployed – 1 pt.
8. **Residential Status**   1
   Date of Residency: ___/___
   a. Nevada Resident - living in current residence 6 months or longer – 0 pts.
   b. Nevada Resident - not lived in same residence 6 months or longer – 1 pt.
   c. Homeless or non-Nevada Resident – 2 pts.
9. **Substance Abuse (past 10 years)**   1
   a. Other – 0 pts.
   b. Prior *multiple* arrests for drug use or possession/alcohol/drunkenness - 2 pts.
10. **Verified Cell and/or Landline Phone**   0
    a. Yes – 0 pts.  If yes, list #: _____
    b. No - 1 pt.   1

**TOTAL SCORE:** 3

Updated 04/21/2022

EX 019

**Risk Level (Check One):** [✓] **LOW (0-4 pts.)** [ ] **MODERATE (5 – 8 pts.)** [ ] **HIGHER (9+ pts.)** **OVERRIDE?:** Yes [ ]  No [ ]

**Override Reason(s):** Mental Health [ ]   Disability [ ]   Gang Member [ ]   Flight Risk [ ]
Prior Record More Severe than Scored [ ]          Prior Record Less Severe Than Scored [ ]
Other, explain: _____

**Final Recommended Risk Level:** [✓] **LOW**   [ ] **MODERATE**   [ ] **HIGHER**

**Supervisor/Designee Signature:** _(signature)_        **Date:** 8 / 30 / 2022

**Interview Date:** 8 / 30 / 2022

**Comments:** Ribar came in verbally uncooperative with both arresting deputies and jail staff. He refused to answer not only the NPRA questions but booking related questions as well. He has no criminal history and scored low on the NPRA. It is unknown how accurate the score on the NPRA is due to him not answering questions. He is being held over for judicial review.

I hereby affirm that I administered the Nevada Pretrial Risk Assessment Tool following the training I received and certify my recommendation.

Print Sheriff Support Specialist or Deputy name: Brittany Schleckengost     Initials: BS  Badge # 9647
Print Supervisor name: John R. Hefely                                       Initials: JH  Badge # 3491

## Carson City Justice and Municipal Court

Defendant's Name: **Ribar, Drew** _____   Case/Booking#: **22-5359**

☐ Judge: Tom Armstrong     ☐ Judge: Kristin Luis     ☐ Judge: _____

**Judicial Response**

A) ☐ Own Recognizance Release. Report to the Department of Alternative Sentencing at 885 East Musser Street, Suite 2080, upon release or next business day.

B) ☐ Bail to remain as set on warrant. Report to Alternative Sentencing upon release or next business day.

C) ☐ Impose bail $ _____

D) ☐ Cash only bail

E) Court Imposed Conditions include:

☑ *Attend Court on Time drug/alcohol free.*

☑ *Immediately inform the Court of your current residence and phone number and notify the court of any changes.*

☑ *Report to the Department of Alternative Sentencing immediately upon release from jail, if closed report at 8:30 a.m. the following business day for an intake interview. DAS is located on the second floor of the courthouse at 885 East Musser Street, Suite 2080. Do not report to DAS for traffic charges unless the charge(s) involve Driving Under the Influence.*

☑ *Obey all laws.*

☑ *Contact your attorney and maintain contact as they require.*

☐ Do not drive without valid driver's license, insurance and registration.

☐ Do not contact the alleged victim(s) in person, in writing, by phone, by social media, computer or e-mail, from a detention facility, through another person, or any other method. Do not go within 100 yards of alleged victim'(s) _____

☐ Felony DUI: SCRAM Monitor is required prior to release

☐ Do not possess or consume alcohol, marijuana, illegal drugs, or drug paraphernalia.

☐ Do not possess weapon(s).

☐ Pretrial supervision.

☐ Report for color code testing.

☐ Search and seizure for alcohol, drugs, and drug paraphernalia.

☐ Search and seizure for weapons.

☐ Other: _____

F) ☐ Other Conditions: _____

*The Court has reviewed the Nevada Pretrial Release Assessment and finds that the above bail and/or condition(s) of release are the least restrictive means necessary to protect the safety of the community or to ensure the person will appear at the times and places ordered by the court. This document is ordered to be filed with the clerk of the court and be made part of the official court record. (NRS 178.4851)*

_____   _____
Date                     Judge Signature

Updated 04/21/2022

EX021