**EXHIBIT J**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

Drew J. Ribar,
Plaintiff,
v.
State of Nevada ex rel. Nevada Department of Corrections, Carson City, et al.,
Defendants.

Case No. 3:24-cv-00103-ART-CLB

**EXHIBIT J – Citizen Complaint and Sheriff's Incident Report**

**(Bates Nos. EX025–EX027)**

Filed in Support of Amended Complaint and Summary Judgment Motion (Fed. R. Civ. P. 56)

Plaintiff Drew J. Ribar, pro se, submits Exhibit J, comprising Plaintiff's Citizen Complaint dated September 8, 2022, and the Carson City Sheriff's Office Incident Report dated February 7, 2024, obtained via discovery in Case No. 22 CR 01231 1C (dismissed). Filed manually per LR IC 2-2 with a Notice of Manual Filing, this exhibit stands alone as evidence of Plaintiff's pre-litigation grievance and Defendants' response, while cross-referencing Exhibits C, D, E, F, H, and I to support Plaintiff's claims and Rule 56 motion.

**Key Evidence and Legal Violations:**

PLEADING TITLE - 1

| Section | Incident | Legal Relevance | Cross-Reference |
|---|---|---|---|
| Sheriff's Report (Bates EX025–EX026) | CCSO deems Plaintiff's complaint "unfounded" despite **hotboxing claim** (95°F, no ventilation), delayed response from 9/8/2022 (filed) to 10/23/2022 (entered) to 2/7/2024 (resolved). | **Eighth Amendment** cruel and unusual punishment (*Kingsley v. Hendrickson*, 576 U.S. 389, 2015); **Fourteenth Amendment** due process (*County of Sacramento v. Lewis*, 523 U.S. 833, 1998); **Monell** liability (*Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 1978) for deliberate indifference; contradicts Exhibit D. | Exhibit D, 0:20:56; Exhibit F, EX001–EX002; Exhibit E, 0:01:20 |
| Citizen Complaint (Bates EX027) | Plaintiff alleges **filming led to illegal arrest**, followed by **hotboxing**, citing constitutional violations pre-litigation. | **First Amendment** retaliation (*Fordyce, Nieves*); **Fourth Amendment** malicious prosecution (*Thompson*); **Fifth Amendment** Miranda violation (*Miranda v. Arizona*, 384 U.S. 436, 1966); **Eighth Amendment** (*Kingsley*); **Monell** economic retaliation (*Umbehr*, 518 U.S. 668, 1996). | Exhibit C, 01:01:40.583 & 01:05:13.333; Exhibit E, 0:01:04–0:01:20; Exhibit I, EX019–EX021 |

PLEADING TITLE - 2

**Legal Claims Supported:**

- **First Amendment (42 U.S.C. § 1983):** Retaliatory arrest and prosecution for lawful recording (*Fordyce, Glik, Irizarry, Nieves, Umbehr*), contradicted by Exhibits C and D.
- **Fourth Amendment (42 U.S.C. § 1983):** Malicious prosecution (*Thompson, Devenpeck*), supported by Exhibits I and F.
- **Fifth Amendment (42 U.S.C. § 1983):** Late Miranda warning (*Miranda*), visible in Exhibit D (0:20:56), ignored in CCSO's dismissal.
- **Eighth Amendment (42 U.S.C. § 1983):** Hotboxing in closed patrol car in 95°F heat (*Kingsley*), disregarded by CCSO.
- **Fourteenth Amendment (42 U.S.C. § 1983):** Due process violations (*Mathews, Parratt*); economic harm to A&A Towing (*Meyer, Lewis*).
- **Municipal Liability (Monell):** CCSO's pattern of retaliation and dismissal without meaningful investigation, demonstrated by delayed inaction (9/8/2022–2/7/2024) and DA ratification.
- **State Law Claims:** False imprisonment (NRS 200.460); oppression under color of law (NRS 197.200); intentional interference with prospective economic advantage (28 U.S.C. § 1367).

**Summary Judgment Purpose (Fed. R. Civ. P. 56):**

Exhibit J's **hotboxing claim** (EX027) and CCSO's **unfounded dismissal** with delayed response (EX025–EX026) bolster the retaliation and due process narrative. Contradicted by Exhibit D,

PLEADING TITLE - 3

they highlight constitutional violations. Filed **pre-litigation**, this contemporaneous complaint rebuts fabrication defenses and supports Plaintiff's consistency. Alongside Exhibits F, H, and I, these undisputed facts leave **no genuine dispute of material fact**, entitling Plaintiff to **judgment as a matter of law**.

**Qualified Immunity Defeat:**

Defendants' actions violate clearly established rights under *Pearson v. Callahan*, 555 U.S. 223 (2009):

- **Violations:** First Amendment retaliation (*Fordyce, Glik, Irizarry, Nieves, Umbehr*), malicious prosecution (*Thompson*), due process (*Mathews, Parratt*), inhumane conditions (*Kingsley*), late Miranda (*Miranda*).
- **Clearly Established Law:** Pre-2022 decisions.
- **Standard:** Actions show **objective unreasonableness** (*Kingsley*), not mere negligence (*Harlow*). CCSO's justification fails against *Soldal, Mathews*, and *Kingsley* standards.

