EXHIBIT K

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Drew J. Ribar,
Plaintiff,

v.

State of Nevada ex rel. Nevada Department of Corrections, Carson City, et al.,
Defendants.

Case No. 3:24-cv-00103-ART-CLB

**EXHIBIT K – Order to Dismiss Criminal Case (Bates No. EX028)**

**Filed in Support of Amended Complaint and Summary Judgment Motion (Fed. R. Civ. P. 56)**

Plaintiff Drew J. Ribar, pro se, submits Exhibit K, the Order to Dismiss from the Carson City Justice Court in *State of Nevada v. Drew J. Ribar* (Case No. 22 CR 01231 1C), issued circa December 2022, obtained via discovery in the dismissed criminal case. Filed manually per LR IC 2-2 with a Notice of Manual Filing, this exhibit stands alone as evidence of the criminal case's favorable termination, while cross-referencing Exhibits C, D, E, F, H, I, and J to support Plaintiff's claims and Rule 56 motion.

**Key Evidence and Legal Violations:**

PLEADING TITLE - 1

| Section | Incident | Legal Relevance | Cross-Reference |
|---|---|---|---|
| **Dismissal Order (Bates EX028)** | State moves to dismiss charges with "good cause," circa December 2022, omitting NRS 203.010 from Exhibit F. | Fourth Amendment malicious prosecution—**favorable termination** (*Thompson v. Clark*, 142 S. Ct. 1332, 2022); First Amendment retaliation (*Nieves v. Bartlett*, 139 S. Ct. 1715, 2019; *Board of County Comm'rs v. Umbehr*, 518 U.S. 668, 1996); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 1978 pattern of abandoning baseless charges: **inconsistent charges** support pretext; economic harm to A&A Towing (*Meyer v. Nebraska*, 262 U.S. 390, 1923). | Exhibit C, 01:01:40.583 (public road), 01:05:13.333 (no signs); Exhibit E, 0:01:04–0:01:20 (threats); Exhibit F, EX001–EX002 (three charges); Exhibit H, EX016–EX017 (two charges); Exhibit I, EX019–EX021 (two charges); Exhibit J, EX027 |

## Legal Claims Supported:

- **First Amendment (42 U.S.C. § 1983):** Dismissal suggests charges for lawful recording (Exhibits C, D) were pretextual, supporting retaliation (*Fordyce v. Seattle*, 55 F.3d 436, 9th Cir. 1995; *Glik v. Cunniffe*, 655 F.3d 78, 1st Cir. 2011; *Irizarry v. Yehia*, 38 F.4th 1282, 10th Cir. 2022; *Nieves*; *Umbehr*; NRS 171.1233).

PLEADING TITLE - 2

- **Fourth Amendment (42 U.S.C. § 1983):** Favorable termination of baseless charges (*Thompson*, *Devenpeck v. Alford*, 543 U.S. 146, 2004), tied to arrest (Exhibit F, EX001–EX002), tow (EX014–EX015, *Soldal v. Cook County*, 506 U.S. 56, 1992), and prosecution (Exhibit I).

- **Fifth Amendment (42 U.S.C. § 1983):** Late Miranda warning (*Miranda v. Arizona*, 384 U.S. 436, 1966), per Exhibit D (0:20:56), unaddressed in dismissed case.

- **Eighth Amendment (42 U.S.C. § 1983):** Hotboxing (95°F, no ventilation, Exhibit J) as cruel and unusual punishment (*Kingsley v. Hendrickson*, 576 U.S. 389, 2015), linked to arrest conditions (Exhibit D).

- **Fourteenth Amendment (42 U.S.C. § 1983):** Procedural due process flaws in arrest, prosecution, and weak risk assessment (Exhibit H; *Mathews v. Eldridge*, 424 U.S. 319, 1976; *Parratt v. Taylor*, 451 U.S. 527, 1981); substantive economic harm to A&A Towing (*Meyer*; *Lewis*).

- **Municipal Liability (42 U.S.C. § 1983):** CCSO/DA custom of retaliation via arrest (Exhibit F), indifference (Exhibit J), and abandoned prosecution (Exhibit K), ratified by dismissal (*Monell*).

- **State Law Claims:** False imprisonment (NRS 200.460), oppression under color of law (NRS 197.200), intentional interference with prospective economic advantage (28 U.S.C. § 1367).

## Summary Judgment Purpose (Fed. R. Civ. P. 56):

PLEADING TITLE - 3

Exhibit K's **favorable termination** (Bates EX028) confirms the criminal case's dismissal, reinforcing the retaliatory arrest (Exhibits C, E) and prosecution (Exhibit I) as baseless, contradicted by video evidence (Exhibit D), weak pretrial findings (Exhibit H), and Plaintiff's pre-litigation complaint (Exhibit J). The **inconsistent charges** (Exhibit F vs. H, I) and DA's retreat suggest pretext, violating clearly established law. These undisputed facts leave no genuine dispute of material fact—**no reasonable jury could find Defendants' actions justified**—entitling Plaintiff to judgment as a matter of law.

## Qualified Immunity Defeat:

Defendants' actions contravene clearly established rights under *Pearson v. Callahan*, 555 U.S. 223 (2009):

**Violation:** Recording retaliation (*Fordyce, Glik, Irizarry, Nieves, Umbehr*), malicious prosecution (*Thompson*), due process (*Mathews, Parratt*), inhumane treatment (*Kingsley*), late Miranda (*Miranda*).

**Clearly Established:** Rights defined pre-2022 (*Fordyce, Thompson*).

Actions show **objective unreasonableness** (*Kingsley*), not mere negligence. "Security risk" or "good cause" defenses fail under *Soldal* (warrant), *Mathews* (notice), and *Nieves* (retaliation bar) (*Harlow v. Fitzgerald*, 457 U.S. 800, 1982).

## Supporting Evidence:

PLEADING TITLE - 4

Plaintiff recommends an affidavit confirming harm to A&A Towing, Inc., reinforcing economic damages from retaliatory arrest and prosecution, and clarifying dismissal date as circa December 2022.

**Authentication:**

Per Fed. R. Evid. 901, I, Drew J. Ribar, declare under penalty of perjury this Order to Dismiss (Bates EX028) was obtained via discovery in Case No. 22 CR 01231 1C and accurately reflects the dismissal of criminal charges against me circa December 2022.

**Dated: March 27, 2025**

**/s/ Drew J. Ribar**

Drew J. Ribar

3480 Pershing Ln, Washoe Valley, NV 89704

Tel: (775) 223-7899, Email: Const2Audit@gmail.com

2023 DEC 13 PM 4:41

IN THE CARSON CITY JUSTICE COURT
IN AND FOR CARSON CITY, STATE OF NEVADA

STATE OF NEVADA,

    Plaintiff,

v.

DREW J. RIBAR,

    Defendant.

Case No.    22 CR 01231 1C

Dept. No.    I

## ORDER TO DISMISS

UPON MOTION of the Plaintiff, STATE OF NEVADA, by and through counsel, JASON D. WOODBURY, District Attorney and MELISSA ROSENTHAL, Deputy District Attorney in and for Carson City, State of Nevada, and good cause appearing therefore,

IT IS HEREBY ORDERED that the above-captioned case be dismissed.
DATED this ___ day of December, 2023.

_____
JUSTICE COURT JUDGE

EX 028