**EXHIBIT L**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

Drew J. Ribar,
Plaintiff,

v.

State of Nevada ex rel. Nevada Department of Corrections, Carson City, et al.,
Defendants.

Case No. 3:24-cv-00103-ART-CLB

---

**EXHIBIT L – Social Media Deletion Log and Blocked Accounts List**

(Bates Nos. EX029–EX030)

Filed in Support of Amended Complaint and Summary Judgment Motion (Fed. R. Civ. P. 56)

Plaintiff Drew J. Ribar, pro se, submits Exhibit L, comprising two Excel spreadsheets obtained via public records request from Carson City: (1) a Social Media Deletion Log of 33 comments on Carson City Sheriff's Office (CCSO) and Public Works Facebook pages from January 22–23, 2024 (Bates EX029), and (2) a Blocked Accounts List from various Carson City social media pages (Bates EX030). Filed manually as Excel files per LR IC 2-2 with a Notice of Manual Filing, this exhibit stands alone as evidence of Defendants' post-dismissal censorship, while cross-referencing Exhibits C, D, E, F, H, I, J, and K to support Plaintiff's claims and Rule 56 motion.

PLEADING TITLE - 1

## Key Evidence and Legal Violations

| Section | Incident | Legal Relevance | Cross-Reference |
|---|---|---|---|
| **Deletion Log (Bates EX029)** | CCSO deletes 33 comments (1/22–1/23/2024): 28 by Plaintiff alleging Deputy Bueno's "*illegal arrest*" and "*hotbox torture*" (Exhibit C video linked), 5 by others (e.g., Eric Brainer: "*attempted murder*"); Plaintiff threatens lawsuit for censorship (1/22/2024, 15:22:00). | **First Amendment retaliation — censorship of public criticism** (*Knight First Amendment Inst. v. Trump*, 928 F.3d 226 (2d Cir. 2019); *Davison v. Randall*, 912 F.3d 666 (4th Cir. 2019); *Packingham v. North Carolina*, 582 U.S. 98 (2017)); *Monell* custom of suppressing dissent post-arrest (Exhibit F) and dismissal (Exhibit K); ties to retaliation for recording (*Nieves v. Bartlett*, 139 S. Ct. 1715 (2019)). | Exhibit C (01:01:40.583, 01:05:13.333); Exhibit D (0:20:56); Exhibit E (0:01:04–0:01:20); Exhibit F (EX001–EX002); Exhibit J (EX027); Exhibit K (EX028) |
| **Blocked Accounts** | CCSO blocks Plaintiff's "Audit Reno" channel; others blocked across city | **First Amendment violation — blocking public forum access** (*Packingham, Davison*); | Exhibit E (0:01:04–0:01:20); Exhibit J (EX027) |

PLEADING TITLE - 2

| Section (Bates EX030) | Incident | Legal Relevance | Cross-Reference |
|---|---|---|---|
| | pages (e.g., Public Works, Health). | retaliation (*Umbehr*, 518 U.S. 668 (1996)); *Monell* policy of city-wide censorship; economic harm to A&A Towing (*Meyer v. Nebraska*, 262 U.S. 390 (1923)). | |

**Legal Claims Supported**

- **First Amendment (42 U.S.C. § 1983):** Censorship and blocking for criticizing CCSO's actions (Exhibits F, J) violate public forum rights (*Knight, Davison, Packingham, Fordyce, Glik, Irizarry, Nieves, Umbehr, Mack*).

- **Fourth Amendment:** Ongoing retaliation post-dismissal (Exhibit K) continues malicious prosecution (*Thompson, Devenpeck, Soldal*).

- **Fifth Amendment:** Late *Miranda* warning (Exhibit D, 0:20:56), part of arrest context fueling protected speech.

- **Eighth Amendment:** *Hotboxing* as cruel and unusual punishment (*Kingsley*, Exhibit J, EX027), censored from comment section.

- **Fourteenth Amendment:** Due process violations in arrest, pretrial flaws (Exhibit H), censorship (*Mathews, Parratt, Meyer, Lewis*).

- **Municipal Liability:** CCSO/DA custom of retaliation via arrest (Exhibit F), indifference (Exhibit J), abandoned prosecution (Exhibit K), and post-dismissal censorship (Exhibit L), ratified across city agencies (*Monell*).

PLEADING TITLE - 3

- **State Law Claims:** Oppression under color of law (NRS 197.200); interference with economic advantage (28 U.S.C. § 1367).

---

## Summary Judgment Purpose (Fed. R. Civ. P. 56)

Exhibit L's censorship evidence (Bates EX029–EX030) proves Defendants' *ongoing retaliation* post-dismissal (Exhibit K), including deletion of Plaintiff's 28 comments and public critiques of the arrest (Exhibit F) and hotboxing (Exhibit J), and blocking Plaintiff's "Audit Reno" channel. Combined with Exhibits C–K, these undisputed facts—*retaliation, pretextual charges, inhumane treatment, and suppression of speech*—violate clearly established law. No reasonable jury could find Defendants' actions justified, entitling Plaintiff to **summary judgment** on the amended complaint.

---

## Qualified Immunity Defeat

Defendants' actions contravene clearly established rights (*Pearson v. Callahan*, 555 U.S. 223 (2009)):

- **Violations:** Recording retaliation (*Fordyce, Glik, Irizarry, Nieves, Umbehr*), censorship (*Knight, Packingham, Davison, Mack*), malicious prosecution (*Thompson*), due process (*Mathews, Parratt*), inhumane treatment (*Kingsley*), and late *Miranda* (*Miranda v. Arizona*).

PLEADING TITLE - 4

- **Clearly Established:** Rights defined pre-2022. Actions show *objective unreasonableness* (*Kingsley*), not mere negligence. "Security risk" or "moderation" defenses fail under *Knight*, *Nieves*, and *Harlow* (457 U.S. 800 (1982)).

## Authentication

Per **Fed. R. Evid. 901**, I, Drew J. Ribar, declare under penalty of perjury this Social Media Deletion Log (Bates EX029) and Blocked Accounts List (Bates EX030) were obtained via public records request from Carson City and accurately reflect Defendants' censorship actions from January 22–23, 2024.

**Dated:** March 27, 2025

/s/ **Drew J. Ribar**

**Drew J. Ribar**

3480 Pershing Ln, Washoe Valley, NV 89704

Tel: (775) 223-7899, Email: Const2Audit@gmail.com

PLEADING TITLE - 5