# EXHIBIT C

**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA**

DREW J. RIBAR,
Plaintiff,

v.

STATE OF NEVADA ex rel. NEVADA DEPARTMENT OF CORRECTIONS; CARSON CITY; DEPUTY JASON BUENO, in his individual and official capacity; WARDEN FERNANDEIS FRAZIER; SGT. ROBERT SMITH; et al.,

Defendants.

Case No.: 3:24-cv-00103-ART-CLB

**Plaintiff**: Drew J. Ribar, *pro se*

**Address**: 3480 Pershing Ln., Washoe Valley, NV 89704

**Phone**: (775) 223-7899

**Email**: Const2Audit@gmail.com

# EXHIBIT C

PLEADING TITLE - 1

Video Footage – Deputy Jason Bueno Body-Worn Camera

Filed in Support of Plaintiff's Amended Complaint and Motion for Summary Judgment Under Fed. R. Civ. P. 56

## SUMMARY JUDGMENT RELEVANCE

Pursuant to **Fed. R. Civ. P. 56(a)**, this exhibit provides **undisputed material evidence** of Defendants' violations of Plaintiff's rights under:

- **U.S. Constitution**: Amendments I, IV, VIII, XIV
- **Nevada Constitution**: Article 1, §§ 1, 6, 8, 9, 18
- **Federal Law**: 42 U.S.C. § 1983; 18 U.S.C. §§ 241–242
- **Nevada Statutes**: NRS 171.1233, 197.200, 199.310, 200.460, 200.310, 200.481, 200.471, 207.190, 205.2715, 205.220

This exhibit complements Exhibits A and B, proving:

1. **Retaliation** for recording in public (*Fordyce v. Seattle*, 55 F.3d 436 (9th Cir. 1995); *Turner v. Driver*, 848 F.3d 678 (5th Cir. 2017))
2. **Unlawful arrest** without probable cause (*Manuel v. City of Joliet*, 137 S. Ct. 911 (2017); *Thompson v. Clark*, 596 U.S. 36 (2022))
3. **Cruel conditions** via heat exposure (*Hope v. Pelzer*, 536 U.S. 730 (2002); *Farmer v. Brennan*, 511 U.S. 825 (1994))
4. **Due process violations** via property seizure (*Mathews v. Eldridge*, 424 U.S. 319 (1976))

PLEADING TITLE - 2

5. **Municipal liability** for policy/custom (*Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978))

# DESCRIPTION

- **Video Recording**: 37 minutes, 1 second of body-worn camera footage from Deputy Jason Bueno, recorded **August 30, 2022**, at **Northern Nevada Correctional Center (NNCC)**, obtained via discovery in **criminal case No. 22 CR 01231 1C** *(dismissed by order dated [insert date if known])*
- **Format**: Submitted on USB per **Local Rule IC 2-2**, with **Notice of Manual Filing**

# KEY LEGAL VIOLATIONS AND SUPPORTING EVIDENCE

| Timestamp | Incident Summary | Legal Relevance |
| --- | --- | --- |
| 0:01:10 | Sgt. Smith: "Notified deputies" for "exercising his First Amendment rights." | First Amendment retaliation (*Glik v. Cunniffe*, 655 F.3d 78 (1st Cir. 2011); *Fields v. City of Philadelphia*, 862 F.3d 353 (3d Cir. 2017)) |
| 0:01:29 | Sgt. Smith: "No 'no trespassing' signs up." | No probable cause (*Hiibel v. Sixth Judicial Dist. Ct.*, 542 U.S. 177 (2004); NRS 207.200) |
| 0:01:37 | Sgt. Smith: "This is a public roadway, which it is." | Public forum; arrest invalid (*Reed v. Town of Gilbert*, 576 U.S. 155 (2015)) |

PLEADING TITLE - 3

| Timestamp | Incident Summary | Legal Relevance |
|---|---|---|
| 0:02:03 | Sgt. Smith: "We want it gone." | Pretextual intent; Monell custom (*Whren v. United States*, 517 U.S. 806 (1996)) |
| 0:03:34–0:03:49 | Bueno arrives; Frazier: "Trespassing… remove him." | No warning; Fourth Amendment (*Terry v. Ohio*, 392 U.S. 1 (1968)) |
| 0:04:13 | Bueno: "Put your hands behind your back." | Unlawful seizure (*Manuel v. City of Joliet*, supra; NRS 200.460) |
| 0:05:11 | Bueno: "You're being arrested for trespassing." | False arrest (*Thompson v. Clark*, supra) |
| 0:05:19–0:05:37 | AC hose redirects air; Plaintiff in back, no seatbelt, dry shirt. | Eighth Amendment (*Hope v. Pelzer*, supra; *Youngberg v. Romeo*, 457 U.S. 307 (1982)) |
| 0:06:30 | "Tow his truck." | Due process violation (*Mathews v. Eldridge*, supra; NRS 205.2715) |
| 0:07:14 | "Definitely not take photos or whatever." | Retaliation (*Turner v. Driver*, supra; NRS 171.1233) |
| 0:07:56 | AC hose to driver's seat. | Deliberate indifference (*Estelle v. Gamble*, 429 U.S. 97 (1976)) |
| 0:08:13 | Frazier: "Advocacy groups." | Viewpoint discrimination (*Reed v. Town of Gilbert*, supra) |
| 0:10:21–0:10:28 | Window closed, cutting airflow. | Cruel conditions (*Farmer v. Brennan*, supra) |

