Katherine F. Parks, Esq.
Nevada Bar No. 6227
Thorndal Armstrong, PC
6590 S. McCarran Blvd., Suite B
Reno, Nevada 89509
Tel: (775) 786-2882
kfp@thorndal.com
Attorney for Defendants
CARSON CITY, JASON BUENO, SEAN PALAMAR, TJ BOGGAN,
JASON WOODBURY, and KENNETH FURLONG

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DREW J. RIBAR,<br><br>          Plaintiff,<br><br>vs.<br><br>STATE OF NEVADA EX. REL. NEVADA DEPARTMENT OF CORRECTIONS; CARSON CITY; SHERIFF KENNETH FURLONG, in his official and individual capacities; DEPUTY JASON BUENO, in his official and individual capacities; DEPUTY SEAN PALAMAR, in his individual capacity; SGT. ROBERT SMITH, in his individual capacity; SGT. FERNANDEIS FRAZIER, in his individual capacity; SGT. TJ BOGGAN, in his official and individual capacities; DISTRICT ATTORNEY JASON WOODBURY, in his official capacity; and DOES 1-10,<br><br>          Defendants. | Case No.   3:24-cv-00103-ART-CLB<br><br>**ANSWER TO FIRST AMENDED COMPLAINT** |

COME NOW Defendants, CARSON CITY, JASON BUENO, SEAN PALAMAR, TJ BOGGAN, JASON WOODBURY, and KENNETH FURLONG, by and through their attorneys, Thorndal Armstrong, PC, and in answer to Plaintiff's First Amended Complaint, hereby admit, deny and allege as follows:

**FIRST DEFENSE**

**INTRODUCTION**

1.   Defendants deny the allegations contained in the first paragraph of the

- 1 -

"Introduction" section of Plaintiff's First Amended Complaint.

2. Defendants deny the allegations contained in the second paragraph of the "Introduction" section of Plaintiff's First Amended Complaint.

3. Defendants deny the allegations contained in the third paragraph of the "Introduction" section of Plaintiff's First Amended Complaint.

**JURISDICTION AND VENUE**

1. Defendants admit the allegations contained in the first paragraph of the "Jurisdiction and Venue" section of Plaintiff's First Amended Complaint.

2. Defendants admit the allegations contained in the second paragraph of the "Jurisdiction and Venue" section of Plaintiff's First Amended Complaint.

**PARTIES**

1. Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in the first paragraph of the "Parties" section of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

2. In answer to the second paragraph of the "Parties" section of Plaintiff's First Amended Complaint, the allegations contained therein do not apply to these Defendants.  In the event the allegations in the second paragraph were deemed to apply to these answering Defendants, Defendants deny same.

3. Defendants admit that Carson City is a political subdivision of the State of Nevada and deny the remaining allegations contained in the third paragraph of the "Parties" section of Plaintiff's First Amended Complaint.

4. Defendants admit that Sheriff Kenneth Furlong is the elected Sheriff of Carson City who is responsible for oversight of the CCSO and deny any remaining allegations contained in the fourth paragraph of the "Parties" section of Plaintiff's First Amended Complaint.

5. Defendants deny the allegations contained in the fifth paragraph of the "Parties" section of Plaintiff's First Amended Complaint.

6. Defendants deny the allegations contained in the sixth paragraph of the "Parties" section of Plaintiff's First Amended Complaint.

1       7.      In answer to the seventh paragraph of the "Parties" section of Plaintiff's First Amended Complaint, the allegations contained therein do not apply to these Defendants. In the event the allegations in the seventh paragraph were deemed to apply to these answering Defendants, Defendants deny same.

         8.      In answer to the eighth paragraph of the "Parties" section of Plaintiff's First Amended Complaint, the allegations contained therein do not apply to these Defendants. In the event the allegations in the eighth paragraph were deemed to apply to these answering Defendants, Defendants deny same.

         9.      Defendants deny the allegations contained in the ninth paragraph of the "Parties" section of Plaintiff's First Amended Complaint.

         10.     Defendants deny the allegations contained in the tenth paragraph of the "Parties" section of Plaintiff's First Amended Complaint.

         11.     Defendants deny the allegations contained in the eleventh paragraph of the "Parties" section of Plaintiff's First Amended Complaint.

**FACTUAL ALLEGATIONS**

**August 30, 2022 Incident**

         1.      Defendants deny the allegations contained in the first paragraph of the "August 30, 2022 Incident" section of Plaintiff's First Amended Complaint.

         2.      Defendants deny the allegations contained in the second paragraph of the "August 30, 2022 Incident" section of Plaintiff's First Amended Complaint.

         3.      In answer to the third paragraph of the "August 30, 2022 Incident" section of Plaintiff's First Amended Complaint, the allegations contained therein do not apply to these Defendants. In the event the allegations in the third paragraph were deemed to apply to these answering Defendants, Defendants deny same.

         4.      Defendants deny the allegations contained in the fourth paragraph of the "August 30, 2022 Incident" section of Plaintiff's First Amended Complaint.

