AARON D. FORD
  Attorney General
DOUGLAS R. RANDS, Bar No. 3572
  Senior Deputy Attorney General
State of Nevada
100 N. Carson Street
Carson City, Nevada 89701-4717
Tel: (775) 684-1150
E-mail:  drands@ag.nv.gov

*Attorneys for Defendants Nevada Department
of Corrections and Robert Smith*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| DREW J. RIBAR,<br><br>                Plaintiff,<br><br>v.<br><br>STATE OF NEVADA DEPARTMENT OF CORRECTIONS, et al,<br><br>                Defendants. | Case No.  3:24-cv-00103-ART-CLB<br><br>**DEFENDANT NEVADA DEPARTMENT OF CORRECTIONS AND ROBERT SMITH'S MOTION TO DISMISS** |

      Defendants Nevada Department of Corrections and Robert Smith, by and through counsel, Aaron D. Ford, Attorney General of the State of Nevada, and Douglas R. Rands, Senior Deputy Attorney General, hereby pursuant to Fed. R. Civ. P. (FRCP) 12(b)(6), hereby move for dismissal of Claims One, Four and Seven of the First Amended Civil Rights Complaint. (ECF No. 47)

**I.    INTRODUCTION**

      Plaintiff Drew Ribar (Ribar) claims staff at Northern Nevada Correctional Center (NNCC) have worked with local law enforcement to have him arrested while on the property of NNCC.  In the First Amended Complaint (ECF No. 47), Ribar sues the Nevada Department of Corrections, Fernandeis Frazier, a prior warden, and Robert Smith, an NDOC employee.  Warden Frazier has not yet been served, but many of the arguments will apply to him, also.

      Ribar's claims fail for several reasons. First, Ribar's State law claims fail for lack of personal and subject matter jurisdiction. The Defendant State of Nevada *ex rel*. NDOC (NDOC) should be dismissed from the First Amended Complaint (FAC) with prejudice as to the Federal claims. Secondly, because the State of Nevada *ex rel*. NDOC is an indispensable party to the state claims

1

raised in this case, those claims must also be dismissed on Eleventh Amendment grounds as NDOC has not waived its Eleventh Amendment immunity nor has Congress abrogated the Eleventh Amendment in the context of solely state claims.

## II. PROCEDURAL HISTORY BACKGROUND

Ribar filed his original complaint in Nevada State Court on January 29, 2024. On February 29, 2024, the Carson City defendants filed a Petition for Removal to Federal Court. (ECF No. 1) This petition was not joined by the State of Nevada nor Mr. Smith. The State of Nevada and Mr. Smith were served with a copy of the First Amended Complaint on July 8, 2025. (ECF No. 50)

The amended complaint asserts seven causes of action. The first is for alleged retaliation under the First Amendment against all Defendants. (ECF No. 47 at 5) The second claim is for alleged Fourth Amendment violations, not against the State of Nevada. The third is for alleged Fourteenth Amendment violations against Defendant Bueno, only. The fourth is for alleged Fourteenth Amendment violations against all Defendants. The fifth is for alleged *Monell* claims not against the State of Nevada nor Mr. Smith. The sixth is for alleged conspiracy to violate civil rights, not against the State of Nevada. The seventh is for alleged state law claims. The State of Nevada *ex rel*. Department of Corrections is not a proper defendant for any of the claims.

## III. LEGAL STANDARD

A complaint does not have to contain "detailed factual allegations," but must contain more than an unadorned "the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted), citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Supreme Court has explained:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Id*. (internal citations omitted).

In deciding a motion to dismiss, courts "must accept all well-pleaded factual allegations as true." *Siaperas v. Mont. State Comp. Ins. Fund*, 480 F.3d 1001, 1003 (9th Cir. 2007) (internal quotation omitted). However, courts must also "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

While as a general rule, "a district court may not consider materials not originally included in the pleadings in deciding a Rule 12 motion…it may take judicial notice of matters of 'public record' and consider them without converting a Rule 12 motion into one for summary judgment." *U.S. v. 14.02 Acres of Land More or Less in Fresno County*, 547 F.3d 943, 955 (9th Cir. 2008) (citation omitted). Those items found in this Court's civil docket are matters of public record which can and should be considered in deciding a Rule 12 motion to dismiss. *See San Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1101-02 (9th Cir. 1999) (recognizing under the common law a presumption of public access to judicial records filed in civil cases). "In *Nixon v. Warner Communications*, 435 U.S. 589 (1978), the Supreme Court recognized a federal common law right 'to inspect and copy public records and documents.' Federal appellate courts have uniformly concluded that this common law right extends to both criminal and civil cases." *Id.* at 1102.

