UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DREW RIBAR,<br><br>                    Plaintiff,<br><br>       v.<br><br>NEVADA DEPARTMENT OF<br>CORRECTIONS, et al,<br><br>                    Defendants. | Case No. 3:24-cv-00103-ART-CLB<br><br>ORDER GRANTING IN PART<br>DEFENDANTS NEVADA<br>DEPARTMENT OF CORRECTIONS<br>AND ROBERT SMITH'S MOTION TO<br>DISMISS (ECF No. 52) |

Plaintiff Drew Ribar brings this suit against Defendants Nevada Department of Corrections ("NDOC"), Sergeants Robert Smith, Fernandeis Frazier, TJ Boggan, Deputies Jason Bueno and Sean Palamar, District Attorney Jason Woodbury, and Does 1-10. (ECF No. 47.) The Amended Complaint alleges retaliation under the First Amendment against all Defendants, Fourth Amendment violations against Defendants Bueno, Palamar, Smith, Fraizer, and Boggan, a Fourteenth Amendment excessive force claim against Defendant Bueno, a Fourteenth Amendment due process claim against all Defendants, a *Monell* claim against Defendants Carson City, Furlong, and Woodbury, and a section 1983 conspiracy to violate civil rights claim against Defendants Bueno, Palamar, Smith, and Frazier. (*Id.*)

At issue in this order is Defendants NDOC and Robert Smith's Motion to Dismiss Claims One, Four, and Seven of the First Amended Complaint. (ECF No. 52.) Defendants acknowledge that at the time of filing, Defendant Frazier had not yet been properly served, but that its arguments would also apply to him. Defendants will need to file a separate motion to address claims against Defendant Frazier. Plaintiff filed for leave to file an opposition to the Motion to Dismiss, which is granted. (ECF No. 55.)

## I.    Legal Standard

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pleaded complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. A complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Under this standard, a district court must accept as true all well-pleaded factual allegations in the complaint and determine whether those factual allegations state a plausible claim for relief. *Id.* at 678–79.

## II.    Analysis

### a.  Section 1983 Claim: NDOC

Absent a waiver, the State of Nevada is generally immune from suit in federal court under the Eleventh Amendment. NRS 41.031(1). The Court dismisses Mr. Ribar's section 1983 claim against NDOC for damages with prejudice because NDOC is an arm of the State of Nevada and is not a "person" for the purposes of 42 U.S.C. § 1983. *See Doe v. Lawrence Livermore Nat. Lab.*, 131 F.3d 836, 839 (9th Cir. 1997); *Black v. Nev. Dep't of Corr.*, 2:09-cv-2343-PMP-LRL, 2010 WL 2545760, *2 (D. Nev. June 21, 2010).

The Court notes that Mr. Ribar requests injunctive relief in the form of "enjoin[ing] Defendants from detaining individuals for recording in public spaces and censoring social media speech." (ECF No. 47 at 8.) To state a claim for injunctive relief against the state, a plaintiff must "identify the law or policy

2

challenged as a constitutional violation and name the official within the entity who can appropriately respond to injunctive relief." *Colwell v. Bannister*, 763 F.3d 1060, 1070 (9th Cir. 2014) (citing *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1127 (9th Cir.2013)). Because Defendants do not dispute the sufficiency of Mr. Ribar's claims against Defendant NDOC for injunctive relief, this claim survives.

### b. Section 1983 Claim: Smith

Officials can be sued in their individual capacities under § 1983. To adequately plead a government official's personal liability, plaintiffs must plead facts from which a court could reasonably infer (1) that the official was personally involved in the alleged constitutional deprivation or (2) the existence of a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Rogers v. Las Vegas Metropolitan Police Dept.*, 764 F. Supp. 3d 971, 976 (D. Nev. 2025) (citing *Gardner v. City of Las Vegas*, 2017 WL 3087276, at *3 (D. Nev. Jul. 20, 2017)). Therefore, because Defendants do not dispute the sufficiency of Mr. Ribar's claims against Defendant Smith in his individual capacity, this claim survives.

### c. Oppression Under Color of Law NRS 197.200

Nevada Revised Statute § 197.200 is a criminal statute which prohibits oppression under color of office. NRS § 197.200 cannot be enforced by private civil action. *Collins v. Palczewski*, 841 F. Supp. 333, 340 (D. Nev. 1993) ("[section] 197.200 is strictly criminal in nature and possess no civil implications"). Therefore, this claim is dismissed with prejudice as to all Defendants.

### d. False Imprisonment NRS 200.460

Nevada Revised Statute § 200.460 is also a criminal statute, which makes false imprisonment a felony, but does not create a civil cause of action. *Sykes v. Las Vegas Metropolitan Police Dept.*, No. 2:21-cv-01479 2021 WL 5799381, at *4 (D. Nev. Dec. 3, 2021) ("NRS 200.460 is a criminal statute which makes false

imprisonment a felony but does not create a civil cause of action"). Therefore, this claim is dismissed with prejudice as to all Defendants.

### III.   Conclusion

It is therefore ordered that the Motion to Dismiss (ECF No. 52) is GRANTED WITH PREJUDICE as to Defendant NDOC for Counts One and Four to the extent Plaintiff requests damages.

It is further ordered that the Motion to Dismiss (ECF No. 52) is GRANTED WITH PREJUDICE as to all Defendants as it relates to NRS §§ 197.200 and 200.460.

It is further ordered that Defendant's Motion to Dismiss (ECF No. 52) is DENIED as to its claim against Defendant NDOC for injunctive relief and Defendant Smith in his individual capacity for Count One and Four.

Dated this 15th day of January, 2026.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

4