**Supporting Evidence:**

Plaintiff recommends an affidavit confirming harm to A&A Towing, Inc., reinforcing the economic damages resulting from retaliatory arrest and prosecution.

PLEADING TITLE - 4

**Authentication:**

Per Fed. R. Evid. 901, I, **Drew J. Ribar**, declare under penalty of perjury that this **Citizen Complaint and Sheriff's Incident Report (Bates EX025–EX027)** were obtained via discovery in Case No. 22 CR 01231 1C and accurately reflect Plaintiff's complaint on **September 8, 2022**, and CCSO's response on **February 7, 2024**.

**Dated:** March 27, 2025

**/s/ Drew J. Ribar**

Drew J. Ribar

3480 Pershing Ln, Washoe Valley, NV 89704

Tel: (775) 223-7899

Email: Const2Audit@gmail.com

# Incident Report
## Carson City (NV) Sheriff's Office

2/7/2024

## Citizen Complaint

**For:** Deputy Bueno, Jason (5443)  
**By:** Sergeant Riggin, Darin (3495)

**Occurred:** 8/30/2022  
**Entered:** 10/23/2022

**Case Number:**  
22-5359

**Address:**  


**Category:**  
Complaint - Class I, II, or III

**Incident Date:**  
08302022

**Received Date/Time:**  
09082022

**Reporting Party:**  
Citizen

**RP/Complainant Name:**  
Drew Ribar

**Subject Member(s) Name and I.D.:**  
J. Bueno 5443

**Summary of Actions and Disposition:**  
Unfounded

**Summary of Incident:**  
Arrestee complained he was 'hotboxed'



EX025

**Telephone Number:**
(775)348-6565

On 8/30/2022 Deputy Bueno arrested a Drew Ribar reference case number 22-5359. On 8/31/2022, Ribar came to the front counter to make a complaint, and I spoke with him. He ultimately told me he wished to write his complaint at home and deliver it to me at a later time.

On 10/04/2022 I found a typed document with the apparent signature of Drew Ribar dated 9/08/2022 on my desk. I had not collected this from Ribar directly. The bulk of the single page document was a list of first amendment and case law references. In the last paragraph, Ribar complained that Deputy Bueno purposefully made the patrol car hot, while cooling himself, causing Ribar to overheat. I watched Deputy Bueno's body camera and interior car camera for this incident. There was no indication that Deputy Bueno did anything derogatory toward Ribar. Deputy Bueno did not engage in what appeared to be argumentative, 'gotcha' type discussions with Ribar, but he instead maintained calmness and professionalism throughout their interaction. Deputy Bueno transported Ribar to the jail using a direct and reasonable route, and he subsequently booked Ribar without issue. I saw and heard nothing to substantiate Ribar's claim against Deputy Bueno.



EX 026

September 8, 2022

Criminal Complaint: Conspiracy to deprive/oppress Constitutional Rights under color of law 18 USC 241 & 242 NRS 197.200, Illegally detained and blocked in by NVDOC employee, trespassed, arrested and tortured for recording law enforcement NRS 484B.653, NRS 289.220, NRS 171.1233, NRS 207.200, NRS 200.460, NRS 200.471, 1st Amendment, 4th Amendment, 5th Amendment, 8th Amendment, 14th Amendment, Fordyce V Seattle 9th Circuit, Irizarry V Yehia (most recent) 10th Circuit, many more cases that confirm our Rights under the Constitution

August 30, 2022

I went to Northern Nevada Correctional Center located at 1721 E Snyder and began recording outside the facility on the public road in front of the sign to the facility. I got back in my truck to drive down to the public parking lot when a white van crossed over the double white line trying to run me off the road at 2:34 into the video. NRS 484B.653,

See this video

https://www.youtube.com/watch?v=4Wok6hARpQY&t=182s

2:59 Identifies Lt. Ryer #10300 NRS 289.220

3:05 told to go off property to record NRS 171.1233

3:13 "I need you to film off the property" NRS 171.1233

3:29 "I am a sworn peace officer for the State of Nevada" NRS 289.220

14:25 Sgt Smith #38095 informed of my Right to record in public.

15:31 "We have called the Sheriff Dept". NRS 171.1233

15:38 "Can not have you walking around here filming for safety reasons". NRS 171.1233

20:19 "this is a public road"

20:39 Sgt. Smith steps aside and allows me to continue walking along the "public road".

29:28 Unidentified black male in grey shirt and dark grey slacks "you are in an unauthorized position". He REFUSED to identify himself.

29:57 Deputy illegal arrest, locks me in the back of his patrol car, closes all of the windows, air vents in prisoner cage are closed, closed plastic window blocking air from front of vehicle while outside temperature is 95f degrees causing my body to overheat and sweat from the time I was illegally arrested, driving to the Carson City Jail the deputy appeared to be cooling himself with a device that blew cool air on him under his duty vest. NRS 200.460, NRS 200.471, 1st Amendment, 4th Amendment, 8TH Amendment, 14th Amendment

Victim Drew Ribar

*[signature]* 9.8.2022

EX027