PLEADING TITLE - 4

| Timestamp | Incident Summary | Legal Relevance |
|---|---|---|
| 0:13:12–0:13:23 | Bueno/Frazier: Audit intent, no paperwork. | Retaliation (*Irizarry v. Yehia*, 38 F.4th 1282 (10th Cir. 2022)) |
| 0:15:43 | Frazier: "Unauthorized videos." | Mischaracterization (*Fields v. City of Philadelphia*, supra) |
| 0:24:55–0:32:36 | Bueno cools himself with AC hose. | Eighth Amendment (*Wilson v. Seiter*, 501 U.S. 294 (1991)) |
| **0:33:34** | Plaintiff exits, sweating profusely, shirt soaked. | Visual proof of distress (*Youngberg v. Romeo*, supra) |
| **0:34:45** | Bueno: "Got a little sweaty back there." | Admission of conditions (*Farmer v. Brennan*, supra) |
| 0:34:51 | Plaintiff: "Trying to hot box me." | Eighth Amendment (*Hope v. Pelzer*, supra) |
| 0:35:23 | Plaintiff cites *Irizarry v. Yehia*. | Legal awareness strengthens claim |
| 0:36:02 | Plaintiff: "Nobody asked me to identify." | Negates obstruction (*Hiibel v. Sixth Judicial Dist. Ct.*, supra) |
| 0:37:01 | Bueno: "Get you all dried up…" | Acknowledgment of distress (*Estelle v. Gamble*, supra) |

*Footnote*: All timestamps are included for completeness; **bolded entries** (0:33:34, 0:34:45) are pivotal visual and verbal admissions. See *Youngberg v. Romeo*, 457 U.S. 307 (1982) (conditions of confinement must not impose undue hardship).

PLEADING TITLE - 5

## LEGAL CLAIMS SUPPORTED

1. **First Amendment Retaliation**: Arrest for recording (*Fordyce, Glik, Turner, Fields, Irizarry*; NRS 171.1233)

2. **Fourth Amendment False Arrest**: No probable cause (*Manuel, Thompson, Hiibel*; NRS 200.460, 200.310)

3. **Eighth Amendment Cruel Conditions**: Heat exposure (*Hope, Farmer, Youngberg, Estelle*; NRS 200.481, 200.471)

4. **Fourteenth Amendment Due Process**: Truck towed (*Mathews, Lugar v. Edmondson Oil Co.*, 457 U.S. 922 (1982); NRS 205.2715, 205.220)

5. **State Torts**: False imprisonment, coercion, malicious prosecution (*Iqbal v. Ashcroft*, 556 U.S. 662 (2009); NRS 197.200, 207.190, 199.310)

## QUALIFIED IMMUNITY ANALYSIS

Defendants' actions violate **clearly established law in the Ninth Circuit**:

- **Recording**: *Fordyce* (1995), *Glik* (2011), *Turner* (2017), *Fields* (2017), *Irizarry* (2022)
- **False Arrest**: *Hiibel* (2004), *Manuel* (2017), *Thompson* (2022)
- **Conditions**: *Hope* (2002), *Farmer* (1994), *Estelle* (1976)

PLEADING TITLE - 6

Officers' statements (e.g., *"no signs"*, *"sweaty back there"*) show **knowledge of illegality**, defeating qualified immunity (*Harlow v. Fitzgerald*, 457 U.S. 800 (1982)).

## AUTHENTICATION

Under **Fed. R. Evid. 901, 1002**, and **28 U.S.C. § 1746**, I, **Drew J. Ribar**, declare under penalty of perjury that this video from **Deputy Jason Bueno's body camera**, obtained via discovery (*Case No. 22 CR 01231 1C*), **accurately depicts events on August 30, 2022**, at NNCC.

**DATED**: March 27, 2025

/s/ **Drew J. Ribar**

Drew J. Ribar, Pro Se

3480 Pershing Ln., Washoe Valley, NV 89704

(775) 223-7899 | Const2Audit@gmail.com

PLEADING TITLE - 7