         5.      Defendants deny the allegations contained in the fifth paragraph of the "August 30, 2022 Incident" section of Plaintiff's First Amended Complaint.

6. Defendants deny the allegations contained in the sixth paragraph of the "August 30, 2022 Incident" section of Plaintiff's First Amended Complaint.

7. Defendants deny the allegations contained in the seventh paragraph of the "August 30, 2022 Incident" section of Plaintiff's First Amended Complaint.

8. Defendants deny the allegations contained in the eighth paragraph of the "August 30, 2022 Incident" section of Plaintiff's First Amended Complaint.

9. Defendants deny the allegations contained in the ninth paragraph of the "August 30, 2022 Incident" section of Plaintiff's First Amended Complaint.

**Social Media Censorship**

1. Defendants deny the allegations contained in the first paragraph of the "Social Media Censorship" section of Plaintiff's First Amended Complaint.

2. Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in the second paragraph of the "Social Media Censorship" section of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

3. In answer to the third paragraph in the "Social Media Censorship" section of Plaintiff's First Amended Complaint, Defendants admit that Plaintiff appears to have sent an email to Ken Furlong and Jason Woodbury dated January 19, 2024, and deny any further allegations or implications in same.

4. Defendants deny the allegations contained in the fourth paragraph of the "Social Media Censorship" section of Plaintiff's First Amended Complaint.

5. Defendants deny the allegations contained in the fifth paragraph of the "Social Media Censorship" section of Plaintiff's First Amended Complaint.

**March 20, 2025 Incident**

1. Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in the first paragraph of the "March 20, 2025 Incident" section of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

1  2. Defendants deny the allegations contained in the second paragraph of the "March
2  20, 2025 Incident" section of Plaintiff's First Amended Complaint.
3  3. Defendants deny the allegations contained in the third paragraph of the "March
4  20, 2025 Incident" section of Plaintiff's First Amended Complaint.
5  4. Defendants deny the allegations contained in the fourth paragraph of the "March
6  20, 2025 Incident" section of Plaintiff's First Amended Complaint.
7  5. Defendants deny the allegations contained in the fifth paragraph of the "March
8  20, 2025 Incident" section of Plaintiff's First Amended Complaint.

9 **CAUSES OF ACTION**

10 **Count I – First Amendment Retaliation (42 U.S.C. § 1983) – All Defendants**

11 Defendants deny the allegations contained in Count I of Plaintiff's First Amended
12 Complaint.

13 **Count II – Fourth Amendment Seizures (42 U.S.C. § 1983 – Bueno, Palamar, Smith,**
14 **Frazier, Boggan**

15 Defendants deny the allegations contained in Count II of Plaintiff's First Amended
16 Complaint.

17 **Count III – Fourteenth Amendment Excessive Force (42 U.S.C. § 1983) – Bueno**

18 Defendants deny the allegations contained in Count III of Plaintiff's First Amended
19 Complaint.

20 **Count IV – Fourteenth Amendment Due Process (42 U.S.C. § 1983) – All Defendants**

21 Defendants deny the allegations contained in Count IV of Plaintiff's First Amended
22 Complaint.

23 **Count V – Monell Liability (42 U.S.C. § 1983) – Carson City, Furlong, Woodbury**

24 Defendants deny the allegations contained in Count V of Plaintiff's First Amended
25 Complaint.

26 **Count VI – Conspiracy to Violate Civil Rights (42 U.S.C. § 1983 & 1985(3)) – Bueno,**
27 **Palamar, Smith, Frazier**

28 Defendants deny the allegations contained in Count VI of Plaintiff's First Amended

1  Complaint.

2  **Count VII – State Law Claims (28 U.S.C. § 1367)**

3         1.      Defendants deny the allegations contained in the first paragraph of Count VII of
4  Plaintiff's First Amended Complaint.

5         2.      Defendants deny the allegations contained in the second paragraph of Count VII
6  of Plaintiff's First Amended Complaint.

7         3.      Defendants deny the allegations contained in the third paragraph of Count VII of
8  Plaintiff's First Amended Complaint.

9                                          **SECOND DEFENSE**

10       Plaintiff's Complaint on file herein fails to state a claim against these Defendants upon
11  which relief can be granted.

12                                          **THIRD DEFENSE**

13       At all times and places alleged in Plaintiff's Complaint, the negligence, misconduct, and
14  fault of Plaintiff exceeds that of these Defendants, if any, and Plaintiff is thereby barred from any
15  recovery against these Defendants.

16                                         **FOURTH DEFENSE**

17       The occurrence referred to in Plaintiff's Complaint, and all damages, if any, arising
18  therefrom, were caused by the acts or omissions of a third person or persons over whom these
19  Defendants had no control.

20                                          **FIFTH DEFENSE**

21       It has been necessary for Defendants to employ the services of an attorney to defend this
22  action, and a reasonable sum should be allowed Defendants as and for attorney's fees, together
23  with their costs expended in this action.