## IV.  ARGUMENT

### 1.  The Eleventh Amendment Bars Ribar's Claims against the NDOC

As a threshold matter, Plaintiff's section 1983 claim against NDOC is barred by the Eleventh Amendment of the United States Constitution. The Eleventh Amendment bars suits against the State or its agencies for all types of monetary relief, absent unequivocal consent by the state or congressional abrogation. *Romano v. Bible*, 169 F.3d 1182, 1185 (9th Cir.1999). Nevada has not consented to suit by expressly waiving its Eleventh Amendment immunity. NRS § 41.031(3). NDOC, as a state agency, is therefore shielded from section 1983 liability under the Eleventh Amendment. See *Stivers v. Pierce*, 71 F.3d 732, 749 (9th Cir.1995) (section 1983 does not abrogate Eleventh Amendment immunity against a state). The Eleventh Amendment also bars Plaintiff's section 1983 claim against the individual defendants in their official capacities. See *Aholelei v. Dep't of Public*

*Safety*, 488 F.3d 1144, 1147 (9th Cir.2007) ("The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities."); *Romano*, 169 F.3d at 1185. The NDOC did not consent to removal to Federal Court. Accordingly, Defendants' motion to dismiss should be granted with respect to Plaintiff's section 1983 claim for damages against NDOC and against the individual defendants in their official capacities.

### 2. The Eleventh Amendment Bars Ribar's State Claims

By statute, the State of Nevada has waived its sovereign immunity from civil liability for tort claims. *Craig v. Donnelly*, 135 Nev. 37, 39 (Nev. App. 2019) (citing NRS 41.031). A plaintiff must properly invoke that waiver, or the district court *must* dismiss the action for lack of subject matter jurisdiction. *Id.* at 39-40, (emphasis added). Sovereign immunity is not waived simply because a plaintiff wishes it to be. Instead, only the Legislature has the power to waive sovereign immunity, and they have done so "unless an express exception to the waiver applies to restore that immunity." *Mack v. Williams*, 522 P.3d 434, 451 (2022).

The State of Nevada has waived its sovereign immunity from civil liability in limited circumstances, but for that immunity to be waived, NRS 41.031 mandates that a plaintiff must name "the State of Nevada on relation of the particular department, commission, board or other agency of the State whose actions are the basis for the suit." NRS 41.031(2). The Nevada Legislature was *very* clear when it enacted NRS 41.0337: a plaintiff must comply with the appropriate naming convention to fully invoke NRS 41.031's waiver of sovereign immunity in order to bring suit against the State and its actors. NRS 41.0337(1)-(2). The Nevada Court of Appeals has also confirmed this is a mandatory requirement that must be complied with by a plaintiff. *Craig*, 135 Nev. at 39. Nevada courts have clarified that failure to include this explicit requirement in a complaint makes the complaint *void ab initio*, and therefore it cannot be amended. *Washoe Med. Ctr. v. Second Jud. Dist. Ct. of State of Nev. ex rel. Cnty. of Washoe*, 122 Nev. 1298, 1304 (2006).

Accordingly, because the State of Nevada must be named as a party under NRS 41.031 and NRS 41.0337, but is immune from suit in federal court, the district court lacks jurisdiction over state law claims against state actors. *See Hirst v. Gertzen*, 676 F.2d 1252, 1264 (9th Cir. 1982) (holding that where state law deemed state governmental entities indispensable parties in a state law claim

against a state employee, the federal court had no jurisdiction over the state law claim because the court had no jurisdiction over the indispensable party). Therefore, while Nevada has waived its sovereign immunity as it relates to state claims brought against the State of Nevada and its employees, it's explicit preservation of Eleventh Amendment immunity and procedural requirements for filing actions against the state for state constitutional violations effectuate a procedural bar to suit in Federal Court. N.R.S. 41.031 (explicitly preserves the state's Eleventh Amendment immunity, indicating Nevada has not consented to be sued in federal court for state constitutional claims) and *O'Connor v. State of Nevada*, 686 F.2d 749, 750 (9th Cir. 1982) (citing NRS 41.031(3)) ("Nevada has explicitly refused to waive its immunity to suit under the eleventh amendment.").