24                                          **SIXTH DEFENSE**

25       Upon information and belief, Plaintiff has failed to mitigate his damages.

26                                        **SEVENTH DEFENSE**

27        Defendants' alleged actions or omissions were taken with due care in the execution of
28  the statutes and regulations, and, therefore, Defendants are statutorily immune from this action.

**EIGHTH DEFENSE**

Defendants' alleged actions or omissions occurred in the exercise or performance of discretionary functions and duties, and, therefore, Defendants are statutorily immune from this action.

**NINTH DEFENSE**

An award of punitive damages against Defendants would be violative of the Fifth Amendment of the United States Constitution in that there is no assurance against multiple, unrestrained punishment in the form of punitive damages. Such an award of punitive damages would be violative of the double jeopardy provisions of the Nevada Constitution, Art. I, §8.

**TENTH DEFENSE**

An award of punitive damages against Defendants would be violative of the due process clause of the United States Constitution, the Fourteenth Amendment, §1, and violative of the due process clause of the Nevada Constitution, Art. I, §8.

**ELEVENTH DEFENSE**

An award of punitive damages against Defendants would constitute an undue burden upon interstate commerce and violate the interstate commerce clause of the United States Constitution, Art. I, §8.

**TWELFTH DEFENSE**

An award of punitive damages against Defendants would constitute an excessive fine violative of the Nevada Constitution, Art. I, §7.

**THIRTEENTH DEFENSE**

An award of punitive damages against Defendants should be barred since Plaintiff cannot establish that Defendants had an "evil mind" and "conducted themselves in an aggravated and outrageous manner."

**FOURTEENTH DEFENSE**

The burden of proof on punitive damages should be by clear and convincing evidence.

///

///

### FIFTEENTH DEFENSE

The negligence of Plaintiff caused or contributed to any injuries or damages the Plaintiff may have sustained and the negligence of Plaintiff in comparison with the negligence of Defendants, if any, requires that the damages of Plaintiff be denied or be diminished to the amount of negligence attributable to Plaintiff.

### SIXTEENTH DEFENSE

The damages recoverable against these Defendants, if any, are limited by the provisions of NRS 41.035.

### SEVENTEENTH DEFENSE

The Defendants are entitled to absolute prosecutorial immunity from suit for all claims premised upon 42 USC Section 1983.

### EIGHTEENTH DEFENSE

The Defendants are entitled to qualified immunity from suit for all claims premised upon 42 USC 1983.

### NINETEENTH DEFENSE

No custom or policy existed in Carson City which was the moving force behind a violation of Plaintiff's constitutional rights.

### TWENTIETH DEFENSE

No punitive damages are recoverable against Carson City pursuant to 42 U.S.C. Section 1988.

### TWENTY-FIRST DEFENSE

Kenneth Furlong and Jason Woodbury are entitled to dismissal based on the lack of any allegations of their personal involvement in any violation of the Plaintiff's constitutional rights.

### .TWENTY-SECOND DEFENSE

Pursuant to FRCP 11, as amended, all possible affirmative defenses may not have been alleged herein insofar as sufficient facts were not available after reasonable inquiry upon the filing of Defendants' answer, and therefore Defendants reserve the right to amend this answer to allege additional affirmative defenses if subsequent investigation warrants.

1  WHEREFORE, Defendants pray:

2  1. That Plaintiff's First Amended Complaint be dismissed with prejudice and that
3  they take nothing thereby;

4  2. That Defendants be awarded a reasonable attorney's fee and costs of suit; and

5  3. For such other and further relief as this Court deems just and proper.

6  DATED this 15th day of May, 2025.

                          THORNDAL ARMSTRONG, PC

                          By:   */s/ Katherine Parks*
                                  KATHERINE F. PARKS, ESQ.
                                  Nevada Bar No. 6227
                                  6590 S. McCarran Blvd., Suite B
                                  Reno, Nevada 89509
                                  Attorney for Defendants
                                  CARSON CITY, JASON BUENO, SEAN PALAMAR, TJ BOGGAN, JASON WOODBURY, and KENNETH FURLONG

1 **CERTIFICATE OF SERVICE**

2       Pursuant to FRCP 5(b), I certify that I am an employee of Thorndal Armstrong, PC, and

3 that on this date I caused the foregoing ANSWER TO FIRST AMENDED COMPLAINT to be

4 served on all parties to this action by:

5   _X_   placing an original or true copy thereof in a sealed, postage prepaid, envelope in the

6 United States mail at Reno, Nevada.

7 _____ United States District Court CM/ECF Electronic Filing Process

8 _____ hand delivery

9 _____ electronic means (fax, electronic mail, etc.)

10 _____ Federal Express/UPS or other overnight delivery

11 fully addressed as follows:

12
Drew J. Ribar
3480 Pershing Ln
13 Washoe Valley, NV  89704
Pro Se Plaintiff
14

15

16       DATED this 15th day of May, 2025.

17

18                                                   /s/ Laura Bautista
An employee of Thorndal Armstrong, PC