"The Supreme Court has made it clear that section 1983 does not constitute an abrogation of the eleventh amendment immunity of the states." *Id.* (citing *Quern v. Jordan*, 440 U.S. 332, 338-41 (1979)). The Nevada Supreme Court's decision in *Mack* does not apply to Plaintiff's § 1983 claims, and Nevada has not otherwise waived its Eleventh Amendment immunity. *Bobadilla v. Nevada ex rel. Dep't of Prob. & Parole*, 223CV00723GMNDJA, 2024 WL 81386, at *3 (D. Nev. Jan. 5, 2024). "For this reason, the Court finds that Plaintiff must raise his state-law claims in state court and dismisses those claims accordingly." *Mason v. Rigney*, No. 2:23-cv-00676-RFB-BNW, 2023 WL 10680010, at *7 (D. Nev. Dec. 12, 2023) (citing *Hirst v. Gertzen*, 676 F.2d 1252, 1264 (9th Cir. 1982) (holding that, where Montana law deemed governmental entities indispensable parties in a state tort claim against a county employee, the federal court had no supplemental jurisdiction over the state tort claim if it had no jurisdiction over the indispensable party)).

In *Cruz v. Decker*, the court stated "the relevant party was either the Nevada Division of Industrial Relations ('DIR'), a state agency, or Decker in his official capacity as the DIR Administrator, *which is the same thing*." 840 F. App'x 240, 241 (9th Cir. 2021) (*See Craig v. Donnelly*, 439 P.3d 413, 416 (Nev. Ct. App. 2019) ("[W]hen state officials or employees are sued in their official capacities, such actions are truly against the office, not the individual, such that the action is effectively against the state itself." (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989)). Thus, the State of Nevada, an indispensable party to this action, is immune from suit on the state law claims in Federal Court. Therefore, since NDOC is an

indispensable party in a state tort claim against NDOC employees, the federal court has no jurisdiction over the indispensable party, and as such, Ribar's claims must be dismissed, and Ribar must raise his claims in state court.

## V. CONCLUSION

This Court should dismiss Claims One, Four and Seven of the First Amended Civil Rights Complaint, as to the Nevada Department of Corrections pursuant to Federal Rule of Civil Procedure 12(b)(6). The State of Nevada is not a proper Defendant in this action. The State law claims fail because even if the Court properly dismisses Defendant State of Nevada ex rel NDOC (NDOC) from the First Amended Complaint (FAC) with prejudice as to the Federal claims, said Defendant is an indispensable party to the Nevada Constitutional claims herein, NDOC has not waived its Eleventh Amendment sovereign immunity, and as such is immune from monetary relief for tort claims in Federal Court.

Therefore, Claims One, Four and Seven of the First Amended Civil Rights Complaint should be dismissed, based on the law and argument outlined above.

DATED this 4th day of August 2025.

AARON D. FORD
Attorney General

By: */s/ Douglas R. Rands*
DOUGLAS R. RANDS, Bar No. 3572
Senior Deputy Attorney General

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I certify that I am an employee of the State of Nevada, Office of the Attorney General, and that on, 2025, I electronically filed the foregoing, **DEFENDANT NEVADA DEPARTMENT OF CORRECTIONS AND ROBERT SMITH'S MOTION TO DISMISS,** via this Court's electronic filing system. Parties that are registered with this Court's electronic filing system will be served electronically. For those parties not registered, service was made by depositing a copy for mailing in the United States Mail, first-class postage prepaid, at Carson City, Nevada, addressed to the following:

> Drew J. Ribar
> 3480 Pershing Lane
> Washoe Valley, NV  89704

/s/ *Tammy Steele*
An employee of the
Office of the Nevada Attorney General